IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>THE UNITED STATES VIRGIN ISLANDS,<br><br>Plaintiffs,<br><br>v.<br><br>HOVENSA L.L.C.,<br><br>Defendant. | ) | Civil Action No. 1-11-cv-06 (RAM/GWC) |

**UNOPPOSED MOTION FOR HEARING ON MOTION TO ENTER FIRST MODIFICATION OF THE CONSENT DECREE**

The United States of America, on behalf of the United States Environmental Protection Agency (EPA), hereby submits the following *Motion for Hearing on Motion to Enter First Modification of Consent Decree* to provide the Court with an update on recent events relating to the Refinery and to advise the Court that the recent events do not change the United States' position with respect to its *Motion to Enter the First Modification of the Consent Decree* (*Motion to Enter*). (ECF Doc. 21). The *Motion to Enter* should be granted.

Pursuant to Local Rule 7.1(f), the United States sought concurrence from all parties. All parties have concurred in the filing of this motion.

**BACKGROUND**

1. 2011 Consent Decree

On June 7, 2011, the Court entered a Consent Decree (*2011 Consent Decree*) resolving claims by the United States and the United States Virgin Islands against HOVENSA

L.L.C. for alleged violations of Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), and territorial law at the HOVENSA Refinery located in St. Croix, United States Virgin Islands. (ECF Doc. 6). As defined in the *2011 Consent Decree*, the term "Refinery" encompasses both the petroleum refinery and the marine terminal that comprised the HOVENSA Refinery. Paragraph 7 of the *2011 Consent Decree* required HOVENSA to condition any transfer of ownership or operation of the Refinery "upon the execution by the transferee of a modification to this Consent Decree, which makes the terms and conditions of this Consent Decree applicable to the transferee."

On January 18, 2012, HOVENSA announced plans to idle the petroleum process units at the Refinery. At the time of that announcement, HOVENSA had not completed the injunctive relief required under the *2011 Consent Decree*.

2. HOVENSA Bankruptcy

On September 15, 2015, HOVENSA filed for bankruptcy under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* in the District Court of the U.S. Virgin Islands, Bankruptcy Division – St. Croix, Virgin Islands (Bankruptcy Court). See, bankruptcy proceeding entitled *In re HOVENSA L.L.C.., No. 1-15-10003-MFW*. On December 1, 2015, the Bankruptcy Court entered an order approving the sale of certain refining and terminal assets to Limetree Bay Terminals, LLC (Limetree Bay Terminals). (Case No. 1:15-bk-10003-MFW, ECF Doc. 394). Pursuant to the terms and conditions of the Amended and Restated Asset Purchase Agreement in the form appearing as ECF Doc. 528-1 in that case, Limetree Bay Terminals agreed, in part, to enter into a modification to the *2011 Consent Decree* to make certain obligations under the *2011 Consent Decree* applicable to Limetree Bay Terminals. On January 4, 2016, the sale of the refinery and terminal assets to Limetree Bay Terminals closed and

Limetree Bay Terminals took possession of the Refinery. An Environmental Response Trust was also established as part of the bankruptcy proceeding to, inter alia, assume certain HOVENSA obligations under the *2011 Consent Decree* that were not transferred to Limetree Bay Terminals or otherwise satisfied by HOVENSA.

3. Limetree Bay Refining, LLC

On April 24, 2018, an affiliate of Limetree Bay Terminals, LLC formed Limetree Bay Refining, LLC, a new limited liability company established under the laws of the Virgin Islands. In July, 2018, Limetree Bay Refining, LLC entered into a Refinery Operating Agreement with the Government of the Virgin Islands. As part of the Refinery Operating Agreement, Limetree Bay Refining, LLC agreed to use commercially reasonable efforts to be added as a named defendant to the *2011 Consent Decree*. On November 30, 2018, Limetree Bay Terminals, LLC executed a Bill of Sale transferring in whole or in part certain Refinery assets that are the subject of the *2011 Consent Decree* to Limetree Bay Refining, LLC.

4. First Modification of the Consent Decree

Between the spring of 2016 and August 2020, the United States, the Virgin Islands, Limetree Bay Terminals, LLC, and Limetreee Bay Refining, LLC negotiated a modification to the *2011 Consent Decree*. Those efforts culminated in the proposed *First Modification of the Consent Decree (First Modification)* which was lodged with the Court on August 25, 2020. (ECF Doc. 12).

Pursuant to 28 C.F.R. § 50.7(b), the proposed *First Modification* was subject to a 30-day comment period and the United States reserved its rights to withhold consent to entry if "public comments disclose facts or considerations" indicating that the *First Modification* was "inappropriate, improper, or inadequate." The United States received one set of comments

during the public comment period and concluded that the comments did not show that the *First Modification* was inappropriate, improper, or inadequate. Upon making that conclusion, the United States filed the *Motion to Enter* and *Memorandum in Support of the Motion to Enter*. (ECF Docs. 21, 22).

While the *Memorandum in Support of the Motion to Enter* (ECF Doc. 22) explains the changes made to the *2011 Consent Decree* by the *First Modification*, it is important to note that granting the *Motion to Enter* will result in the following:

- Limetree Bay Terminals, LLC, Limetree Bay Refining, LLC, and the Environmental Response Trust will be added as parties to the *2011 Consent Decree* (¶4 of *First Modification*);
- HOVENSA will be released from the obligations and liabilities under the *2011 Consent Decree* (¶8 of *First Modification*);
- HOVENSA will be able to file the Final Certification required by Article IV.S of *Debtor's Second Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (Case No. 1:15-bk-10003-MFW, ECF Doc. 563) certifying that the Reorganized Debtors duties have all been completed, seeking to close out the HOVENSA bankruptcy;
- Upon the close out of the HOVENSA bankruptcy, any remaining assets will be transferred to the ERT.

**<u>RECENT EVENTS</u>**

After the *Motion to Enter* was filed in April, there have been a number of high profile events related to the Refinery. These events include a number of process upsets resulting in the emissions of high levels of hydrogen sulfide, sulfur dioxide, uncombusted hydrocarbons, and

airborne oil droplets from a flare at the Refinery that collectively posed an imminent and substantial endangerment to public health or welfare or the environment.

As a result of these process upsets EPA issued Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC a Clean Air Act Emergency Order (Emergency Order) under Section 303 of the Clean Air Act, 42 U.S.C. § 7603. The Emergency Order prohibited Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC from operating the petroleum process units at the Refinery; required them to undertake independent third party audits of the Refinery's environmental compliance at the process units; and submit a plan for EPA review and approval to implement corrective measures in response to the audits' findings.

On July 12, 2021, the United States filed a complaint under Section 303 of the Clean Air Act (303 Complaint) against Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC seeking an Order requiring them to continue to comply with the Emergency Order and to take all measures necessary to eliminate the imminent and substantial endangerment posed by the Refinery before restarting operations of the petroleum process units at the Refinery. (Case No. 1:12-cv-00264, ECF Doc. 1).

On the same day that the United States filed the 303 Complaint, Limetree Bay Refining, LLC and related entities (but not Limetree Bay Terminals, LLC) filed for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. (Case No. 21-32354, jointly administered with lead case 21-32351).

**RECENT EVENTS DO NOT IMPACT THE MOTION TO ENTER**

The purpose of the *First Modification* is to transfer the remaining obligations of the *2011 Consent Decree* to the new owners and operators Limetree Bay Terminals LLC and, Limetree Bay Refining, LLC. Because Limetree Bay Terminals, LLC and Limetree Bay Refining, LLC

are the current owners and operators of the Refinery, and they are responsible for the terms and conditions of the *2011 Consent Decree* as set forth in the *First Modification*, the purpose behind the *First Modification* remains. Additionally, the ERT remains responsible for certain terms and conditions of the *2011 Consent Decree,* as set forth in the *First Modification*. For these reasons, the recent events do not impact the *Motion to Enter*. Additionally, the Court in the Limetree Bay Refining bankruptcy has Issued an *Order Granting Debtors' EMERGENCY Motion for Entry of Order: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granted Related Relief* (Case No. 21-32351, ECF Doc. 392) approving the bidding and sale procedures of substantially all assets of the Debtors. On August 5, 2021, the United States notified the Court and potential bidders of its view that any successful bidder will need to comply with the relevant provisions of the Consent Decree in order to protect public health and safety. (Case No. 21-32351, ECF Doc. 330). Entry of the *First Modification* will help the bidders understand what is required. Under the Bankruptcy Court's order, the deadline for bids is September 17, 2021 and an auction may be held on September 22, 2021.[1]

**CONCLUSION**

For the foregoing reasons, the United States' respectfully requests that the Court sign the proposed Order that was filed with the *Motion to Enter* (ECF Doc. 21-1), entering the *First Modification* to the *2011 Consent Decree*.

---

[1] Entry of the *First Modification* falls under the police or regulatory exception to the automatic stay. 11 U.S.C. § 362(b)(4); New York v. Mirant New York, Inc., 300 B.R. 174 (S.D.N.Y. 2003). In addition, Limetree Terminals, LLC is not a debtor.

Respectfully Submitted,

TODD KIM
Assistant Attorney General

/s/ Myles E. Flint, II
MYLES E. FLINT, II
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611

GRETCHEN C.F. SHAPPERT
United States Attorney
United States Virgin Islands
Federal Building and U.S. Courthouse
5500 Veterans Drive, Room 260
St. Thomas, USVI 00802

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 31, 2021, he filed the *MOTION FOR HEARING ON MOTION TO ENTER THE FIRST MODIFICATION OF CONSENT DECREE* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances, including the following representatives of the Parties:

John Fehrenbach
Federal Representations PLLC
2001 L Street, NW - Suite 500 PMB#50061
Washington DC 20036

For The United States Virgin Islands

Pamela R Tepper
Solicitor General
U.S. Virgin Islands Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802

For The United States Virgin Islands

Douglas L. Capdeville
Law Offices of Douglas L. Capdeville, P.C.
2107 Company Street
Lot Four
Christiansted, St. Croix, U.S. Virgin Islands 00822

For Limetree Bay Terminals, LLC and
For Limetree Bay Refining, LLC

The undersigned further certifies that the foregoing *MOTION FOR HEARING ON MOTION TO ENTER THE FIRST MODIFICATION OF CONSENT DECREE* will be served on counsel for the Environmental Response Trust, and HOVENSA, LLC by electronic mail:

Mary Koks
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 2700
Houston, TX 77002-2806

For the Environmental Response Trust

Seth Kerschner
White & Case
1221 Avenue of the Americas
New York, NY 10020-1095

For HOVENSA L.L.C

/s/ Myles E. Flint, II
MYLES E. FLINT, II