**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA, THE UNITED STATES VIRGIN ISLANDS,** <br><br> Plaintiffs, <br><br> v. <br><br> **HOVENSA LLC, LIMETREE BAY REFINING LLC & LIMETREE BAY TERMINALS, LLC,** <br><br> Defendants. | 1:11-cv-00006-RAM-EAH |

**TO:**   Myles E. Flint, Esq.
            *For the United States*
       Ian S.A. Clement, Esq.
       Pamela R. Tepper, Esq.
       Stephanie Sebor, Esq.
            *For the Virgin Islands*
       Richard H. Dollison, Esq.
       Lorenzo Marinuzzi, Esq.
            *For HOVENSA*
       Douglas L. Capdeville, Esq.
       Mark Delaquil, Esq.
            *For Limetree Bay Terminals*

**ORDER**

THIS MATTER comes before the Court on the Motion for Informal Status Conference, filed by non-party Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"). Dkt. No. 54. Port Hamilton seeks the Court's assistance in resolving disputes between it and the United States that are preventing the case from moving forward. *Id.* The United States has opposed the motion, Dkt. No. 59, and Port Hamilton has filed a reply, Dkt. No. 64. For the reasons that follow, the Court will deny the motion.

*United States v. HOVENSA*
1:11-cv-00006-RAM-EAH
Order
Page 2

## BACKGROUND

In its memorandum, Port Hamilton provides its view of the background of this long-running case that began with a June 2011 consent decree entered into between HOVENSA LLC, the United States, and the Government of the Virgin Islands ("GVI"). HOVENSA ran the oil refinery on St. Croix. Dkt. No. 55 at 1. In January 2011, the United States and GVI filed a complaint against HOVENSA, prompted by HOVENSA's alleged violations of the Clean Air Act. Dkt. No. 1. In June 2011, the Court granted the United States' motion to enter a consent decree that addressed those environmental violations. Dkt. No. 6. Seven months after signing the consent decree, HOVENSA idled the refinery. After HOVENSA filed for bankruptcy in September 2015, the Virgin Islands Bankruptcy Court approved the sale of the refinery's assets to Limetree Bay Terminals ("LBT"). Dkt. No. 55 at 3. The First Modification of the consent decree was filed with the Court in August 2020 and entered in April 2021. *Id.* at 4.

No substantive litigation took place until 2020 when the parties sought a modification of the consent decree. *Id.* at 2. The First Modification made both LBT and "a related company that had subsequently obtained title over the refinery, Limetree Bay Refining, LLC ("LBR")," parties to the consent decree, specified that the consent decree's terms were applicable to both LBT and LBR, and that they "shall be substituted for HOVENSA as the Defendant for all provisions of the Consent Decree," with specified exceptions. *Id.* at 4. LBR recommenced refining operations; however, due to operational mistakes, the refinery released pollutants

*United States v. HOVENSA*
1:11-cv-00006-RAM-EAH
Order
Page 3

between February and May 2021 that exceeded LBR's Clean Air Act permits. *Id.* at 5. Faced with lawsuits and a Clean Air Act Order, LBR filed for bankruptcy in Texas in July 2021. *Id.*

In December 2021, the Bankruptcy Court approved the sale of LBR's assets to Port Hamilton and West Indies Petroleum, Ltd. ("West Indies"). *Id.* Paragraph 11 of the Sale Order required the "Purchaser" (Port Hamilton and West Indies) to become parties to the consent decree (as modified) and to the Joint Stipulation in *United States v. Limetree Bay Terminals*, 1:21-cv-264 (D.V.I.), with certain caveats. *Id*. at 5-6. In May 2022, the Bankruptcy Court confirmed LBR's bankruptcy plan, providing, inter alia, that LBR survived as the "Transition Refinery Entity" ("TRE") which would be fully bound by the consent decree provisions and joint stipulation, and would cooperate to substitute the TRE as a named defendant in both federal cases (this case and 21-cv-264). *Id.* at 7.

The Sale Order also authorized LBR to assign its Operating Agreement with the GVI to Port Hamilton. *Id.* at 8. In late summer 2022, Port Hamilton substituted for LBR in the Operating Agreement. *Id.* That Agreement required the "Refinery Operator"[1] to, inter alia, use commercially reasonable efforts to obtain approvals to restart refinery operations, including from the U.S. and Virgin Islands Governments, and to add itself as a named party defendant to the consent decree, and to modify the consent decree to restart refinery operations. *Id.* at 8-9 (quoting Operating Agreement § 4.1(B)).

---

[1] Port Hamilton does not identify which entity is considered the Refinery Operator.

*United States v. HOVENSA*
1:11-cv-00006-RAM-EAH
Order
Page 4

Having provided that background, Port Hamilton argues that, pursuant to the Operating Agreement, it is not required to become a named party defendant to the consent decree unless its "commercially reasonable" negotiations lead to a modification of the consent decree that will lead to a restart of refinery operations. *Id.* at 9. It further asserts that it has always been willing to join the consent decree as a party defendant, provided that: (1) certain terms of the decree are modified so it is not placed in immediate breach of the decree by past failures of LBR; (2) any deadlines that began to run before it purchased refinery assets are extended to give it a commercially reasonable opportunity to comply with the deadlines; and (3) the modification will allow the restart of the refinery. *Id*. The main disagreement between the United States and Port Hamilton concerns the timing of the addition of a flare gas recovery system at the refinery. *Id.* at 10.

In its Response, the United States asserts that Port Hamilton's request for an informal status conference should be denied until it, West Indies, and the TRE become parties to the case and counsel have filed notices of appearance. Dkt. No. 59 at 1. In fact, it was seeking the signatures of these entities to a stipulation that would have made them parties when Port Hamilton filed its motion for the status conference (West Indies and the TRE did not respond to the Government's request). *Id.* at 1-3. Consequently, the United States is preparing to file a motion to substitute Port Hamilton, West Indies and the TRE for LBR, consistent with the motion filed in *United States v. Limetree Bay Terminals*, 1:21-cv-264, Dkt. No. 25. The

remainder of the United States' memorandum responds to alleged inaccuracies contained in Port Hamilton's memorandum. *Id*. at 4-10.

Port Hamilton filed a reply memorandum in which it reiterated the conditions it presented to the United States for becoming a party or party defendant to the consent decree, and reiterated its arguments concerning its interpretation of the various documents at issue. Dkt. No. 64 at 2-8. It believes that an informal conference could assist in achieving a negotiated resolution or in agreeing on the best way to present the issues to the Court for decision, thereby saving "the parties and Court much effort and expense." *Id*. at 9.

## DISCUSSION

Port Hamilton, a non-party, has invited the Court to engage in an "informal conference" that it believes may assist in resolving impediments between it and the United States so this case may move forward. In doing so, it delves into a number of complex issues related to its interpretation of numerous documents from numerous courts as it seeks to negotiate the terms of its entry, or not, into this now 12-year-old case, and its various obligations under those documents. Needless to say, the United States' interpretation of those documents significantly differs from Port Hamilton's. In the Court's estimation, it is unlikely that the Court's intervention will resolve these significant issues between a party and a non-party.  Moreover, the United States has signaled how it plans to address these issues in the coming weeks. Therefore, it is prudent for the Court to await that filing, which will be a means for the issues to be presented to the Court.

*United States v. HOVENSA*
1:11-cv-00006-RAM-EAH
Order
Page 6

Accordingly, having reviewed the motion and upon due consideration thereof, it is now hereby **ORDERED** that the Motion for Informal Conference, Dkt. No. 54, is **DENIED**.

ENTER:

Dated: June 30, 2023            /s/ Emile A. Henderson III
                                                  EMILE A. HENDERSON III
                                                  U.S. MAGISTRATE JUDGE