**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA, and<br>THE UNITED STATES VIRGIN ISLANDS,<br><br>Plaintiffs,<br><br>v.<br><br>HOVENSA L.L.C.<br><br>Defendants. | Civ. No. 1:11-cv-00006 (RAM/EAH) |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION, PURSUANT TO FED. R. CIV. P. 25(c), FOR AN ORDER SUBSTITUTING WEST INDIES PETROLEUM LIMITED, PORT HAMILTON REFINING AND TRANSPORTATION, LLLP, AND THE TRANSITION REFINERY ENTITY, LLC FOR DEFENDANT LIMETREE BAY REFINING, LLC**

On July 12, 2021, defendant Limetree Bay Refining, LLC ("LBR") and related entities ("Debtors") (but not defendant Limetree Bay Terminals, LLC) filed for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. (Case No. 21-32354, jointly administered with lead Case No. 21-32351). As part of the bankruptcy proceeding, substantially all of LBR's assets were sold to West Indies Petroleum Limited ("West Indies") and Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"). The bankruptcy court order approving the sale ("Sale Order") defines West Indies and Port Hamilton jointly as the "Purchaser". (Case No. 21-32351 ECF Doc. 977, p. 2, attached as Exhibit 1 of the Declaration of Myles E. Flint, II (hereinafter, Flint Dec.)). As part of the Debtors' plan of liquidation, confirmed by the bankruptcy court on May 20, 2022, and effective as of June 10, 2022, LBR was reorganized as the Transition Refinery Entity, LLC ("TRE") with 100% of the membership interest going to the Purchaser. The primary stated purpose of the TRE

is "the ownership of the permits necessary for the operation of the Refinery previously owned by the Debtors and sold to the Purchaser." (Case No. 21-32351, ECF Doc. 1413-1, ECF page 54 of 93, attached as Exhibit 2 of Flint Dec.). As discussed in detail below, following the sale of substantially all of LBR's assets to the Purchaser, and the reorganization of LBR as the TRE, it is appropriate for this Court to substitute West Indies, Port Hamilton, and the TRE for defendant LBR.

## I. BACKGROUND

On June 7, 2011, the Court entered the Consent Decree resolving the United States and the United States Virgin Islands claims under the Clean Air Act against HOVENSA L.L.C. (ECF Doc. 6). The Consent Decree required, *inter alia*, HOVENSA to comply with injunctive relief requirements directed at substantially reducing the emissions of key air pollutants from the refinery.

In September 2015, HOVENSA filed for bankruptcy under chapter 11 of title 11 the United States Code in the District Court of the U.S. Virgin Islands, Bankruptcy Division – St. Croix, Virgin Islands. (Case No. 15-10003-MFW). As part of that bankruptcy proceeding, Limetree Bay Terminals, LLC (LBT) purchased certain of HOVENSA's assets. (Case No. 15-10003-MFW, ECF Doc. 394). The sale of the assets to LBT closed on January 4, 2016. (Case No. 15-10003-MFW, ECF Doc. 528). Subsequent to the closing, LBT transferred certain refinery assets to LBR.

Between 2016 and 2020, the United States and the Virgin Islands negotiated the First Modification of the Consent Decree with LBT and LBR. The First Modification was lodged with the Court on August 25, 2020. (Doc. 12). The Motion to Enter the First Modification with supporting memorandum was filed on April 26, 2021 (Doc. 21 and 22). On December 30, 2021, the Court entered the First Modification. (Doc. 42). A number of the injunctive relief obligations

required by the Consent Decree, as modified by the First Modification, have not been completed.

In September 2020, after the First Modification was lodged with the Court, LBR initiated its attempts to restart the refinery. Those attempts resulted in at least six significant air emissions events from the refinery between December 2020 and May 2021. On May 14, 2021, after determining that the refinery presented an imminent and substantial endangerment to public health, welfare, or the environment, EPA issued an administrative order to LBT and LBR under Section 303 of the CAA, 42 U.S.C. § 7603 ("303 Order"). (Case No. 1:21-cv-264, ECF Doc. 2-1). The 303 Order required, *inter alia*, the refinery to temporarily cease operations.

## II.   LIMETREE BAY REFINING, LLC BANKRUPTCY

### A.   Sale of Debtors' Assets

On August 11, 2021, the bankruptcy court issued an order approving the bidding and sale procedures for the sale of substantially all of Debtors' assets. (Case No. 21-32351, ECF Doc. 392). The initial auction for Debtors' assets occurred on November 18, 2021 and resulted in Debtors designating St. Croix Energy, LLLP as the winning bidder. (Case No. 21-32351, ECF Doc. 829). The sale hearing to consider the sale to St. Croix Energy was scheduled for December 7, 2021. (Case No. 21-32351, ECF Doc. 830). That hearing never took place.

### B.   Emergency Motion to Reopen Auction

On December 6, 2021, Debtors filed an Emergency Motion (Case No. 21-32351, ECF Doc. 862). The Emergency Motion sought to reopen the auction specifically to allow West Indies – who had not qualified for the November 18 auction - to participate. (Case No. 21-32351, ECF Doc. 862, ECF p. 4 of 16, attached as Ex. 3 of Flint Dec.). The Emergency Motion notes that "[a]s a sign of good faith, WIPL has delivered a fully-executed asset purchase agreement (the "**WIPL APA**") and paid a $3 million deposit (the "**WIPL Deposit**") – actions that cured the previous deficiencies of the WIPL bid and permit the qualification of WIPL under the Bidding

Procedures." (emphasis in original) (Case No. 21-32351. ECF Doc. 862, ECF p. 3 of 16, attached as Exhibit 3 of Flint Dec.). The executed WIPL APA was included as Exhibit D of the Emergency Motion. (Case No. 21-32351, ECF Doc. 862-4 through 862-6, attached as Exhibit 3 of Flint Dec.). Charles Chambers, the CEO of West Indies, signed the WIPL APA on behalf of West Indies. (Case No. 21-32351, ECF Doc. 862-5, ECF p. 19 of 19, attached as Exhibit 3 of Flint Dec.). On December 10, 2021, the bankruptcy court issued an order granting the motion to reopen the auction beginning on December 17, 2021, designating the qualified bidders for the auction to include West Indies, and setting the sale hearing for December 21, 2021 ("Sale Hearing"). (Case No. 21-32351, ECF Doc. 913).

After the conclusion of the reopened auction, Debtors filed a *Notice of Designation of Winning Bid and Back-up Bid* (Case No. 21-32351, ECF Doc. 948). As it relates to the winning bidder, that Notice states the following:

> 1. Winning Bid. The Debtors hereby designated West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, jointly, as the Winning Bidder. Per the terms of the Winning Bid, as more fully stated on the record during the Auction, the Winning Bidder shall acquire substantially all assets of the Debtors' estates, including all real property of the Debtors, for the sum of $62 million, which sale shall close on or before January 21, 2022.

(Case No. 21-32351, ECF Doc. 948, ECF p. 1 of 3, attached as Exhibit 4 of Flint Dec.).

C. United States' Limited Objection to Sale

On December 19, 2021, the United States filed a *Limited Objection by the United States to Sale of Assets* ("Limited Sale Objection") (Case No, 21-32351, ECF Doc. 950). At the time, the United States was negotiating language with the Purchaser. As noted in the Limited Sale Objection:

> The United States believes it is near an agreement concerning

> sale order language with West Indies Petroleum, but does not believe it will reach an agreement by the sale objection deadline. In the event the parties cannot reach an agreement before the sale hearing, then the United States requests that the Court make clear in a sale order that any obligations in the Consent Decree, as modified . . . are not adversely impacted by an order from this Court.

(Case No, 21-32351, ECF Doc. 950, ECF p. 6, attached as Exhibit 5 of Flint Dec.). Ultimately, the United States and the Purchaser reached agreement on the sale order language. On December 20, 2021, Debtors filed a *Notice of Filing of (I) Proposed Sale Order and (II) Asset Purchase Agreement for Winning Bid* (Case No. 21-32351, ECF Doc. 967).

D. Sale Hearing and Sale Order

The Sale Hearing occurred on December 21, 2021. During the Sale Hearing, Charles Chambers, the CEO of West Indies, testified that West Indies was providing approximately 70% of the purchase price. (Case No. 21-32351, ECF Doc. 1050-12, ECF p. 172 of 248, attached as Exhibit 6 of Flint Dec.). Subsequent to the Sale Hearing, the bankruptcy court issued an order authorizing the sale ("Sale Order"). (Case No. 21-32351, ECF Doc. 977). The Sale Order defines "Purchaser" as "West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP (together, the "Purchaser")." (Case No. 21-32351, ECF Doc. 977, ECF p. 2 of 38, attached as Exhibit 1 of Flint Dec.). The Asset Purchase Agreement attached as Exhibit 1 of the Sale Order defines "Purchaser" as follows:

> . . . West Indies Petroleum Limited ("WIPL"), a Jamaican corporation, and Port Hamilton Refining and Transportation, LLLP, a Virgin Islands limited liability limited partnership, formed by West Indies Petroleum Limited pursuant to the laws of the United States Virgin Islands ("PHRT" and, together with WIPL, "Purchaser"; . . .

(emphasis in the original) (Case No. 21-32351, ECF Doc. 977-1, ECF p. 6 of 103, attached as Exhibit 1 of Flint Dec.).

Language resolving the United States' Limited Sale Objection is found in paragraphs 10 and 11 of the Sale Order. (Case No. 21-32351, ECF Doc. 977, pp. 21 - 22, attached as Exhibit 1 of Flint Dec.). Those paragraphs state:

> 10. Nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.
>
> 11. Furthermore, notwithstanding anything in this Order or in the APA to the contrary, **the Purchaser must become a party to (i) the Consent Decree as modified by the First Modification and Second Modification in *United States and the United States Virgin Islands v. HOVENSA, L.L.C.*, Civ. No. 1:21-cv-00264**, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"), and (b) the Joint Stipulation in *United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC*, Civ. No. 1:21-cv-00264[1] (as each may be amended with the mutual consent of the parties); *provided*, that Purchaser shall not become liable for any obligations, other than air monitoring obligations, under such Consent Decree or Joint Stipulation that do not relate to property or units purchased or to be operated by Purchaser pursuant to this Sale Order by reason of so becoming a party to such Consent Decree or Joint Stipulation. Nothing in this Order or the Sale Agreement (a) prevents the U.S. Environmental Protection Agency or other agency from issuing any order or

[1] On November 15, 2022, the United States filed a similar Fed. R. Civ. P. 25(c) motion to substitute in *United States v. Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC*. (Case No. 21-00264, ECF Doc. 23). On November 17, 2022, Magistrate Judge Henderson granted the motion to substitute ordering that West Indies, Port Hamilton, and the TRE are substituted as Defendants in place of Defendant Limetree Bay Refining, LLC in that matter. (Case No. 21-00264, ECF Doc. 25). West Indies and Port Hamilton filed a motion for reconsideration. (Case No. 21-00264, ECF Doc. 26). After reviewing the parties' briefings, Magistrate Judge Henderson denied the motion for reconsideration. (ECF Doc. 21-00264, ECF Doc. 39).

> taking other action under applicable nonbankruptcy law, or (b) modifies the Consent Decree, the Joint Stipulation, or any other applicable environmental, health and safety, or police and regulatory law.

(emphasis added) (Case No. 21-32351, ECF Doc. 977, pp. 21 - 22, attached as Exhibit 1 of Flint Dec.). The sale of all or substantially all of Debtors' assets closed on January 21, 2022. (Case No. 21-32351, ECF Doc. 1112). Paragraph 11 of the Sale Order requires that the Purchaser, defined as West Indies and Port Hamilton, jointly, must become a party to the Consent Decree (Doc. 6), as modified by the First Modification (Doc. 42) and the Second Modification.[2]

E. Debtors' Combined Disclosure Statement and Plan of Liquidation

On March 18, 2022, Debtors filed a *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* ("Combined Disclosure Statement and Proposed Plan") (Case No. 21-32351, ECF Doc. 1204). The Combined Disclosure Statement and Proposed Plan was revised and amended on April 4, 2022 (Case No. 21-32351, ECF Doc. 1252), April 11, 2022 (Case No. 21-32351, ECF Doc. 1273-1), and May 17, 2022.[3] Paragraph 144 in the Combined Disclosure and Plan of Liquidation defines "Purchaser" to mean "West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively." (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 29 of 93, attached as Exhibit 2 of Flint Dec.).

Article VIII.B of the Combined Disclosure Statement and Proposed Plan gave West Indies and Port Hamilton the option of reorganizing LBR as the Transition Refinery Entity. The language in Article VIII.B provides, in part:

[2] The Second Modification was a non-material modification to Paragraph 79.a. (Doc. 22, p. 26).
[3] From this point forward, references to the Combined Disclosure and Plan of Liquidation will cite to the ECF Doc. 1413-1.

> On the Effective Date[4], at the election of the Purchaser, LBR shall reorganize as the Transition Refinery Entity and issue 100% of its stock (the "**New Interests**")[5] to the Purchaser."
> . . .
> The purpose of the Transition Refinery Entity shall be the ownership of the permits necessary for the operation of the Refinery previously owned by the Debtors and sold to the Purchaser. The Purchaser shall serve as its manager and sole equity interest Holder.

(emphasis in original) (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 54 of 93, attached as Exhibit 2 of Flint Dec.). Paragraph 161 of the Combined Disclosure Statement and Proposed Plan defines "Transition Refinery Entity" to mean "the entity created under the Plan and managed by the Purchaser whose primary purpose shall be the ownership of the permits necessary for the operation of the refinery." (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 31 of 93, attached as Exhibit 2 of Flint Dec.). On April 15, 2022, the Purchaser filed notice of its election to reorganize Limetree Bay Refining, LLC as the Transition Refinery Entity. (Case No. 21-32351, ECF Doc. 1276).[6]

On May 3, 2022, the United States filed its *Objection to Confirmation (Related to Doc. No. 1252 and 1273)*. (Case No. 21-32351, ECF Doc. No. 1332, attached as Exhibit 7 of Flint Dec.). The basis of the United States' objection included, *inter alia*, that the Combined Disclosure Statement and Proposed Plan did not condition the transfer of permits to the

---

[4] The Plan Order defines "Effective Date" as "the date on which the conditions specified in Section XIII of this Plan have been satisfied or waived in accordance with the terms hereof and the transactions contemplated hereunder have been consummated. The Debtors shall file a Notice of Effective Date (as defined below) on the Docket indicating the calendar date which corresponds to the Effective Date." (Case No. 21-32351, ECF Doc. 1454, ECF p. 79 of 193).

[5] "New Common Stock" was changed to "New Interests" in the Plan Order approved by the bankruptcy court. (Case No. 21-32351, ECF 1454, page 111 of 193, attached as Exhibit 10 of Flint Dec.).

[6] This notice identifies the Purchaser as Port Hamilton. However, the notice does not cite to anything that changes the Asset Purchase Agreement's designation, the Combined Disclosure Statement and Proposed Plan's designation, or the Court's designation, of West Indies and Port Hamilton being the "Purchaser."

Transition Refinery Entity on compliance with nonbankruptcy law. (Case No. 21-32351, ECF Doc. 1332, ECF pp. 10 - 12 of 14, attached as Exhibit 7 of Flint Dec.).

On May 18, 2022, the bankruptcy court held a hearing ("Confirmation Hearing") to consider the final approval and confirmation of the Combined Disclosure Statement and Proposed Plan. After the Confirmation Hearing, the Debtors submitted a proposed order ("Proposed Order") (Case No. 21-32351, ECF Doc. 1434). As with the Sale Order discussed above, the Debtors, the Purchaser, and the United States negotiated the language of the Proposed Order as it relates to environmental matters, including this action.

On May 20, 2022, the bankruptcy court issued an *Order Approving Disclosure Statements on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors (*"Plan Order") (Case No. 21-32351, ECF Doc. 1454, attached as Exhibit 8 to Flint Dec.). Paragraph 31 of the Plan Order, addressing government police and regulatory power, the Consent Decree, and the Joint Stipulation, states as follows:

> 31. Transition Refinery Entity. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that the Transition Refinery Entity or that any other Person or Entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under applicable nonbankruptcy law including but not limited to police or regulatory law. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents or this Confirmation Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

> Furthermore, notwithstanding anything in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents or this Confirmation Order to the contrary, nothing in this Order or the Plan shall modify (a) the Consent Decree as modified by the First Modification and Second Modification in the *United States and the United States Virgin Islands v. HOVENSA L.L.C.*, Civ. No. 1:11-cv-00006, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"), or (b) the Joint Stipulation in United States v. Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC, Civ. No. 1:21-cv-00264 (the "Joint Stipulation") (as each may be amended with the mutual consent of the parties.) **The Transition Refinery Entity shall be fully bound by all provisions of the Consent Decree and the Joint Stipulation and shall cooperate in the substitution of the Transition Refinery Entity as a named defendant in both cases.** Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Oder (a) prevents the U.S. Environmental Protection Agency or other agency from issuing any order or taking other action under applicable nonbankrutpcy law, or (b) modifies the Consent Decree, the Joint Stipulation, or any other applicable environmental, health and safety, or police and regulatory law. Notwithstanding anything in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order to the contrary, nothing in this Order or the Plan, including without limitation the Purchaser's receipt and ownership of the New Interests, shall modify the Sale Order or the protections in the Sale Order in favor of Purchaser and governmental units; for the avoidance of doubt, the New Interests shall be issued to Purchaser in furtherance of the transactions contemplated by the Sale Order and shall be afforded the same protections as those set forth in the Sale Order in favor of Purchaser and governmental units. For the avoidance of doubt, the New Interests shall be issued as limited liability company membership interests rather than stock.

(emphasis added) (ECF Doc. 1454, ECF pp. 48 - 50 of 190, attached as Exhibit 8 of Flint Dec.).

Footnote 2 of the Plan Order states "[t]he Debtors filed an amended version of the Plan at Doc. No. 1413-1. Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Plan." (Case No. 21-32351, ECF Doc. 1454, ECF p. 1 of 193, attached as

Exhibit 8 of Flint Dec.). As noted above, paragraph 144 of ECF Doc. 1413-1 defines "Purchaser" to mean "West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively." (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 29 of 93, attached as Exhibit 2 of Flint Dec.).

Pursuant to paragraph 31 of the Plan Order, the Transition Refinery Entity shall be fully bound by the provisions of the Consent Decree and cooperate in the substitution of the Transition Refinery Entity as a named defendant in this case. (Case No. 21-32351, ECF Doc. 1454, ECF pp. 48 – 50 of 193, attached as Exhibit 8 of Flint Dec.). On May 23, 2022, Debtors filed a Notice of Entry of Confirmation Order. (Case No. 21-32351, ECF Doc. 1468).

On June 10, 2022, the Debtors filed the Notice of Occurrence of Effective Date. (Case No. 21-32351, ECF Doc. 1511). Pursuant to Articles VIII.B and C of the Combined Disclosure Statement and Proposed Plan, the reorganization of LBR as the TRE became effective on the Effective Date and LBR ceased to exist. (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 54 of 93, attached as Exhibit 2 of Flint Dec.).

## III. ARGUMENT

### A. West Indies, Port Hamilton, and the TRE Should be Substituted for Defendant LBR in this Action

Rule 25 of the Federal Rules of Civil Procedure is entitled "Substitution of Parties." Subsection (c) provides as follows:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).[7]

Rule 25 is available when a party to a lawsuit transfers an interest during the lawsuit or after a

[7] Rule 25(a)(3) requires that the motion be served on nonparties as provided in Fed. R. Civ. P. 4.

judgment has been rendered. Explosives Corp. of America v. Garlam Enterprises Corp., 817 F.2d 894, 905 (1st Cir. 1987). Because substitution or joinder under Rule 25(c) does not affect the substantive rights of the parties, but is rather a procedural device to facilitate the conduct of a case, whether the Court should substitute or join West Indies, Port Hamilton, and the TRE as defendants is within the Court's discretion. Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir. 1993); Minnesota Mining & Manufacturing Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985). Rule 25(c) imposes no time limit on moving to substitute under its provisions. 7C A. Wright, A. Miller & M. Kane, *Federal Civil Procedure ("Wright & Miller")* § 1958 (3d ed.).

When dealing with corporate parties, many circuit courts, including the Third Circuit, have explained that a "transfer of interest" occurs when "one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." Luxliner, 13 F.3d at 71 (citing Hazeltine Corp. v. Kirkpatrick, 165 F.2d 683, 685-86 (3d Cir. 1948) (involving the transfer of patents); Froning's Inc. v. Johnston Feed Service, Inc., 568 F.2d 108, 110 (8th Cir. 1978) (involving the assignment of claims); and Devilliers v. Atlas Corp., 360 F.2d 292, 297 (10th Cir. 1966) (involving a merger)). West Indies' and Port Hamilton's acquisition of defendant LBR's assets and the Sale Order's requirement that West Indies and Port Hamilton become parties to the Consent Decree satisfy the transfer of interest requirement of Rule 25(c). (Case No. 21-32351, ECF Doc. 977, ECF p. 22 of 38, attached as Exhibit 1 of Flint Dec.). This acquisition: 1) occurred after the bankruptcy auction was reopened to allow consideration of the West Indies bid (Case No. 21-32351, ECF Doc. 862, ECF p. 4 of 16, attached as Exhibit 3 of Flint Dec.); 2) occurred after West Indies and Port Hamilton were designated the "Winning Bidder" who would "acquire substantially all assets of Debtors estate, including all real property of the Debtors" (Case No. 21-32351, ECF Doc. 948, ECF p. 1 of 3,

attached as Exhibit 4 of Flint Dec.); and 3) became effective upon the closing of the sale on January 21, 2022. (Case No. 21-32351, ECF Doc. 1112). In recognition of this case, paragraph 11 of the Sale Order requires West Indies and Port Hamilton to become parties to the Consent Decree, as modified by the First Modification and Second Modification. (Case No. 21-32351, ECF Doc. 977, ECF p. 22 of 38, attached as Exhibit 1 of Flint Dec.). In order to become parties to the Consent Decree, West Indies and Port Hamilton must become parties to this case.

Subsequent to the sale closing, West Indies and Port Hamilton exercised the option provided under Article VIII.B of the Combined Disclosure Statement and Proposed Plan to reorganize defendant LBR as the TRE effective on the Effective Date. (Case No. 21-32351, ECF Doc. 1413-1, ECF p. 54 of 93, attached as Exhibit 2 of Flint Dec.). The Effective Date was June 10, 2022. (Case No. 21-32351, ECF Doc. 1511). Defendant LBR no longer exists. The Plan Order requires the TRE to be fully bound by the Consent Decree and to cooperate in its substitution as a named defendant in this case. (Case No. 21-32351, ECF Doc. 1454, ECF pp. 48 – 50 of 193, attached as Exhibit 8 of Flint Dec.).

Since West Indies and Port Hamilton are "transferees" of an "interest" under Rule 25(c) who are required to become parties to the Consent Decree in this case, and the Plan Order requires the TRE to be fully bound by the Consent Decree and to cooperate in its substitution as a named defendant in this action, the only remaining issue is whether the Court should exercise its discretion to substitute West Indies, Port Hamilton, and the TRE for defendant LBR in this case. As discussed above, in making that determination, the Court should consider whether the substitution will "facilitate the conduct of [this] case." Luxliner, 13 F.3d at 71. We submit that it would.

Following the sale closing on January 21, 2022, and the Effective Date on June 10, 2022, West Indies, Port Hamilton, and the TRE are in possession of substantially all of defendant

LBR's assets, including all real property, and LBR no longer exists. Given that West Indies and Port Hamilton are now in possession and control of the Refinery; that the TRE has an alleged interest in permits relating to operation of the Refinery; that the Sale Order requires that the Purchaser (defined to mean West Indies and Port Hamilton, jointly) must become a party to the Consent Decree, as modified by the First Modification and Second Modification; that the Plan Order requires the TRE to be fully bound by the provisions of the Consent Decree and cooperate in its substitution as a named defendant; substituting West Indies, Port Hamilton, and the TRE for defendant LBR, which no longer exists, is essential for the conduct of this case.

Substituting West Indies, Port Hamilton, and the TRE for defendant LBR will facilitate the conduct of this case by bringing the entities that are now in possession of substantially all of LBR's former assets, including the Refinery, into the case. Substitution of West Indies and Port Hamilton, and the TRE for defendant LBR is necessary to protect this Court's oversight of the Consent Decree and to ensure that the remaining injunctive relief obligations under the Consent Decree are completed. Substitution of West Indies, Port Hamilton, and the TRE is supported by the Sale Order's requirement that West Indies and Port Hamilton become parties to the Consent Decree, and the Plan Order's requirement that the TRE be fully bound by the provisions of the Consent Decree and cooperate in its substitution as a named defendant in this case. (Case No. 21-32351, ECF Doc. 977, ECF p. 22 of 38, attached as Exhibit 1 of Flint Dec., and ECF Doc. 1454, ECF pp. 48 - 50 of 190, attached as Exhibit 8 of Flint Dec.).

B. West Indies, Port Hamilton, and the TRE Could be Joined as Defendants

Alternatively, the Court can opt to join, as opposed to substitute, West Indies, Port Hamilton, and the TRE as parties to this case. Courts in the Third Circuit have held that in situations where the transfer of interests has been established but the court is unconvinced that substitution would best facilitate the conduct of the litigation, joinder of corporate successors is

appropriate. See e.g., Eastman Chemical Company v. Alphapet Inc., 2011 WL 13054223, at *4 (D. Del. Dec. 9, 2011) (holding that joinder would better facilitate the litigation because the original party would have a "great deal of discoverable information" relating to the issues in the litigation); Purdue Pharma L.P. v. Amneal Pharmaceuticals, LLC., 2018 WL 3725772, at *3 (D. Del. July 25, 2018) (holding that where "questions remain as to the extent of the transfer of an ownership interest . . . the court in its discretion may choose to join a party pursuant to Rule 25(c) rather than substitute one party for another"); Mars, Inc. v. JCM Am. Corp., 2007 WL 776786, at *2 (D.N.J. Mar. 9, 2007) (holding that where the record was insufficient to determine what rights and obligations were transferred, the court may exercise its discretion to join the successor as a party). If the Court is unconvinced that substituting West Indies, Port Hamilton, and the TRE for defendant LBR would best facilitate the conduct of this litigation, then the Court should alternatively exercise its discretion to join West Indies, Port Hamilton, and the TRE as parties in this case.

## CONCLUSION

For the reasons stated above, the Court should substitute defendant LBR with West Indies, Port Hamilton, and the TRE or, alternatively, join West Indies, Port Hamilton, and the TRE as defendants in this case.

        Respectfully submitted,

        FOR THE UNITED STATES OF AMERICA

        TODD KIM

        Assistant Attorney General
        Environment and Natural Resources Division

        *s/ Myles E. Flint, II*
        Myles E. Flint, II
        Senior Counsel
        Environmental Enforcement Section

                Environment and Natural Resources Division
                U.S. Department of Justice - P.O. Box 7611
                Washington, DC  20044-7611
                Tel: 202-307-1859
                myles.flint@usdoj.gov

OF COUNSEL:
Teresa Dykes
Senior Attorney
U.S. Environmental Protection
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave. NW (2242A)
Washington, DC 20460

Sara Froikin
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 16th Floor
New York, NY 10007