IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, and <br> THE UNITED STATES VIRGIN ISLANDS, <br><br> Plaintiffs, <br><br> v. <br><br> HOVENSA L.L.C. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 1:11-cv-00006 (RAM/EAH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' REPLY TO PORT HAMILTON'S OPPOSITION TO MOTION TO SUBSTITUTE[1]

As in its Motion for Reconsideration in the *United States v. Limetree Bay Terminals, LLC, et al.* case, Port Hamilton response seeks to argue the scope of its substantive obligations. *United States v. Limetree Bay Terminals, LLC, et al.,* 2023 WL 172757 *4 (D.V.I. Jan. 12, 2023). As the court ruled in that matter, substitution is procedural only. *Id.* Port Hamilton's opposition lays bare its intent in opposing substitution.[2] Port Hamilton, an admitted owner of the Refinery, does not want to be bound by the requirements of the Consent Decree and wants to avoid this Court's ability to implement and enforce the terms and conditions of the Consent Decree so that public health and safety are protected in connection with Port Hamilton's ownership and operation of the Refinery.

---

[1] To be clear, this reply focuses solely on Port Hamilton's opposition to the United States' Motion to Substitute. (Docs. 67 and 68). This reply should not be read to alter the United States' position that West Indies should also be substituted for Defendant LBR as set forth in Docs. 67 and 68.

[2] Port Hamilton states in opposition, "The addition of Port Hamilton as a *party* but not as a party *defendant* allows the Court to ensure that Port Hamilton facilitates any party defendant that requires Port Hamilton's cooperation to comply with the consent decree." Doc. 71, p. 3 (emphasis in the original).

1

This is also a position Port Hamilton expressed in its August 10, 2023 response to an information request EPA issued pursuant to Section 114 of the Clean Air Act.[3]

To allege that was the intent of the parties and the bankruptcy Sale Order when it ordered that Port Hamilton "must become a party" to the Consent Decree is beyond cavil. (Doc. 68-1, [Sale Order] ¶ 11, pdf p. 11).

> A Consent Decree no doubt embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.

*Rufo v. Inmates of the Suffolk County Jail,* 502 U.S. 367, 378 (1992). Port Hamilton (and West Indies) should not be permitted to evade their agreement to the Sale Order's requirement that they become a party to and thus bound by the Consent Decree.

## I. Motion to Substitute

The substantive scope of Port Hamilton's obligations under the Consent Decree is <u>not</u> the subject of the pending motion. The pending motion is the United States' Rule 25(c) Motion to Substitute. It is a procedural motion. It does not seek to affect the substantive rights of the parties. (Doc. 68, p. 12). Rule 25(c) "serves as a procedural mechanism to bring a successor in interest into court when 'it has come to own the property in issue.'" *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 40 (1st Cir. 2016); *Limetreee Bay Terminals, Inc.*, 2023 WL 172757 *4 (D.V.I. 2023).

There is a no dispute that Port Hamilton is a successor in interest within the meaning of Rule 25(c). Port Hamilton admits that it "owns the refinery," which is the subject of the Consent Decree. (Doc. 71, p. 3). Further, Port Hamilton concedes that it "agreed, and the bankruptcy court

---

[3] Port Hamilton states in the August 10, 2023 response, "Even if there is a requirement for an FGRS in the consent decree, that requirement is only imposed upon "party defendants," and Port Hamilton is not required to become a party defendant to the consent decree." (Flint Dec. Ex. A, p. 2).

2

ordered, that Port Hamilton join the Consent Decree." (Doc. 71, p. 1). In order to be a party to the Consent Decree, Port Hamilton must be a party to this case. In the more than 18 months since the Bankruptcy Court issued the Sale Order, requiring Port Hamilton to become a party to the Consent Decree, Port Hamilton has failed to perform. The United States' Motion to Substitute is the first step in the process of ensuring that Port Hamilton complies with the Sale Order as it relates to the Consent Decree. It will provide the United States and the Court the ability to hold Port Hamilton accountable to its agreement to become a party to the Consent Decree so that public health and safety can be protected.

## II. Jurisdiction

As set forth in Paragraph 190 of the Consent Decree, this Court retains jurisdiction of this matter "for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating all disputes between" the parties. (Doc. 6, ¶ 190). On August 18, 2022, Limetree Bay Terminals, LLC (LBT) submitted a Notice of Force Majeure Event to EPA. (Attached as Ex. B to Flint Dec.). As LBT notes on page of 2 of the August 18, 2022 Notice, there exist on-going obligations under the Consent Decree, including obligations relating to equipment that is now owned by Port Hamilton.

> … an unaffiliated third party [Port Hamilton] that is not party to the Consent Decree as modified currently owns and operates equipment subject to the Consent Decree. LBT does not have an ownership interest or operational control over this equipment and therefore is not currently able to fulfill the Consent Decree requirements as they relate to equipment owned by PHRT.

(Ex. B to Flint Dec., p. 5).

In addition to this Court's retention of jurisdiction over this matter, paragraph 10 of the Sale Order makes clear that this Court has jurisdiction to interpret the Sale Order as it relates to this matter. "Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order." (Ex. 1

3

of Flint Dec., Doc. 68-1, pdf p. 44). *See In re Skyline Woods Country Club*, 636 F.3d 467, 471 (8th Cir. 2011) (state courts enjoy concurrent jurisdiction to interpret and implement a Bankruptcy Court's Sale Orders); *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 66-67 (1st Cir. 2002) (same). Here, the Court has jurisdiction of this matter under section 113 of the Clean Air Act, 42 U.S.C. § 7413.

This Court has personal jurisdiction over Port Hamilton as HOVENSA L.L.C. consented to personal jurisdiction in this Court. (Doc. 6, ¶ 2). "Once personal jurisdiction is established over the original party, it is retained over Rule 25(c) successors in interest, as long as the substituted party had an opportunity to challenge its joinder or substitution. *Rodriguez-Miranda*, 829 F. 3d at 45. Here, Port Hamilton has and is challenging substitution – despite the fact that it consented to becoming a party to the Consent Decree issued by this Court. Finally, substitution after judgment has been upheld when necessary for the enforcement of the judgment. *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).

### III. Port Hamilton Must Become a Party to this Case and It Is Logical that it Become a Defendant and Not a Plaintiff

Although not a defense against substitution, Port Hamilton's counter logical argument that it must be a party but not a party defendant is inconsistent with the Sale Order and the admissions Port Hamilton made to the Third Circuit.

1. <u>Sale Order</u>

Port Hamilton argues that it should be a party to the Consent Decree but not subject to the requirements of the Consent Decree nor subject to the jurisdiction of this Court. This argument is not supported by the terms of the Sale Order and makes no sense. What would be the point of Port Hamilton – an admitted owner of the Refinery who has expressed plans to operate the Refinery - becoming a party without having to fulfill the obligations under the Consent Decree designed to

protect public health and safety? Surely it would not become a Plaintiff as it is not a governmental agency and is seeking to evade compliance with environmental law as opposed to enforcing it.

As noted in the United States' Memo in Support, the United States filed a Limited Sale Objection, and that objection was resolved by the inclusion of paragraphs 10 and 11 of the Sale Order. (Doc. 68, p. 4-7). The language in paragraph 10 reflects the well-established case law finding that anyone who owns or operates property acquired from a debtor must comply with environmental law. No one is entitled to ignore hazards or disregard laws that protect the public and the environment. See, e.g., *Ohio v. Kovacs*, 469 I.S. 274, 285 (1985) ("[A]nyone in possession of [a] site . . . must comply with . . . environmental laws . . . Plainly that person . . . may not maintain a nuisance, pollute the waters . . .[,] or refuse to remove the source of such conditions."); *In re General Motors Corp.*, 407 B.R. 463, 508 (Bankr. S.D.N.Y. 2009) (a free and clear purchaser "would have to comply with its environmental responsibilities starting with the day it got the property, and if the property required remediation as of that time, any such remediation would be the buyer's responsibility") (Gerber, J.); cf. *In re CMC Heartland Partners*, 966 F.2d 1143 (7th Cir. 1992) (a reorganized debtor that owns property that was contaminated prior to confirmation is liable to EPA as the present owner of the property).

Paragraph 10 of the Sale Order affirms that Port Hamilton (along with West Indies) is subject to the same compliance obligations as all other owners of property. The law does not put Port Hamilton (or West Indies) in a privileged position, by freeing them from obligations with which all other owners must comply. Generally speaking, if a purchaser could contend that it is somehow exempt from obligations that apply to all other owners, the public would be placed at risk. The purchaser cannot evade its environmental obligations, including with respect to hazards that exist even at the outset of its ownership. See *General Motors*, 407 B.R. at 508. For example, if a purchaser owns or operates equipment or a facility that has a defective condition, it is responsible

5

for preventing and may have liability for the consequences of, for example, an explosion or release, notwithstanding that the explosion or release may have derived in whole or part from a defective condition caused prior to purchase. Port Hamilton's argument flies in the face of the United States' Limited Sale Objection and the language that was included in the Sale Order to resolve that objection and by which it agreed that it would become a party to and thus bound by the Consent Decree.

    2.    <u>Third Circuit</u>

Port Hamilton's argument is inconsistent with admissions it made to the Third Circuit. As noted in *The United States' Response to Port Hamilton Motion for Informal Status Conference* (Doc. 59, p. 8), Port Hamilton requested that the Third Circuit review an EPA final agency action. (Doc. 59, p. 8). As part of the briefing in that matter, Port Hamilton admitted that it must become a party to the Consent Decree:

> … EPA correctly notes that Port Hamilton was required – at EPA's insistence – as a condition of its purchase of the refinery in the Bankruptcy matter to become a party to the Consent Decree ….

(Case No. 23-1094, ECF Doc. 62, footnote 14, p. 33). Then, during the oral argument on May 24, 2023, attorney Andrew Simpson admitted the following:

> Port Hamilton is subject to the Consent Decree.

And

> There is ample authority not just in the Consent Decree and Joint Stipulation but in EPA's general powers of regulation to . . . ensure that this Refinery will operate as Port Hamilton intends to operate it which is safely and without endangering the community.

(https://www2.ca3.uscourts.gov/oralargument/audio/23-1094_PortHamiltonv.US-EPA.mp3, beginning at timestamp 37:43).

Port Hamilton admitted, and made assurances, to the Third Circuit that it is subject to the Consent Decree and that the Consent Decree provides "ample authority" to ensure that it operates the Refinery without endangering the community. Port Hamilton now seeks to evade the obligations under the Consent Decree, obligations it assured the Third Circuit that it was subject to.

### IV. Conclusion

Port Hamilton's acquisition of defendant LBR's assets and the Sale Order requirement that Port Hamilton (and West Indies) become a party to the Consent Decree satisfy the transfer of interest requirement of Rule 25(c). The acquisition 1) occurred after the bankruptcy auction was reopened to allow West Indies to bid; 2) occurred after Port Hamilton (and West Indies) was designated as a "Winning Bidder" who would "acquire substantially all assets of Debtors estate, including all real property of the Debtors"; and 3) became effective upon the closing of the sale on January 21, 2022. Port Hamilton admits that 1) it owns the refinery (Doc. 71, p. 3) that is the subject of the Consent Decree; 2) that it must become a party to the Consent Decree (Doc. 71, p. 1); and 3) that it is subject to the Consent Decree (*Supra* p. 5). To be a party to the Consent Decree and subject to the Consent Decree, Port Hamilton must become a party to this case. Clearly, Port Hamilton is not a plaintiff. Therefore, Port Hamilton must be a defendant.

For the reasons stated in the United States' Motion in Support (Doc. 68) and above, the Court should substitute defendant LBR with Port Hamilton, West Indies, and the TRE.

    Respectfully submitted,

    FOR THE UNITED STATES OF AMERICA
    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division

    *s/ Myles E. Flint, II*
    Myles E. Flint, II
    Senior Counsel
    Environmental Enforcement Section
    Environment and Natural Resources Division

                      U.S. Department of Justice - P.O. Box 7611  
                      Washington, DC 20044-7611  
                      Tel: 202-307-1859  
                      myles.flint@usdoj.gov

OF COUNSEL:  
Teresa Dykes  
Senior Attorney  
U.S. Environmental Protection  
Office of Enforcement and Compliance Assurance  
1200 Pennsylvania Ave. NW (2242A)  
Washington, DC 20460  

Sara Froikin  
Assistant Regional Counsel  
U.S. Environmental Protection Agency, Region 2  
290 Broadway, 16th Floor  
New York, NY 10007

CERTIFICATE OF SERVICE

      The undersigned certifies that on August 18, 2023, he filed the *UNITED STATES' REPLY TO PORT HAMILTON'S OPPOSITION TO MOTION TO SUBSTITUTE* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances.

      */s/ Myles E. Flint, II*