6.6    Supplements to Schedules.

(a)    Sellers shall have the right (but not the obligation) to deliver to Purchaser, from time to time but not later than three Business Days prior to the Closing Date, a schedule of changes (each, an "Update Schedule") to disclose any action taken by any Seller, or Event occurring, with respect to the Business, or the Purchased Assets after the date hereof.   Each such Update Schedule shall constitute an amendment to the representation, warranty or statement to which it relates for all purposes of this Agreement and the transactions contemplated hereby, and each Update Schedule shall be deemed to be incorporated into and to supplement and amend the Sellers Disclosure Letter (and all references to the "Sellers Disclosure Letter" in this Agreement shall include each such Update Schedule to the extent applicable).   Except as set forth in Section 6.6(b), subject to the terms of this Agreement, Purchaser shall have the right to not consummate the transactions contemplated by this Agreement as a result of the failure of the conditions contained in Section 7.1(a) on the basis of the information disclosed in any Update Schedule.

(b)    If any fact or circumstance occurring prior to the date hereof and disclosed on any Update Schedule would, but for this Section 6.6, permit Purchaser to terminate this Agreement in accordance with Section 9.1(d), but Purchaser does not provide a written termination notice pursuant to Section 9.1(d) within three (3) Business Days after receiving such Update Schedule, Purchaser shall be deemed to have waived, for all purposes of this Agreement and the transactions contemplated hereby, all rights to terminate this Agreement on account of the matters disclosed on such Update Schedule (including their right to not consummate the transactions contemplated hereby due to the failure of any of the conditions set forth in Section 7.1(a)).

6.7    Post-Closing Access to Records and Personnel; Litigation Support.

(a)    Until the later of (i) three (3) years after the Closing Date and (ii) one (1) year after the closing or dismissal of the Bankruptcy Cases and all proceedings related to or arising out of the Bankruptcy Cases, or any of them, Purchaser shall preserve and retain all corporate, accounting, Tax, legal, auditing, human resources and other books and records , as well as all documents and communications, including, without limitation, any electronically-stored information, servers, electronical communications (e.g., e-mail, instant messages, voicemails, etc.), and other digital information or data, relating to the Purchased Assets or the Business, or any other assets of the Sellers, including any Excluded Assets or Excluded Liabilities, with respect to periods prior to the Closing Date (including (i) any documents relating to any Proceeding or other dispute and (ii) all Returns, schedules, work papers and other material records or other documents relating to Taxes relating to the Purchased Assets).   At the end of such period, Purchaser may dispose of any such books and records only after they are first offered to and not accepted by Sellers.

(b)    Following the Closing, Purchaser shall allow Sellers, and their Affiliates successors, including, without limitation, any post-confirmation trustee appointed in the Bankruptcy Cases, and their respective Representatives reasonable access to (i) all books

and records related to the Purchased Assets and the Business, including, without limitation, any electronically-stored information, servers, electronical communications (e.g., e-mail, instant messages, voicemails, etc.), and other digital information or data, and (ii) such personnel having knowledge of the location or contents of such books and records, in each case of the foregoing clauses (i) and (ii), for legitimate business reasons, including, without limitation, any matters arising out of or relating to the Bankruptcy Cases or any related proceedings; *provided*, that no such access shall unreasonably interfere with Purchaser's operation of the Business.

(c)     Following the Closing, Sellers shall allow Purchaser and its Affiliates and their respective Representatives reasonable access to (i) all books and records related to the Purchased Assets and the Business and (ii) such personnel having knowledge of the location or contents of such books and records, in each case of the foregoing clauses (i) and (ii), for legitimate business reasons.

(d)     Following the Closing, Purchaser shall allow Sellers, and their Affiliates and successors, including, without limitation, any post-confirmation trustee appointed in the Bankruptcy Cases, and their respective Representatives reasonable access to (i) all books and records related to the Purchased Assets and the Business, including, without limitation, any electronically-stored information, servers, electronical communications (e.g., e-mail, instant messages, voicemails, etc.), and other digital information or data, and (ii) such personnel having knowledge of the location or contents of such books and records, in each case of the foregoing clauses (i) and (ii), for legitimate business reasons, including, without limitation, any matters arising out of or relating to the Bankruptcy Cases or any related litigation or proceedings; *provided*, that no such access shall unreasonably interfere with Purchaser's operation of the Business.

(e)     The rights and obligations of a Party under this Section 6.7 shall inure to the benefit of and be binding upon the successors and assigns of such Party.  If a Party or any of its successors or assigns (i) consolidates with or merges into any other Person or (ii) with respect to Purchaser, transfers all or substantially all of the Purchased Assets to any Person, in each case proper provision shall be made so that the successors and assigns of such Party honor the obligations set forth in this Section 6.7.

6.8     Tax Matters.

(a)     All stamp, transfer, documentary, sales and use, value added, registration and other such taxes and fees (including any penalties, interest and recording and filing fees) incurred in connection with the Purchase or otherwise in connection with this Agreement and not exempted under a Sale Order, whether or not customarily paid by Sellers or purchasers (collectively, the "Transfer Taxes"), shall be borne equally by Sellers and Purchaser.  Purchaser shall properly file on a timely basis all necessary Returns and other documentation with respect to any Transfer Tax and provide to Sellers' evidence of payment of all Transfer Taxes.

(b)     Purchaser and Sellers agree to furnish or cause to be furnished to each other, as promptly as reasonably practicable, such information and assistance relating to

the Purchased Assets as is reasonably necessary for the preparation and filing of any Return, for the preparation for and proof of facts during any Tax audit, for the preparation for any Tax protest, for the prosecution or defense of any suit or other proceeding relating to Tax matters and for the answer of any governmental or regulatory inquiry relating to Tax matters.

(c)     For purposes of this Agreement, all Property Taxes and any other Taxes that are imposed on a periodic basis (which are not based on income) with respect to the Purchased Assets with respect to any taxable period that begins on or before and ends after the Closing Date shall be apportioned between the portion of such period that falls within the Pre-Closing Period and the portion of such period that falls within the Post-Closing Period proportionally in accordance with the number of days in each such portion of the period.

6.9     Bulk Sales Act.  Purchaser hereby waives compliance by Sellers in all respects with respect to any applicable bulk sale, bulk transfer, successor liability and similar Laws, or with any Laws triggered by a bulk sale or transfer of property, of any jurisdiction in connection with the transactions contemplated by this Agreement or similar Laws of any jurisdiction in connection with the Purchase; *provided, that*, the effectiveness of said waiver is subject to the Sale Order waiving compliance by Sellers in all respects with respect to any such Laws.

6.10    Bankruptcy Action.

(a)     The Parties shall comply in all material respects with the Bid Procedures Order and the Sale Order (after the entry of such Orders by the Bankruptcy Court).

(b)     Sellers shall use commercially reasonable efforts to comply (or obtain an Order from the Bankruptcy Court waiving compliance) with all requirements under the Bankruptcy Code and the Bankruptcy Rules in connection with obtaining approval of the transactions contemplated by this Agreement.  Sellers shall serve (i) all Persons who are known to possess or assert a Claim against or Interest in any of the Purchased Assets, (ii) the IRS, (iii) all applicable Governmental Entities, (iv) all applicable state and local Governmental Entities with taxing authority, (v) all other Persons required by any Order of the Bankruptcy Court, (vi) all parties to Business Contracts and Real Property Leases, and (vii) all Persons that request or are entitled to notice under Bankruptcy Rule 2002.

(c)     The Parties shall use their respective commercially reasonable efforts to have the Bankruptcy Court enter the Sale Order as promptly as possible.

(d)     Sellers and Purchaser shall consult with one another regarding pleadings which any of them intends to file with the Bankruptcy Court in connection with, or which might reasonably affect the Bankruptcy Court's approval of the Sale Order and shall provide each other with a reasonable opportunity to review and comment on such pleadings, related motions, applications, petitions schedules and supporting papers. Sellers shall promptly provide Purchaser and its counsel with copies of all notices, filings and orders of the Bankruptcy Court that Sellers have in their possession (or receive) pertaining to the Sale Motion, the Bid Procedures Order, the Sale Order, or any other

order related to any of the transactions contemplated by this Agreement, but only to the extent such papers are not publicly available on the docket of the Bankruptcy Court or otherwise made available to Purchaser and its counsel.

(e)     If the Bid Procedures Order, the Sale Order, or any other orders of the Bankruptcy Court relating to this Agreement or the transactions contemplated hereby shall be appealed by any Person (or if any petition for certiorari or motion for reconsideration, amendment, clarification, modification, vacation, stay, rehearing or reargument shall be filed with respect to the Bid Procedures Order, the Sale Order, or other such order), subject to rights otherwise arising from this Agreement, Sellers and Purchaser shall use their commercially reasonable efforts to prosecute such appeal, petition or motion and obtain an expedited resolution of any such appeal, petition or motion.

6.11    Sale Order.

(a)     Sellers and Purchaser acknowledge that this Agreement and the sale of the Purchased Assets are subject to Bankruptcy Court approval.  Sellers and Purchaser acknowledge that (i) to obtain such approval, Sellers must demonstrate that they have taken steps to obtain the highest and otherwise best offer possible for the Purchased Assets including giving notice of the transactions contemplated by this Agreement to creditors and certain other interested parties as ordered by the Bankruptcy Court and, if necessary, conducting the Auction and (ii) Purchaser must provide adequate assurance of future performance under the Business Contracts included in the Purchased Assets, which consists of the Refinery Operating Agreement, dated as of July 2, 2018, by and between Limetree Bay Refining, LLC (as Refinery Operator) and Government of U.S. Virgin Islands.

(b)     The Sale Order shall, among other things:

(i)     approve, pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, (A) the execution, delivery and performance by Sellers of this Agreement, (B) the transfer of the Purchased Assets to Purchaser free and clear of all Liens, Claims, and Liabilities of any kind whatsoever, and (C) the timely performance by Sellers of their obligations under this Agreement;

(ii)    authorize and empower Sellers to assume and assign the Business Contracts and Real Property Leases to Purchaser;

(iii)   find that Purchaser is a "good faith" buyer within the meaning of Section 363(m) of the Bankruptcy Code and grant Purchaser the full benefits and protections of Section 363(m) of the Bankruptcy Code;

(iv)    find that this Agreement was negotiated, proposed and entered into by Sellers and Purchaser without collusion, in good faith and from arm's length bargaining positions;

(v)      find that due and adequate notice and an opportunity to be heard in accordance with all applicable Laws were given to the necessary parties in the Bankruptcy Cases;

(vi)      contain findings of fact and conclusions of law that Purchaser (A) is not a successor to, or subject to successor liability for, any Seller, (B) has not, de facto or otherwise, merged with or into any Seller, (C) is not an alter ego or a continuation of any Seller, and (D) does not have any responsibility for any obligations of any Seller based on any theory of successor or similar theories of liability;

(vii)      find that the Purchase Price is fair and reasonable;

(viii)      find that the Bankruptcy Court retains jurisdiction to resolve any claim or dispute arising out of or related to this Agreement; and

(ix)      contain such other terms and conditions as are acceptable to Sellers and Purchaser in their respective sole discretion.

(c)      Purchaser agrees that it will promptly take such actions as are reasonably requested by Sellers to assist in obtaining entry by the Bankruptcy Court of the Sale Order, including furnishing affidavits or other documents or information for filing with the Bankruptcy Court for purposes, among others, of (i) demonstrating that Purchaser is a "good faith" purchaser and (ii) establishing "adequate assurance of future performance" within the meaning of Section 365 of the Bankruptcy Code.

6.12      Intentionally deleted.

6.13      Transfer of Permits. Except for those Business Permits that are not transferable to Purchaser by Law, the Parties shall use commercially reasonable efforts to cause the issuance or transfer of all of the Business Permits described on Schedule 1.1(g) and shall give and make all notices and reports that such Party is required to make to the appropriate Governmental Entities and other Persons with respect to such Business Permits. All costs and expenses associated with the issuance or transfer of the Business Permits shall be borne by Purchaser.

6.14      Expenses. Except to the extent otherwise specifically provided herein, whether or not the transactions contemplated hereby are consummated, all fees, costs and expenses incurred in connection with this Agreement and the transactions contemplated hereby shall be borne by the Party incurring such fees, costs and expenses.

6.15      Confidentiality. From and after the date of this Agreement, Purchaser and Sellers shall continue to be bound by and comply with the obligations of the Confidentiality Agreement except as otherwise required under or necessary to comply with any provision of the Bankruptcy Code, Bankruptcy Rules, applicable law, any order of the Bankruptcy Court, including, without limitation, the Bid Procedures Order, or the provisions of this Agreement. Except as specifically provided in the proviso to this sentence, unless otherwise agreed to by the Parties, at the later of (i) the Closing or (ii) the end of the remainder of the term set forth in the Confidentiality Agreement, the Confidentiality Agreement shall be deemed to have been terminated by the parties thereto and shall no longer be binding; *provided,* that notwithstanding anything in this Section 6.16 to the contrary, to the extent that Purchaser is in possession of any Information (as

defined in the Confidentiality Agreement) regarding Sellers and their respective Affiliates, or the Excluded Assets or the Excluded Liabilities, Purchaser shall continue to be bound by the Confidentiality Agreement with respect to such Information until the later of (x) the end of the remainder of the term set forth in such Confidentiality Agreement and (y) if the Closing occurs, the date that is two years after the Closing.

## ARTICLE VII
## Conditions to Closing

7.1     Conditions to Sellers' Obligations.  The obligation of Sellers to consummate the transaction contemplated hereby is subject to the fulfillment of all of the following conditions on or prior to the Closing Date and as of the Closing Date, upon the non-fulfillment of any of which this Agreement may, at Sellers' option, be terminated to the extent permitted pursuant to and with the effect set forth in Article IX:

(a)     The representations and warranties of Purchaser contained in Article V shall be true and correct at and as of the Closing Date as if made at and as of such time, except for such failures as do not prevent Purchaser from consummating the transactions contemplated by this Agreement.

(b)     All obligations of Purchaser to be performed hereunder through, and including on, the Closing Date (including, without limitation, all obligations which Purchaser would be required to perform at the Closing if the transaction contemplated hereby was consummated) shall have been performed in all material respects, unless waived by Sellers.

(c)     Purchaser shall have delivered or caused to be delivered to Sellers each of the items set forth in Section 3.4(b).

(d)     No Governmental Entity of competent jurisdiction shall have entered a valid Order that is in effect and has the effect of making the Closing illegal or otherwise prohibiting the consummation of the Closing.

(e)     The Sale Order shall have been entered by the Bankruptcy Court approving the transactions contemplated under this Agreement.

7.2     Conditions to Purchaser's Obligations.     The obligation of Purchaser to consummate the transaction contemplated hereby is subject to the fulfillment of all of the following conditions on or prior to the Closing Date and as of the Closing Date (in each case, so long as Purchaser has complied with its obligations under this Agreement with respect to each of the matters set forth below), upon the non-fulfillment of any of which this Agreement may, at Purchaser's option, be terminated to the extent permitted pursuant to and with the effect set forth in Article IX:

(a)     The representations and warranties of Sellers in Article IV shall be true and correct in all respects as of the time of the Closing as though such representations and warranties were made at and as of such time (or, if made as of a specific date in the text

of such representations and warranties, at and as of such date) except where the failure to be so true and correct would not have a Material Adverse Effect.

(b)     All obligations of Sellers to be performed hereunder through, and including on, the Closing Date (including, without limitation, all obligations which Sellers would be required to perform at the Closing if the transaction contemplated hereby was consummated) shall have been performed in all material respects, unless waived by Purchaser.

(c)     Sellers shall have delivered or caused to be delivered to Purchaser each of the items set forth in Section 3.4(a).

(d)     No Governmental Entity of competent jurisdiction shall have entered a valid Order that is in effect and has the effect of making the Closing illegal or otherwise prohibiting the consummation of the Closing.

(e)     The Sale Order shall have each been entered by the Bankruptcy Court approving the transactions contemplated under this Agreement.

7.3     Frustration of Closing Conditions.   No Party may rely on the failure of any condition set forth in this Article VII to be satisfied if such failure was caused by such Party's failure to act in good faith or such Party's failure to comply with Section 6.3.

ARTICLE VIII
Compliance with WARN, Plant Closing Act and Similar Statutes

8.1     Compliance with WARN, Plant Closing Act and Similar Statutes.   Sellers shall be responsible for compliance with any notice or severance obligations under WARN, the Plant Closing Act (and any comparable Law requiring notice or severance to employees) and any Contract (including, for the avoidance of doubt, any Liability for accrued but unused paid time-off and severance), in each case, arising prior to the Closing Date with respect to the termination of any employees or consultants that (a) provide services to any Seller as of the date hereof or at any other time from the date hereof through the Closing Date with respect to the termination of any employees or consultants that provide services to any Seller as of the date hereof or at any time from the date hereof through the Closing Date. Without limiting the foregoing, pursuant to Section 473(a)(3) of the Plant Closing Act, Sellers assume responsibility and liability as successor employer under the Plant Closing Act for all the prior years of service, along with any years accumulated moving forward. Sellers shall be responsible for compliance with any notice or severance obligations relating to the Business (as currently or formerly conducted), or the Purchased Assets under WARN and the Plant Closing Act (and any comparable Law requiring notice or severance to employees) arising prior to the Closing Date.   Sellers shall notify Purchaser prior to the Closing of any "employment loss", in the 90-day period immediately prior to the Closing with respect to any such employees or consultants.

ARTICLE IX
Termination

9.1     Termination Events. This Agreement and the transaction contemplated hereby may only be terminated as follows, at any time prior to the Closing:

(a)     by the mutual written consent of Purchaser and Sellers;

(b)     by either Purchaser or Sellers upon (i) the issuance of a final and non-appealable Order by a Governmental Entity to restrain, enjoin or otherwise prohibit the purchase and sale transaction contemplated hereby, (ii) the appointment of an examiner with expanded powers or a Chapter 11 trustee in the Bankruptcy Cases, or (iii) the Bankruptcy Cases being converted into a case under Chapter 7 of the Bankruptcy Code or dismissed;

(c)     by either Purchaser or Sellers if the Bankruptcy Court has not entered the Sale Order by December 23, 2021, provided that such date may be extended as otherwise agreed to in writing by Purchaser and Sellers; *provided, however*, that Purchaser's right to terminate this Agreement under this Section 9.1(c) shall not be available to Purchaser if Purchaser's failure to fulfill any of its obligations under this Agreement has been the cause of, or resulted in, the failure of the Sale Order to have been entered on or prior to the aforesaid date;

(d)     by Purchaser, (i) if any condition set forth in Sections 7.2(a) through (c), inclusive, becomes incapable of being satisfied prior to the Termination Date (other than through the failure of Purchaser to comply with its obligations under this Agreement) and Purchaser has not waived such condition or (ii) if the Closing shall not have occurred at or before 5:00 p.m. (prevailing Central Time) on January 21, 2022, or such later date as extended in accordance with the Bid Procedures Order (such date, as may be extended, the "Termination Date"); *provided, however*, that Purchaser's right to terminate this Agreement under this clause (ii) of this Section 9.1(d) shall not be available to Purchaser if Purchaser's failure to fulfill any of its obligations under this Agreement has been the cause of, or resulted in, the failure of the Closing to occur on or prior to the Termination Date;

(e)     by Sellers, (i) if any condition set forth in Section 7.1(a) through (c), inclusive, becomes incapable of being satisfied prior to the Termination Date (other than through the failure of Sellers to comply with their obligations under this Agreement) and Sellers have not waived such condition, or (ii) if the Closing shall not have occurred at or before 5:00 p.m. (prevailing Central Time) on the Termination Date through the failure of Purchaser to comply with its obligations under this Agreement;

(f)     by Sellers, (i) if any condition set forth in Sections 7.2(a) through (c), inclusive, becomes incapable of being satisfied prior to the Termination Date (other than through the failure of Sellers to comply with their obligations under this Agreement) and Purchaser has not waived such condition, or (ii) at any time after completion of the