12. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

13. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

14. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that *it* has made substantial payments to plaintiff and otherwise denies the allegations of this paragraph of the second amended complaint.

15. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and avers that some of the services provided by plaintiff were unacceptable; that some of the services were not for the benefit of Port Hamilton; and that plaintiff improperly attempted to charge Port Hamilton for services that plaintiff was actually providing to itself.

16. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

## FACTUAL BACKGROUND

17. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

18. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

19. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that plaintiff lacks legal title or ownership over, at a

3

minimum, the power generation facilities.

**A.**

20. Port Hamilton admits that plaintiff and Limetree Bay Refinery were parties to a Shared Services Systems Agreement that was dated November 30, 2018 but otherwise denies the allegations of this paragraph of the second amended complaint because it lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint.

21. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

**B.**

22. Port Hamilton denies the allegations of this paragraph of the second amended complaint. and avers that EPA ordered plaintiff—in addition to LBR—to shut down the refinery due to their negligent actions that led to significant emissions of pollutants that had a serious impact upon residents of St. Croix.

23. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

24. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

**C.**

25. Port Hamilton admits the allegations of this paragraph of the second amended

complaint.

26. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

27. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

28. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

29. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

30. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated but admits that the Articles of Organization for Virgin Islands Refining Company, LLC were filed with the Florida Division of Corporations on December 3, 2021.

31. Port Hamilton admits that the January 21, 2022 annual report for Virgin Islands Refining Company, LLC identifies Charles Chambers and David Roberts as managers and "authorized persons" for Virgin Islands Refining Company, LLC but otherwise denies the allegations of this paragraph of the second amended complaint.

32. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

33. Port Hamilton admits the allegations of this paragraph of the second amended

complaint.

34. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that it was formed and registered as a Virgin Islands limited liability limited partnership on December 7, 2021.

35. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

36. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

37. Port Hamilton denies the allegations of this paragraph of the second amended complaint. Port Hamilton admits that it was the successful bidder in the bankruptcy auction and purchased most of LBR's assets, including the refinery, for approximately $62 million.

38. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

39. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that the bankruptcy court entered a sale order on December 21, 2021 that designated West Indies Petroleum Limited and Port Hamilton as "Winning Bidder" and approved the Asset Purchase Agreement that the bid was based upon.

40. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

41. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that it is the sole owner of the assets formerly belonging to Limetree Bay Refinery.

**D.**

42. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and avers that any services provided by plaintiff after Port Hamilton became the owner of the refinery assets were not provided pursuant to plaintiff's agreement with LBR.

43. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. It admits that it did not enter into a new and permanent shared services agreement with LBT prior to January 21, 2022.

44. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

45. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

**E.**

46. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that it entered into the letter agreement that was attached as Exhibit A to the second amended complaint.

47. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

7

48. Port Hamilton admits that a portion of Exhibit A includes plaintiff's agreement to provide most of the same shared services plaintiff previously provided to LBR through February 7, 2022 but otherwise denies the averments of this paragraph of the second amended complaint.

49. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

50. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

51. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

52. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. It admits that Chambers and Roberts executed the Short-Term Agreement on behalf of Port Hamilton only.

53. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

54. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

55. The allegations of this paragraph of the second amended complaint are vague and ambiguous and thus Port Hamilton cannot respond to them. To the extent a response is required, the allegations of this paragraph of the second amended complaint are denied.

56. Port Hamilton denies the allegations of this paragraph of the second amended

complaint as stated. It admits that Chambers and Roberts executed Amendment No. 1 on behalf of Port Hamilton only.

57. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

58. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

59. The allegations of this paragraph of the second amended complaint are vague and ambiguous and thus Port Hamilton cannot respond to them. To the extent a response is required, the allegations of this paragraph of the second amended complaint are denied.

60. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. It admits that Chambers and Roberts executed Amendment No. 2 on behalf of Port Hamilton only.

F.

61. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

62. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

63. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

64. The allegations of this paragraph of the second amended complaint are vague and ambiguous and thus Port Hamilton cannot respond to them. To the extent

a response is required, the allegations of this paragraph of the second amended complaint are denied.

G.

65. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that the payments were made by Port Hamilton.

66. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that Port Hamilton, not the other defendants, has indeed paid millions of dollars to plaintiff for services rendered under various agreements between Port Hamilton and plaintiff.

67. Port Hamilton admits plaintiff filed the referenced document.

68. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

H.

69. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

70. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

71. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

72. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as

a written document, speaks for itself.

73. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

74. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

75. Port Hamilton admits that it paid LBT $3,000,000 on or about December 12, 2022 but denies the remaining allegations of this paragraph of the second amended complaint as stated and avers that the payment terms of the First Payment & Access Agreement were modified by mutual assent.

I.

76. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

77. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

78. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

79. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

80. Port Hamilton denies the allegations of this paragraph of the second amended

11

complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

81. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and incorporates the entire text of the agreement which, as a written document, speaks for itself.

**J.**

82. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

83. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

84. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

85. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

86. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

87. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

88. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

89. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

90. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

91. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

## COUNT I

92. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

93. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

94. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

95. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

96. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

97. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

98. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

99. Port Hamilton lacks sufficient information regarding the factual allegations of

13

this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT II

100. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

101. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that plaintiff provided some services, avers that some services were substandard, further avers that plaintiff's invoices included charges that were for services that were not provided to Port Hamilton.

102. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that it has paid substantial sums to plaintiff.

103. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

104. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and avers that until the value of the substandard services provided by plaintiff can be ascertained and the costs for services that were not rendered to Port Hamilton are backed out, the amount due is not certain.

105. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

106. Port Hamilton lacks sufficient information regarding the factual allegations of

14

this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT III

107. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

108. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton admits that plaintiff provided some services, avers that some services were substandard, and admits that it has not paid plaintiff the full amount that plaintiff claims is presently due although Port Hamilton believes that the amounts paid to date exceed the amounts appropriately charged under the agreements referenced in the second amended complaint.

109. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

110. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

111. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

112. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

15

## COUNT IV

113. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

114. Port Hamilton admits that Count IV is styled as an action to foreclose a construction lien.

115. Port Hamilton admits that plaintiff filed a notice of construction lien as alleged.

116. Port Hamilton denies that plaintiff timely brought suit for lien foreclosure and denies that plaintiff has complied with the requirements for perfecting a lien. Port Hamilton further avers that (a) the services plaintiff provided to Port Hamilton do not qualify as construction services or improvements upon real property and are thus not eligible to be the subject of a construction lien; (b) plaintiff is not a prime contractor, subcontractor, or subsubcontractor within the meaning of chapter 12 of Title 28, Virgin Islands Code; and (c) plaintiff is not licensed as a contractor, subcontractor, or sub-subcontractor as required by chapters 7, 8, or 10 of Title 27, Virgin Islands Code (or other applicable law of the Virgin Islands).

117. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

## AFFIRMATIVE DEFENSES

A. Plaintiff fails to state a claim upon which relief may be granted.

B. Plaintiff comes to this court with "unclean hands" and therefore cannot obtain equitable relief.

C. Plaintiff's claims are barred by the doctrine of duress.

D. The contracts that plaintiff alleges give it a right to relief are adhesion contracts that must be reformed or voided.

E. Virgin Islands law relating to construction liens is inapplicable to the services provide by plaintiff to Port Hamilton.

F. Plaintiff filed to timely file an action to foreclose the putative construction lien.

G. Plaintiff is not among the class of persons who are entitled to assert a construction lien under Virgin Islands law.

Wherefore, after due proceedings, Port Hamilton prays that this Court will dismiss plaintiff's claims, with prejudice, enter judgment in favor of Port Hamilton and award it its attorney's fees in defending this action.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**,
Counsel for Port Hamilton Refining & Transportation, LLLP

Dated: March 31, 2023

/s/ Andrew C. Simpson
By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

### CERTIFICATE OF SERVICE

I certify that the foregoing document was served on March 31, 2023 upon the

party listed below, using the Court's electronic filing system, which will send a notice of service to:

Donnie M. King
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
donnie.king@akerman.com

Attorney for plaintiff

Dyca C Tricoche
67 Estate Cane Carlton
Frederiksted St Croix 00841
dtricochelaw@gmail.com

Attorney for West Indies Petroleum Limited

Charles Lockwood
Gregg R. Kronenberger
DUDLEY NEWMAN FEUERZEIG, LLP
1131 King Street
Suite 204
Christiansted, VI 00820
340-773-3200
clockwood@dnfvi.com
gkronenberger@dnfvi.com

Attorney for Excel Construction & Maintenance VI, Inc.

/s/ Andrew C. Simpson

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

## NOTICE OF ELECTION OF PORT HAMILTON REFINING AND TRANSPORTATION, LLLP PURSUANT TO DEBTORS' COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

Pursuant to Article VIII.(B) of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors (ECF No. 1252), Purchaser Port Hamilton Refining and Transportation, LLLP (the "Purchaser") by and through its undersigned counsel, provides notice of its election for Limetree Bay Refining, LLC to reorganize as the Transition Refinery Entity and issue of 100% of its membership interests to the Purchaser.

Dated: April 15, 2022

Respectfully submitted,

**BAST AMRON LLP**
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: jbast@bastamron.com
Email: jleggett@bastamron.com

EX. A-5

By: */s/ Jeffrey P. Bast, Esq.*
Jaime B. Leggett (FBN 1016485) *Admitted pro hac vice*
Jeffrey P. Bast (FBN 996343) *Admitted pro hac vice*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

*and*

**MCKOOL SMITH, PC**
John J. Sparacino (SBN 18873700)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile (713) 485-7344
jsparacino@mckoolsmith.com

*Attorneys for Port Hamilton Refining and Transportation, LLLP*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 15, 2022, a true and correct copy of the foregoing was served via the Court's ECF system on those parties registered to receive ECF notices by the Court.

/s/ *Jeffrey P. Bast, Esq.*
Jeffrey P. Bast

00709939.DOC 5