IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| UNITED STATES OF AMERICA, and ) <br> THE UNITED STATES VIRGIN ISLANDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOVENSA L.L.C. ) <br> ) <br> Defendants. ) | Civ. No. 1:11-cv-00006 (RAM/EAH) |

**UNITED STATES' REPLY TO WEST INDIES PETROLEUM LIMITED'S RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE**

The United States agrees with West Indies' view that the Motion to Substitute (Docs. 67 and 68) hinges on the Bankruptcy Court Sale Order. (Doc. 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]). The obligations the Sale Order imposed on West Indies relating to the Consent Decree are clear. West Indies "must become party to (i) the Consent Decree . . .." (Doc. 68-1, Flint Dec. Ex. 1 [Bankr. Doc 977], ¶ 11).

West Indies' Response to the Motion to Substitute asks the Court to look beyond the plain meaning of the words contained in the Bankruptcy Court order in order to unwind the obligations imposed upon it by the Bankruptcy Court's Sale Order (Doc. 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]). Obligations to which West Indies agreed. Nonetheless, West Indies continues to pedal the argument that it is not on the property deed. Ignoring the fact that the Sale Order includes no such condition.

West Indies was a Purchaser as defined in both the Asset Purchase Agreement and the Sale Order. As a Purchaser, the Sale Order requires that West Indies must become party to the Consent Decree. West Indies agreed to this requirement. This Court should not unwind that obligation as

1

West Indies can and should take steps to ensure that the assets it purchased in the bankruptcy case are operated safely in a manner that protects public health and safety.

## I. Motion to Substitute

The pending motion is the United States' Rule 25(c) Motion to Substitute. (Doc. 67 and 68). A motion for substitution under Rule 25(c) is procedural only. *United States v. Limetree Bay Terminals, LLC, et al.,* 2023 WL 172757 *4 (D.V.I. Jan. 12, 2023). It does not seek to affect the substantive rights of the parties. (Doc. 68, p. 12). Rule 25(c) "serves as a procedural mechanism to bring a successor in interest into court when 'it has come to own the property in issue.'" *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 40 (1st Cir. 2016); *Limetreee Bay Terminals, Inc.*, 2023 WL 172757 *4 (D.V.I. 2023).

## II. West Indies is a Successor in Interest to Limetree Bay Refining, LLC within the Meaning of Rule 25(c)

A.     Facts Set Forth in the United States' Memorandum In Support

Protest as it may, West Indies cannot outrun the facts. Those facts, as laid out in the United States' Memorandum In Support (Doc. 68) include the following: 1) an emergency motion was filed specifically to allow West Indies to participate as a qualified bidder (Doc. 68, p. 3); 2) West Indies paid a $3 million deposit and provided a fully-executed asset purchase agreement ("West Indies APA") to qualify as a bidder (Doc. 68, p. 3); 3) the West Indies APA makes clear that West Indies formed Port Hamilton (Doc. 68, p. 5); 4) the bankruptcy court reopened the auction and designated West Indies as a qualified bidder (Doc. 68, p. 4); 4) at the conclusion of the reopened auction, the Debtors designated West Indies and Port Hamilton as the winning bidder (Doc. 68, p. 4); 5) the United States filed a Limited Sale Objection (Doc. 68, p. 4); 6) the United States and West Indies agreed to language resolving the Limited Sale Objection and that language appears in paragraphs 10 and 11 of the Sale Order (Doc. 68, pp. 4 – 7); 7) West Indies CEO testified during the Sale Hearing that West Indies was paying approximately $43.4 million of the $62 million purchase price (Doc. 68, p. 5); 8) the Sale Order (and the West Indies APA) define the "Purchaser" to mean West Indies and

Port Hamilton (Doc. 68, p. 5); 9) paragraph 11 of the Sale Order states "Furthermore, **notwithstanding anything in this Order or in the APA** to the contrary, the Purchaser must become party to (i) the Consent Decree as modified . . ." (Id., p. 6) (emphasis added); and 10) the requirement to become party to the Consent Decree is not conditioned on West Indies becoming a party to the property deed.

B. Additional Facts

Given West Indies' Response, there are some additional facts that must be brought to the Court's attention. First, West Indies is the party that created the definition of "Purchaser." The West Indies APA, submitted as exhibit D to the Debtor's Emergency Motion to reopen the auction, defines "Purchaser" to mean West Indies together with St. Croix Refining and Transportation, LLLP. (Docs. 68-2 and 68-3, Flint Dec. Ex. 3 [Bankr. Doc 862 and 862-4 to 862-6]).[1] Second, following the Bankruptcy Sale in January 2022, the United States began discussions with counsel for Port Hamilton and then-counsel for West Indies about the paragraph 11 requirement that the Purchasers become parties to the Joint Stipulation in the *Limetree Bay Terminals, LLC* matter. (Case No. 1:21-cv-000264). On February 19, 2022, counsel for Port Hamilton sent an email proclaiming that, having spoken with counsel for West Indies, the Purchasers had concluded "there is no need for any entity other than Port Hamilton to become a signatory on any document or filing." (Flint Dec. Ex. A). The United States disagreed. After all, West Indies was the entity that qualified as viable under the bankruptcy sale process and Port Hamilton's financial situation was unknown.

Defendants' February 2022 representation that there would be "no need" for all Purchasers to become party sparked a dispute among the Parties. For several months, the United States, West Indies, and Port Hamilton had conference calls and exchanged correspondence. (*See* Flint Dec. Ex.

---

[1] St. Croix Refining and Transportation, LLLP's name was later changed to Port Hamilton Refining and Transportation, LLLP.

B). On May 17, 2022, then-counsel for West Indies and Port Hamilton sent a letter to the United States that incorrectly framed the dispute as one over the post-closing ownership. (Flint Dec. Ex. C). On July 27, 2022, the United States responded with a letter detailing why both West Indies and Port Hamilton must become parties to the Joint Stipulation, and providing them an opportunity to respond. (Flint Dec. Ex. D). West Indies and Port Hamilton never responded.

      C.      West Indies is a successor in interest to Limetree Bay Refining, LLC within the meaning of Rule 25(c)

Despite West Indies' current protestations, there was never any misunderstanding about the meaning of the term "Purchaser" or over the requirement that West Indies "must become party to (i) the Consent Decree . . .." West Indies admitted this in its Memorandum In Support of Motion for Reconsideration in the *Limetree Bay Refining, LLC* matter. (Case No. 1:21-cv-00264, ECF Doc. 27, p.3).

In the Motion for Reconsideration, West Indies and Port Hamilton were seeking reconsideration of the Court's Order granting the United States' motion to substitute West Indies and Port Hamilton (and the Transition Refinery Entity) for defendant Limetree Bay Refining, LLC in the *Limetree Bay Refining, LLC* matter. The United States' Motion to Substitute in the *Limetree Bay Refining, LLC* matter also focused on the "Purchaser must become party to" language in paragraph 11 of the Sale Order. There, the focus was on the obligation to become a party to the Joint Stipulation. As part of its Motion for Reconsideration, West Indies admitted that "[t]he Sale Order provides that WIPL and PHRT must become party to the Joint Stipulation (ECF Doc. 2) in the present action." (Flint Dec. Ex. E [Case No. 1:21-cv-000264, ECF Doc. 27] p. 3). Footnote 4 of West Indies' current Response acknowledged this admission. (Doc. 77, p. 10). Given that the obligation under paragraph 11 of the Sale Order is the same for the Consent Decree, the United States requests that the Court take judicial notice of the Sale Order's requirement that West Indies

4

must become party to the Joint Stipulation, as admitted by West Indies in its Memorandum In Support of Motion for Reconsideration. (Flint Dec. Ex. E).

West Indies' Response contains statements that it "has no power to take meaningful action under the Consent Decree," (Doc. 77, p. 11) "substituting WIPL would be a meaningless, formalistic exercise because WIPL is in no position to comply with the Consent Decree," (Doc. 77, fn 4, pp. 10 and 11), and "WIPL's absence from this lawsuit would have no substantive effect on the outcome or the refinery's accountability to environmental laws and regulations, because WIPL does not own or control the refinery." (Doc. 77, p. 12). Again, West Indies ignores the facts. Without West Indies, the auction would not have been reopened. Without West Indies, Port Hamilton would not have been created. Without West Indies paying 70% of the purchase price, there would have been no purchase. Based on the facts, West Indies is a successor in interest of Limetree Bay Refining, LLC within the meaning of Rule 25(c).

Moreover, West Indies' contentions are unsupported and incomplete even if they were relevant given the clear language of the Sale Order. For example, West Indies provides no evidence about its relationship or contractual agreements with Port Hamilton or the financial viability of Port Hamilton. The Sale Order contemplated that both West Indies and Port Hamilton would, as parties to the Consent Decree, be responsible for ensuring that any restart of the refinery would be protective of public health and safety. That West Indies chose not to become a party to the property deed does not change this legal requirement. This Court should be able to look to both West Indies and Port Hamilton to protect public health and safety as required by the Consent Decree and contemplated by the Sale Order. West Indies was free to negotiate the terms of its deal with Port Hamilton but not to change the requirement of the Sale Order that both would be parties to the Consent Decree.

## II. Jurisdiction

As set forth in paragraph 190 of the Consent Decree, this Court retains jurisdiction of this matter "for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating all disputes between" the parties. (Doc. 6, ¶ 190).

In addition to this Court's retention of jurisdiction over this matter, paragraph 10 of the Sale Order makes clear that this Court has jurisdiction to interpret the Sale Order as it relates to this matter. "Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order." (Ex. 1 of Flint Dec., Doc. 68-1, pdf p. 44). *See In re Skyline Woods Country Club*, 636 F.3d 467, 471 (8th Cir. 2011) (state courts enjoy concurrent jurisdiction to interpret and implement a Bankruptcy Court's Sale Orders); *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 66-67 (1st Cir. 2002) (same). Here, the Court has jurisdiction of this matter under section 113 of the Clean Air Act, 42 U.S.C. § 7413.

This Court has personal jurisdiction over West Indies as HOVENSA L.L.C. consented to personal jurisdiction in this Court. (Doc. 6, ¶ 2). "Once personal jurisdiction is established over the original party, it is retained over Rule 25(c) successors in interest, as long as the substituted party had an opportunity to challenge its joinder or substitution. *Rodriguez-Miranda*, 829 F. 3d at 45. Here, West Indies has and is challenging substitution – despite the fact that it consented to becoming a party to the Consent Decree issued by this Court. Finally, substitution after judgment has been upheld when necessary for the enforcement of the judgment. *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).

### III. West Indies Was Properly Served under Fed. R. Civ. P. Rules 25(c) and 4, and was Provided with Sufficient Notice

West Indies was properly served as a non-party under Fed. R. Civ. P. 4. As in its Motion for Reconsideration in the *Limetree Bay Terminals, LLC* matter, West Indies again incorrectly relies on

6

*Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97 (1987) for the proposition that it should have been served not only with the motion to substitute, but also with a copy of the summons and complaint. The *Omni Cap. Int'l Ltd.* case involved service under Rule 4, not under Rule 25. In a passing reference found in footnote 6 (Doc. 7, fn 6), West Indies states it "is cognizant that the Court rejected this argument" in *Limetree Bay Terminals, LLC*, 2023 WL 172757 *5 (D.V.I. 2023). The Court rejected the argument based upon the Eighth Circuit opinion in *Benequisto v. American Express Financial Corp.*, 44 F.4th 741 (8th Cir. 2022), a case that:

> explicitly discussed service under Rules 4 and 25 where the plaintiffs had not served a copy of the summons and complaint but had served a personal representative of an estate in the manner provided in Rule 4. The *Benequisto* Court held that service of a summons and complaint was not required by Rule 25(a) and not serving those documents with the substitution motion did not cause service to be deficient. *Id.* at 745. District courts addressing this issue have come to the same conclusion. *See Brahm Indus. Inc. v. Wildwood Indus., Inc.,* No. 05-cv-1381, 2008 WL 3286597, at *1 (C.D. Ill. Aug. 7, 2008) ("Fed. R. Civ. P. requires summons to be served with Complaint, but present motion is not a Complaint. Rule 25(a)(3) requires service in the manner that a summons is served, not service as a summons itself."); *see also Waypoint Consulting, Inc. v. Krone*, No. 19-cv-2988, 2022 WL 861412, at *10 (D. MD. Mar. 22, 2022) (substitution motion "must be served on persons who are not already parties in the fashion provided in Rule for service of process,'" quoting 7C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1958 (3d ed. 2021), noting that service of the motion on a corporation may be effected under Rule 4(h), and that the Rules "require service for the purpose of ensuring that an entity to be jointed to a suit is afforded the effective notice of the action."); *Zest IP Holdings LLC v. Implant Direct Mfg., LLC,* No. 10-cv-541, 2013 WE 12064538, at *3 (S.D. Cal. Jan. 23, 2013).

*Limetree Bay Terminals, LLC*, *6. As in the *Limetree Bay Terminals, LLC* matter, West Indies has failed to offer any contrary authority.

West Indies was provided sufficient notice. First, West Indies knew about this action given that they agreed, and the bankruptcy court Sale Order requires, that they become subject to the Consent Decree. (Doc. 977, ¶ 11). Second, West Indies admits that it was served with the Motion to

7

Substitute two weeks before it was filed. (Doc. 77, p. 13). A step the United States was required to take in order to comply with the LRCi 5.4(i)(4) requirement to "include a certificate of service with all documents that are served that identifies the date and manner of service upon the non-Filing User." LRCi 5.4(i)(4).

Additionally, one must assume that given the relationship between West Indies and Port Hamilton, and the interaction between counsel for Port Hamilton and West Indies representatives (see, Doc. 59, pp. 2-3), West Indies was aware of Port Hamilton's Motion For Informal Status Conference (Doc. 54) and the United States' Response (Doc. 59). The United States' Response noted its intent to file the pending motion, and the need to serve West Indies prior to filing the Motion with the Court. (Doc. 59, p. 3). Given the extent of this notice, there was no due process violation. *See United States v. Harold*, 423 F. Supp. 3d 410, 419 (E.D. Mich. 2019), *aff'd* 847 F. App'x 296 (6th Cir. 2021) (additional corrective measures unnecessary where the substituted party had some notice of the ongoing proceeding).

### IV. Conclusion

The terms of the Bankruptcy Sale Order are clear - West Indies is a "Purchaser" and "must" become a party to the Consent Decree. In the more than 18 months since the Bankruptcy Court issued the Sale Order, requiring West Indies to become a party to the Consent Decree, West Indies has failed to perform. The United States' Motion to Substitute seeks to ensure that West Indies complies with the Sale Order as it relates to the Consent Decree. To be a party to the Consent Decree, West Indies must become a party to this case.

For the reasons stated in the United States' Motion in Support (Doc. 68) and above, the Court should substitute defendant LBR with West Indies, Port Hamilton, and the TRE.

        Respectfully submitted,

        FOR THE UNITED STATES OF AMERICA
        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division

        *s/ Myles E. Flint, II*
        Myles E. Flint, II
        Senior Counsel
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice - P.O. Box 7611
        Washington, DC 20044-7611
        Tel: 202-307-1859
        myles.flint@usdoj.gov

OF COUNSEL:
Teresa Dykes
Senior Attorney
U.S. Environmental Protection
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave. NW (2242A)
Washington, DC 20460

Sara Froikin
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 16th Floor
New York, NY 10007

CERTIFICATE OF SERVICE

The undersigned certifies that on September 1, 2023, he filed the *UNITED STATES' REPLY TO WEST INDIES' RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances.

/s/ *Myles E. Flint, II*