IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| UNITED STATES OF AMERICA, and<br>THE UNITED STATES VIRGIN ISLANDS,<br><br>        Plaintiffs,<br><br>        v.<br><br>HOVENSA L.L.C.<br><br>        Defendants. | Civ. No. 1:11-cv-00006 (RAM/EAH) |

**DECLARATION OF MYLES E. FLINT, II IN SUPPORT OF UNITED STATES'
REPLY TO WEST INDIES PETROLEUM LIMITED'S RESPONSE TO
PLAINTIFF'S MOTION TO SUBSTITUTE**

I, Myles E. Flint, II, declare as follows:

1. I am a Senior Counsel with the Environmental Enforcement Section of the United States Department of Justice.

2. Exhibit A to this Declaration is a true and correct copy of a February 19, 2022 email from Julie Domike to Myles Flint, without the attachment.

3. Exhibit B to this Declaration is a true and correct copy of an email exchange between Myles Flint and Julie Domike dated April 26 and April 27, 2022.

4. Exhibit C to this Declaration is a true and correct copy of a May 17, 2022 cover email with attached letter from Thomas Eagan to Myles Flint, without the letter enclosures.

5. Exhibit D to this Declaration is a true and correct copy of a July 27, 2022 letter from Myles Flint to Thomas Eagan.

1

6. Exhibit E to this Declaration includes true and correct copies of excerpts from the *Memorandum In Support Of Motion For Reconsideration Of Order Granting The United States' Motion For Substitution*, Case No. 1:21-cv-000264, ECF Doc. 27.

*s/ Myles E. Flint, II*

**FLINT EXHIBIT A**

# Flint, Myles (ENRD)

| | |
|---|---|
| **From:** | Domike, Julie <JDomike@babstcalland.com> |
| **Sent:** | Saturday, February 19, 2022 12:07 PM |
| **To:** | Flint, Myles (ENRD) |
| **Cc:** | 'Tom Eagan' |
| **Subject:** | [EXTERNAL] FW: Quitclaim Deed, in favor of Port Hamilton, as filed with the Recorder of Deeds-St. Croix |
| **Attachments:** | Quitclaim Deed.Stamped-As-Filed (B0387022xC4935).pdf |

Myles,
Following our conversation about West Indies being noted in the Asset Purchase Agreement, I spoke with Tom Eagan and learned that the actual deed, as filed, for the refinery is in the name of Port Hamilton Refining and Transportation, LLLP.  Attached is the Deed for your files.  West Indies is not the Grantee, only Port Hamilton.  Therefore, there is no need for any entity other than Port Hamilton to become a signatory on any document or filing.

Please let me know if you have any comments or questions.
Many thanks,
Julie

**Julie R. Domike**
Attorney at Law
jdomike@babstcalland.com



505 9th St. NW
Suite 700
Washington, DC 20004
**Direct** 202.853.3453
**Main** 202.853.3455
**Fax** 202.853.3471
**Cell** 301.518.0972
**www.babstcalland.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Babst, Calland, Clements & Zomnir, P.C.

**FLINT EXHIBIT B**

# Flint, Myles (ENRD)

| | |
|---|---|
| **From:** | Domike, Julie <JDomike@babstcalland.com> |
| **Sent:** | Wednesday, April 27, 2022 10:39 AM |
| **To:** | Flint, Myles (ENRD); 'Tom Eagan' |
| **Subject:** | [EXTERNAL] RE: Limetree / WI / PHRT |

Good morning, Myles.
Thank you for this more detailed discussion. Do you have time today for a call with me and Tom Eagan about this? Please let us know when you might be available.
Many thanks,
Julie

**Julie R. Domike**
Attorney at Law
jdomike@babstcalland.com



505 9th St. NW
Suite 700
Washington, DC 20004
**Direct** 202.853.3453
**Main** 202.853.3455
**Fax** 202.853.3471
**Cell** 301.518.0972
www.babstcalland.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Babst, Calland, Clements & Zomnir, P.C.

**From:** Flint, Myles (ENRD) <Myles.Flint@usdoj.gov>
**Sent:** Tuesday, April 26, 2022 7:16 PM
**To:** Domike, Julie <JDomike@babstcalland.com>; 'Tom Eagan' <TEagan@rascoklock.com>
**Subject:** RE: Limetree / WI / PHRT

> ATTENTION: Email sent from outside Babst Calland.

Julie,
I did check and I don't have any guidance on the type of documents.

However, it might be helpful for me to explain our insistence on receiving documentation to support WI claim that it is not involved in the refinery. Our position is premised on the following facts. The auction was reopened specifically to allow WI the opportunity to bid, that WI provided the required deposit to participate in the auction, that WI participated in the reopened auction and was ultimately identified as the winning bidder. The bankruptcy proceeding includes testimony that clearly identifies WI as the purchaser, including Mr. Chamber's testimony during the Sale Hearing on December 21,

2021, that he and his partners were providing 70% of the money towards the purchase.  This all resulted in an APA and a Sale Order that identify the purchaser as both WI and PHRT.  Subsequent to the Sale Hearing there were a number of articles noting that the refinery now belongs to WI, including this article on January 26 that states that WI funded $50.5 m of the sale (https://viconsortium.com/vi-business/virgin-islands-limetree-bay-refinery-now-belongs-to-west-indies-petroleum), and this article noting that WI closed the deal to acquire the refinery (https://www.jamaicaobserver.com/business/done-deal/).  The various bankruptcy documents / testimony and the news articles demonstrate that WI is directly involved in this venture.  It is further our understand that because of WI involvement and the location of WI's ownership, CFIUS (Committee on Foreign Investment in the U.S.) was, and possibly still is, looking into the sale.

Given all of this, there must be documentation to show, demonstrate, or support WI's claim that it has no involvement in this venture in any way.
Thanks,
Myles

---

**From:** Domike, Julie <JDomike@babstcalland.com>
**Sent:** Tuesday, April 26, 2022 2:54 PM
**To:** Flint, Myles (ENRD) <Myles.Flint@usdoj.gov>; 'Tom Eagan' <TEagan@rascoklock.com>
**Subject:** [EXTERNAL] RE: Limetree / WI / PHRT

Myles,
Thank you for your note and the reminders of these items.  We will get back to you on all of these this week, including scheduling time for the air monitoring teams to meet by phone.  Port Hamilton does have comments and edits on the draft joint stipulation and I suggest we schedule time to discuss these (I will send a markup to you before the call).  With respect to West Indies, you had indicated earlier that you would seek guidance from the bankruptcy lawyers to identify what kind of document would be deemed adequate to confirm WI's non-involvement in the St. Croix refinery purchase.  Would a signed statement from an official with WI to that effect suffice?
Best regards,
Julie



**Julie R. Domike**
Attorney at Law
jdomike@babstcalland.com

505 9th St. NW
Suite 700
Washington, DC 20004
**Direct** 202.853.3453
**Main** 202.853.3455
**Fax** 202.853.3471
**Cell** 301.518.0972
**www.babstcalland.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Babst, Calland, Clements & Zomnir, P.C.

**From:** Flint, Myles (ENRD) <Myles.Flint@usdoj.gov>
**Sent:** Tuesday, April 26, 2022 2:08 PM
**To:** Domike, Julie <JDomike@babstcalland.com>; 'Tom Eagan' <TEagan@rascoklock.com>
**Subject:** Limetree / WI / PHRT

> ATTENTION: Email sent from outside Babst Calland.

Julie and Tom,

Would like to follow up with you on the following items relating to the refinery:
1. The status and anticipated timing of WI/PHRT's submission of a revised Phase II Purge Plan.
2. The status and anticipated timing of WI/PHRT's submission of the amine purge plan.
3. The status and anticipated timing of WI/PHRT's submission of the revised QAPP.
4. Whether WI/PHRT have any comments or proposed edits to the draft First Amended Joint Stipulation that was circulated on April 15th.
    a. As a follow up to our March 22 call, WI will remain a party to this document unless we receive documentation demonstrating that WI has no involvement in this venture.
5. Scheduling a call between the WI/PHRT ambient air monitoring team and the EPA air monitoring team to discuss the averaging analysis.

Thank you,
Myles


*Myles E. Flint, II*
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
(o) (202) 307-1859
(c) (202) 532-3377

**FLINT EXHIBIT C**

| | |
|---|---|
| From: | Tom Eagan |
| To: | Flint, Myles (ENRD) |
| Cc: | Domike, Julie |
| Subject: | [EXTERNAL] ownership question |
| Date: | Tuesday, May 17, 2022 12:53:58 PM |
| Attachments: | ownership question.pdf |

Good afternoon, Myles,

I hope this email finds you in good health and spirits.

I have attached hereto a PDF file which contains my letter to you in connection with establishing that the Asset Purchase Agreement ("APA") approved pursuant to the Sale Order and annexed as an exhibit thereto, provided that title to the purchased assets would be held by Port Hamilton Refining and Transportation, LLLP ("Port Hamilton").

The PDF file also contains a copy of the recorded deed in favor of Port Hamilton.

Julie and I know you have access to the Sale Order as well as the APA and accordingly, I did not attach said documents.

I thank you for your consideration herein.

Best regards,
Thomas V. Eagan
Rasco Klock
305 299 0251

# RASCO | KLOCK

────── ATTORNEYS ──────

RASCO | KLOCK | PEREZ | NIETO

Thomas V. Eagan
Senior Counsel
305.476.7109
teagan@rascoklock.com

May 16, 2022

**VIA E-MAIL**
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
Attn: Myles E. Flint, II
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Myles.Flint@usdoj.gov

Re: Post-Closing ownership by Port Hamilton Refining and Transportation, LLLP of the Refinery Assets

Dear Mr. Flint:

We represent West Indies Petroleum Limited ("West Indies") and Port Hamilton Refining and Transportation, LLLP ("PHRT") in connection with the pending bankruptcy case captioned as *In re Limetree Bay Services, LLC, et al.*, Case No. 21-32351 (DRJ) (the "Bankruptcy Case").

We understand that the U.S. Department of Justice has requested confirmation of the post-closing ownership of the assets purchased pursuant to the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* entered by the Bankruptcy Court for the Southern District of Texas at docket number 977 in the Bankruptcy Case (the "Sale Order").

Pursuant to the Sale Order, upon closing, title to the Purchased Assets (as defined in the Sale Order) was vested in PHRT. *See* Sale Order at ¶ W and §§ 9 ("On the Closing, the Purchaser shall take title to and possession of the Purchased Assets in PHRT...."), 12. This result follows from the *Asset Purchase Agreement dated as of December 2021* (the "APA") approved pursuant to the Sale Order and annexed as an exhibit thereto, that provided title to the Purchased Assets would be held by PHRT. *See* APA at §§ 1.1. Finally, I have also enclosed a copy of the Quit Claim Deed dated as of January 19, 2022 in favor of PHRT, as recorded under File No.: 0080407 on January 24, 2022, which confirms that title was taken in the name of PHRT. Accordingly, West Indies does not hold title to the Purchased Assets, and title is held by PHRT.

We believe that this should resolve the request of the U.S. Department of Justice, and confirms that title the Refinery Assets is held by PHRT.

Sincerely,

Rasco Klock

By: _____
Thomas V. Eagan, Esq.

Encl. Sale Order, APA, and Quit Claim Deed

2555 PONCE DE LEON BLVD. SUITE 600 CORAL GABLES FLORIDA 33134 PH 305.476.7100 FAX 305.476.7102
WWW.RASCOKLOCK.COM

**FLINT EXHIBIT D**

Case: 1:11-cv-00006-RAM-EAH Document #: 78-1 Filed: 09/01/23 Page 13 of 20



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-2-1-08229/1
90-5-2-1-08229/3

---

*Environmental Enforcement Section*  *Telephone (202) 307-1859*
*P.O. Box 7611*  *Facsimile (202) 616-2427*
*Washington, DC  20044*

July 27, 2022

<u>VIA ELECTRONIC MAIL</u>

Thomas V. Eagan, Esq.
Rasco Klock Perez & Nieto
2555 Ponce de Leon Blvd, Suite 600
Coral Gables, Florida 33134

**Re:** *United States and the United States Virgin Islands v. HOVENSA L.L.C.*, **Civ. No. 1:11-cv-000006; and** *United States v. Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC,* **Civ. No. 1:21-cv-00264**

Dear Mr. Eagan:

In response to your May 16th letter, the United States' position on who must become a party to the Consent Decree and the Joint Stipulation remains unchanged.  West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP have not provided information or documentation sufficient to change the United States' position.

Your May 16th letter incorrectly frames the United States' focus.  As noted during our conversations on March 22 and April 27, the United States' focus is <u>not</u> on the post-closing ownership of the assets.  Instead, the United States' focus has always been on the Court's requirements in the *Order (I) Authorizing the Sale of All of Substantially All of the Debtors' Assets Free and Clear of liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform under the Asset purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Doc. No. 977) (the "Sale Order").  Specifically, paragraph 11 of the Sale Order requires, *inter alia*, that:

> [T]he **Purchaser** must become party to (i) the Consent Decree as modified by the First Modification and Second Modification in United States and the United States Virgin Islands v. HOVENSA, L.L.C, Civ. No. 1:11-cv-00006, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"), and (b) the Joint Stipulation in United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC, Civ. No. 1:21-cv-00264 . . . (emphasis added).

The Sale Order defines the "Purchaser" at page 2 as "West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP (together, the "Purchaser")." None of the Sale Order language you highlighted in your letter does anything to alter the requirement in paragraph 11.

The term **Purchaser** is defined consistently in numerous orders issued by Judge Jones in the bankruptcy proceedings to mean both West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP. Additional examples include the following:

- Asset Purchase Agreement (Doc. No. 977-1, Exhibit 1 to the Sale Order, Doc. No. 977) states in the very first paragraph that:
  *West Indies Petroleum Limited ("WIPL"), a Jamaican corporation, and Port Hamilton Refining and Transportation, LLLP, a Virgin Islands limited liability limited partnership, formed by West Indies Petroleum Limited pursuant to the laws of the United States Virgin Islands ("PHRT" and, together with WIPL, "Purchaser"; Purchaser and Sellers, each a "Party" and collectively "Parties").*

- The Bill of Sale that is Appendix A to the Asset Purchase Agreement (Doc. No. 977-1) states that Purchasers are *West Indies Petroleum Limited ("WIPL"), a Jamaican corporation, and Port Hamilton Refining and Transportation, LLLP ("PHRT"), a Virgin Islands limited liability limited partnership.*

- Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated March 18, 2022 (Doc. No. 1204), Section II.A.144, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- Revised Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated April 4, 2022 (Doc. No. 1252), Section II.a.143, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- Revised Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated April 11, 2022 (Doc. No. 1273-1), Section II.A.143, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- *Order Approving Disclosure Statement on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors*, Doc. No. 1454), Exhibit A, Section II.A.144, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

In addition to these bankruptcy documents, and as noted in my April 26, 2021 email, the United States' position is supported by the following:

- Mr. Charles Chambers, the CEO of West Indies Petroleum Limited, signed the Asset Purchase Agreement on behalf of West Indies Petroleum Limited, a Jamaican corporation;

- Mr. Chambers testified at the December 21, 2021 Sale Hearing that he and his partners in West Indies Petroleum Limited were providing 70% of the money towards the purchase price;

- A Virgin Islands Consortium article of January 26, 2022 noting that West Indies Petroleum Limited funded $50.5 million of the sale price (https://viconsortium.com/vi-business/virgin-islands-limetree-bay-refinery-now-belongs-to-west-indies-petroleum); and

- A Jamaica Observer article of January 28, 2022 reporting that Mr. Chambers confirmed that West Indies Petroleum Limited closed the deal to acquire the Limetree Bay Refinery (https://www.jamaicaobserver.com/business/done-deal/).

To be clear, West Indies Petroleum Limited's statement on June 22, 2022, and Port Hamilton Refining and Transportation, LLLP's statement of June 23, 2002, both of which appear to focus on who took ownership of the assets by relying almost solely on a Quit Claim Deed for the transfer of the real property, are not sufficient documentation to demonstrate that West Indies Petroleum Limited is relieved from its obligations in the Court's *Final Order Approving Disclosure Statement on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* dated May 20, 2022 (Doc. No. 1454).

In the meantime, the United States requests that West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP provide the following information:

- Identify the individuals and entities that provided the $62 million to close the bankruptcy sale;

- For West Indies Petroleum Limited:
  - Provide copies of all corporate formation documents;
  - Identify the ownership, legal, and management structure of West Indies Petroleum Limited, including the direct and indirect subsidiaries of West Indies Petroleum Limited;
  - Provide a list of all partners, investors, shareholders, officers, directors, and managers of West Indies Petroleum Limited;
  - Provide a list of all direct and indirect subsidiaries, and joint ventures of West Indies Petroleum Limited; and
  - Explain what legal factors West Indies Petroleum Limited was referencing in this statement from its' June 22 press release:
    - "Although an initial participant in the early bidding process, due to legal factors WIPL elected not to further pursue the initiative. Those factors also constrained WIPL from commenting sooner about the inaccurate reports in the media."

- For Port Hamilton Refining and Transportation, LLLP
  - Provide copies of all corporate formation documents of Port Hamilton Refining and Transportation, LLLP and any related entity;
  - Identify the ownership, legal, and management structure of Port Hamilton Refining and Transportation, LLLP, including the direct or indirect

- Identify the ownership, legal, and management structure of Port Hamilton Refining and Transportation, LLLP, including the direct or indirect parents of Port Hamilton Refining and Transportation, LLLP;
- Provide a list of all partners, investors, shareholders, officers, directors, and managers of Port Hamilton Refining and Transportation, LLLP; and
- Provide a list of all direct or indirect parent companies, subsidiaries, and joint ventures of Port Hamilton Refining and Transportation, LLLP.

We look forward to the receipt of this information.

Very truly yours,

Myles E. Flint, II

cc:
Julie Domike
Liliana Villatora
Sara Froikin
Teresa Dykes
Flaire Mills

**FLINT EXHIBIT E**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civ. No. 1:21-cv-00264 (WAL/EAH) |
| | ) |
| v. | ) |
| | ) |
| LIMETREE BAY TERMINALS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION
OF ORDER GRANTING THE UNITED STATES' MOTION FOR SUBSTITUTION**

West Indies Petroleum Limited ("WIPL") and Port Hamilton Refining and Transportation, LLLP ("PHRT") hereby file this Memorandum in Support of Motion for Reconsideration of this Court's November 17, 2022 Order (ECF No. 25, hereinafter "Substitution Order") granting the United States' *Motion, Pursuant to Fed. R. Civ. P. 25(c), to Substitute WIPL, PHRF, and the Transportation Refinery Entity, LLC for Defendant Limetree Bay Refining, LLC* (ECF No. 23, hereinafter "Motion to Substitute"), pursuant to Local Rules of Civil Procedure 6.1(b)(3) and 7.3(a)(3). WIPL and PHRT file this Memorandum in Support of Motion for Reconsideration to correct clear error or prevent manifest injustice.

I.     **LEGAL STANDARD ON MOTION FOR RECONSIDERATION**

A party may file a motion asking this Court to reconsider its order or decision. Reconsideration is appropriate when there is an (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. LRCi. 7.3(a). To prevail under a Motion for Reconsideration under the "manifest injustice" prong,

the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Prosper v. U.S. V.I. Bureau of Corrections*, 2020 WL 13133786, at *1 (D.V.I. Oct. 29, 2020) (internal quotations omitted). "A motion for reconsideration should address only factual and legal matters that the Court may have overlooked." *Charleswell v. Chase Manhattan Bank, N.A.*, 277 F.R.D. 277, 281 (D.V.I. 2011) (internal quotations omitted).

Motions for reconsideration under Local Rule 7.3 must be filed within 14 days of the entry of the applicable order or decision unless the time is extended by the Court. LRCi. 6.1(b)(3).

## II. RELEVANT FACTUAL BACKGROUND

PHRT purchased specific assets of Defendant Limetree Bay Refining, LLC ("LBR") and its affiliated debtors through the Bankruptcy Court-approved bidding process. The terms of PHRT's purchase of those assets are memorialized in an Asset Purchase Agreement ("APA"), which was approved in the Sale Order entered by the United States Bankruptcy Court for the Southern District of Texas (hereinafter the "Bankruptcy Court") on December 21, 2021 (Case No. 21-32351, ECF Nos. 977 and 977-1) (hereinafter the "Sale Order").[1] The APA and Sale Order include express limitations and conditions on PHRT's purchase of specified assets of Defendant LBR and its affiliated debtors, as well as critical conditions and limitations on WIPL and PHRT's participation in this lawsuit.

---

[1] The purchase of specified assets of Defendant LBR and its affiliated debtors, as memorialized in the APA, closed on January 21, 2022 (Case No. 21-32351, ECF No. 1112). At closing, WIPL did not take title to any of the assets; only PHRT took title. WIPL did however agree under the Sale Order to be bound, along with PHRT, by the Joint Stipulation.

==The Sale Order provides that WIPL and PHRT must become party to the Joint Stipulation (ECF Doc. 2) in the present action. (Sale Order at Art. VII, Para. 11).== However, there exists a significant caveat in this paragraph of the Sale Order that limits WIPL and PHRT's liability:

> The Purchaser [defined as WIPL and PHRT] must become party to … the Joint Stipulation … *provided*, that Purchaser shall not become liable for any obligations, other than air monitoring obligations, under such … Joint Stipulation that do not relate to property or units purchased or to be operated by Purchaser pursuant to this Sale Order by reason of so becoming a party to such Consent Decree or Joint Stipulation.

(Sale Order at Art. VII, Para. 11 (emphasis in original)). Thus, while the Sale Order requires WIPL and PHRT to become a "party" to the Joint Stipulation, it expressly limits that obligation to the air monitoring obligations and prospectively to the property or units purchased or to be operated.

Furthermore, the Sale Order is replete with additional language protecting WIPL and PHRT from liability. For example, the Sale Order specifies that the "Purchased Assets shall be transferred to the Purchaser free and clear of any and all Liens, Claims, and Interests of any kind or nature whatsoever," excluding the "Operating Agreement Assumed Liabilities" (Sale Order at Art. VII, Para. 9), which are certain liabilities under the Refinery Operating Agreement dated July 2, 2018, between Limetree Refining (as Refinery Operator) and the Government of U.S. Virgin Islands. (Sale Order at Art. V). "Liens, Claims, and Interests" is defined broadly to include "any and all claims or causes of action based upon or relating to any putative successor **or transferee liability**." (Sale Order at Art. VII, Para. 9(b)(ii) (emphasis added)). In other words, the Sale Order expressly provides that WIPL and PHRT purchased the assets free and clear of any "putative successor or transferee liability" of Defendant LBR.

The Sale Order further specifies:

> **The Purchaser would not have entered into the [Asset Purchase Agreement] and would not have consummated the Sale**, thus adversely affecting the Debtors, their estates, and their creditors, **if the Sale was not free**