IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.<br><br>PLAINTIFFS,<br><br>VS.<br><br>HOVENSA L.L.C.<br><br>DEFENDANT. | CASE NO. 1:11-CV-00006 |

**PORT HAMILTON'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER
ON THE UNITED STATES' MOTION TO SUBSTITUTE**

This case is before the Court in an unusual posture. A final judgment against all party defendants was entered in the case in the form of a consent order. The Magistrate Judge entered an order adding Port Hamilton Refining & Transportation, LLLP ("Port Hamilton") as a "party defendant" and asserted that doing so was a "'***procedural*** device'" and did not "'constitute a decision on the merits or otherwise affect the legal relationship between the parties.'" Doc. No. 81 at 16 (quoting ***Texas v. Am. Tobacco Co.***, Case No. 5:96-cv-00091, 2019 WL 13219407, *2 (E.D. Tex. May 22, 2019) (emphasis added by the Magistrate Judge)). The Magistrate Judge did not explain how adding Port Hamilton as a party defendant to a case where judgment has been entered against the party defendants did not affect Port Hamilton's legal relationship to the Plaintiffs. Because of this and other errors, Port Hamilton objects to the Magistrate Judge's order.

1

## TIME FOR FILING OBJECTIONS

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Objections to non-dispositive orders of a magistrate judge are also due within 14 days of service. Fed. R. Civ. P. 72(a). The Magistrate Judge's order (Doc. No. 81) was entered on September 21, 2023. Port Hamilton's objection is therefore timely.

## STANDARD OF REVIEW

The standard of review of action taken by a magistrate judge depends upon whether it is a non-dispositive *pretrial* matter or a dispositive matter. A magistrate judge may

> hear and determine any *pretrial* matter except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

28 U.S.C. § 636(b)(1)(A) (emphasis added).

The Federal Rules of Civil Procedure recognize that the exceptions listed in 28 U.S.C. § 636(b)(1)(A) relate to dispositive motions. The list is intended to cover all dispositive motions and is thus not exhaustive. ***Williams v. Beemiller, Inc.***, 527 F.3d 259, 265 (2d Cir.2008) (concluding that the list of motions set forth in 28 U.S.C. § 636(b)(1)(A) is "non-exhaustive"). Consistent with the recognition that the list is not exhaustive, Fed. R. Civ. P. 72 sets forth different procedures for a non-dispositive

2

matter decided by a magistrate judge as compared to a dispositive matter. ***Compare*** Fed. R. Civ. P. 72(a) with Fed. R. Civ. P. 72(b). There are two key distinctions between the two types of actions a magistrate judge may take. First, a magistrate judge may decide a non-dispositive issue but may only make a Report and Recommendation ("R&R") with respect to a dispositive matter. ***Id.*** Second, a dispositive decision is reviewed ***de novo***, 28 U.S.C. § 636(b)(1), whereas a non-dispositive decision is reviewed under the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a).

"[A] district judge must review ***de novo*** a magistrate-judge order that has an effect that is identical to that of a dispositive order" regardless as to how it is named. ***Vivint, Inc. v. NorthStar Alarm Servs., LLC***, No. 2:16-CV-00106, 2018 WL 1449516, at *2 (D. Utah Mar. 23, 2018). ***See also Ocelot Oil Corp. v. Sparrow Indus.***, 847 F.2d 1458, 1462 (10th Cir.1988) (stating that "motions not designated on their face as [dispositive] are nevertheless to be treated as such a motion when they have an identical effect").

### A. THE MAGISTRATE JUDGE LACKED THE AUTHORITY TO ENTER A POST-JUDGMENT ORDER.

As noted, a magistrate judge's power is limited to ***pretrial*** matters.28 U.S.C. § 636(b)(1)(A) (pretrial non-dispositive matters). With respect to dispositive matters, 28 U.S.C. § 636(b)(1)(B) only authorizes a district judge to refer the ***pretrial*** motions listed in 28 U.S.C. § 636(b)(1)(A) (and post-trial applications for relief relating to certain criminal matters) to a magistrate judge. By implication, a magistrate judge lacks authority to issue an R&R relating to a post-judgment matter raised in a civil case. ***Cf. Dobler v. Schwartz***, No. 22-1391, 2023 WL 4236219, at *1 (10th Cir. Jan. 17, 2023)

3

(observing that neither 28 U.S.C. § 636(b)(1)(B) nor 28 U.S.C. § 636(b)(1)(A) "speak[] to post-judgment civil matters").

This is a case that has gone to final judgment in the form of a consent order. *See Rufo v. Inmates of Suffolk C'nty. Jail*, 502 U.S. 367, 391 (1992) (recognizing that a consent order is a final judgment). As such, nothing that occurs in this case can be considered to be a "pretrial matter." Consequently, the Magistrate Judge was without any authority to deal with the issue.[1]

In addition to the fact that the issue before the Court was not a pretrial matter, there is the fact that it had the effect of amending a final judgment of this Court entered by the District Judge. The proposition that a magistrate judge may not modify a district judge's final judgment (or any order) should require no citation to authority.[2]

---

[1] In its opposition to the United States' motion Port Hamilton pointed out that there was a question regarding the magistrate judge's authority to rule on the motion. Doc. No. 71 at 10, n.8. The United States had not argued that the Magistrate Judge had such authority and it was not clear that the Magistrate Judge would, without a referral from the District Judge, undertake to decide the issue. Thus there was no need to fully brief the issue. The Magistrate Judge "decline[d] to address the issue because Port Hamilton did not present argument on the issue." Doc. No. 81 at 17, n.4. Of course, a court must *always* determine its authority even if the parties do not address the issue.

[2] Counsel has been unable to find direct authority for this express proposition. However, authority to enter a final judgment is "fundamentally an exclusive power" of a district judge. *Horton v. State St. Bank & Tr. Co.*, 590 F.2d 403, 404 (1st Cir. 1979). It stands to reason that a magistrate judge may not amend such a judgment. (*Horton* dealt with the power of an Article III district judge; however, the powers of a magistrate judge in this Court are identical the powers of a magistrate judge in an Article III court.)

## B. THE MAGISTRATE JUDGE LACKED AUTHORITY TO ENTER THE ORDER ON THE MOTION TO SUBSTITUTE BECAUSE THE MOTION SOUGHT RELIEF THAT HAD A DISPOSITIVE EFFECT.

The United States' motion had dispositive effect. While it was stylized as a motion to substitute a party, the effect was to substitute Port Hamilton as a party defendant in a case where judgment has been entered against all party defendants. There is no other action to be taken in the case and thus the ***only*** effect the Magistrate Judge's order could have was to substitute Port Hamilton as a party that is subject to the judgment. Consequently, the Magistrate Judge's order should be treated as if it were an R&R and be reviewed ***de novo***.[3]

### SPECIFIC OBJECTIONS TO THE R&R/ORDER

In addition to the issue of authority discussed above, Port Hamilton objects to the following aspects of the Magistrate Judge's order:

1. The Magistrate Judge erred by concluding that the Court had jurisdiction beyond the scope of the jurisdiction it specifically retained when the consent order was entered.

2. The Magistrate Judge erred in ruling that Port Hamilton was a "successor" to

---

[3] To the extent that the Court concludes that the Magistrate Judge's order was non-dispositive, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A magistrate judge's finding is clearly erroneous if, upon consideration of the record evidence, the district court is 'left with the definite and firm conviction that a mistake has been committed' and 'is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.'" ***Hoffman as Trustees of Harvey M. Hoffman & Janice E. Hoffman Revocable Tr. U/A/D Nov. 15, 2019 v. Hammerhead Constr., LLC***, No. 3:21-CV-0046, 2023 WL 6121972, at *1 (D.V.I. Sept. 19, 2023) (quoting ***Kounelis v. Sherrer***, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)).

5

Limetree Bay Refining when the United States only raised that issue in its reply brief.

3. The Magistrate Judge erred when he concluded that a party can have no status in a case other than as a plaintiff or a defendant.

4. The Magistrate Judge erred when he ignored the fact that Port Hamilton had not agreed to join the consent decree as a "party defendant."

## BACKGROUND

On December 21, 2021, the bankruptcy court overseeing the Limetree Bay Refining, LLC ("LBR") bankruptcy approved the sale of LBR's assets to Port Hamilton.[4] Paragraph 11 of the Sale Order specified that "Purchaser" (defined as including Port Hamilton and West Indies Petroleum Limited) would become a "party" to, and anticipated that the parties would "mutually consent" to, amendments to the Consent Decree:

> Furthermore, notwithstanding anything in this Order or in the APA to the contrary, the Purchaser must become ***party to*** (I) the Consent Decree as modified by the First Modification and Second Modification in ***United States and the United States Virgin Islands v. HOVENSA L.L.C.***, Civ. No. 1:11-cv-00006, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"), and (b) the Joint Stipulation in ***United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC***, Civ. No. 1:21-cv-00264 ***(as each may be amended with the mutual consent of the parties)***; provided, that Purchaser shall not become liable for any obligations, other than air monitoring obligations, under such Consent Decree or Joint Stipulation that do not relate to property or units purchased

---

[4] "2021 Sale Order," Doc. No. 977 in Case No. 21-32351 in the SD/TX Bankruptcy Court.

6

> or to be operated by Purchaser pursuant to this Sale Order by reason of so becoming a party to such Consent Decree or Joint Stipulation. Nothing in this Order or the Sale Agreement (a) prevents the U.S. Environmental Protection Agency or other agency from issuing any order or taking other action under applicable nonbankruptcy law, or (b) modifies the Consent Decree, the Joint Stipulation, or any other applicable environmental, health and safety, or police and regulatory law.

Sale Order, ¶11 (emphasis added).

On May 20, 2022, six months after specifying that Port Hamilton must become a "party," the same bankruptcy court entered an order confirming LBR's Chapter 11 bankruptcy plan, which provided that LBR "survive[d]" as an entity named "Transition Refinery Entity."[5] Unlike the 2021 Sale Order approving the sale to Port Hamilton, the Confirmation Order expressly provided "[t]he Transition Refinery Entity shall be fully bound by all provisions of the Consent Decree and the Joint Stipulation and shall cooperate in the substitution of the Transition Refinery Entity as **a named defendant** in both cases."[6]

Thus, at the conclusion of the bankruptcy proceeding, the bankruptcy court had accepted the negotiated sale terms (the United States was one of the parties involved in the negotiation[7]) that required Port Hamilton to become a "party" to the consent

---

[5] Findings of Fact and Conclusions of Law, ¶G.e, Doc. No. 1454 ("Confirmation Order") in Case No. 21-32351 in the SD/TX Bankruptcy Court (emphasis added).

[6] Confirmation Order, ¶31.

[7] The United States concedes at pages 6 and 9 of its motion (Doc. No. 68) that it was satisfied with the language in each of these orders and ***actually negotiated the terms of both orders***:

7

decree and separately ordered that Transition Refinery Entity ("TRE") become a "named defendant."

**ARGUMENT**

**A. THIS COURT DID NOT RETAIN JURISDICTION TO MODIFY THE CONSENT ORDER OVER THE OBJECTION OF A PARTY.**

When considering the United States' motion to substitute parties (in reality a disguised effort to modify the consent decree), it is important to recognize that this is a case that proceeded to final judgment—there is no ongoing litigation. A consent decree is a final judgment. *Rufo*, 502 U.S. at 391. The United States and HOVENSA, LLC entered into the consent decree in 2011. Doc. No. 3. The consent decree was modified by the consent of the parties with the modification approved and entered by this Court on December 30, 2021. Doc. No. 42. Under the terms of the consent decree, this Court retained jurisdiction "for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating disputes between the

---

> "Language resolving the United States' Limited Sale Objection is found in paragraphs 10 and 11 of the Sale Order."

Doc. No. 68 at 6.

> "As with the Sale Order discussed above, the Debtors, the Purchaser, and the United States negotiated the language of the Proposed Order as it relates to environmental matters, including this action [referring to this Consent Decree action]."

*Id.* at 9.

8

United States, the Virgin Islands, and HOVENSA[8] that may arise under the provisions of this Consent Decree until the Decree terminates in accordance with Part XIX (Termination)." Doc. No. 3 at 128–29 (¶190). Further, the consent decree provides that "Material modifications to this Consent Decree will be in writing, signed by the Parties, and will be effective upon approval by the Court." Doc. No. 3 at 148 (¶228).[9]

In its motion to substitute, the United States did not raise any issue relating to Port Hamilton that fell within the narrow scope of this Court's retained jurisdiction.[10] The United States relied instead upon an order of the LBR bankruptcy court. The United States asserts that Port Hamilton must be added to the consent decree by virtue of an order of that court. To the extent that the United States believes that Port Hamilton was in violation of that court's order, it should return to that court to seek enforcement of the order. But the United States has no remedy in this action.

---

[8] Now Limetree Bay Terminals, LLC, Limetree Bay Refining, LLC and the HOVENSA Environmental Response Trust by virtue of the First Modification to the consent decree.

[9] It is not clear that the Court had jurisdiction to enter the First Modification, as the First Modification does not appear to have involved "implementing" or "enforcing" the terms and conditions of the consent decree and there does not appear to have been a "dispute" between the parties to the consent decree. Rather, there was a change in circumstances that was not anticipated in the language of the consent decree (which had been drafted by the parties and presented to the Court for approval). That issue need not be resolved for purposes of resolving the pending motion.

[10] The situation is different for Terminal Refining Entity, LLC ("TRE"). LBR was "reorganized as the Transition Refinery Entity, LLC" effective June 10, 2022. It is entirely appropriate for this Court to perform the ministerial task of substituting TRE for LBR (assuming that the Court had jurisdiction to enter the First Modification, which substituted LBR, Limetree Terminal, LLC and the HOVENSA Environmental Response Trust for HOVENSA).

9

The Magistrate Judge characterized Port Hamilton's assertion that this Court lacked jurisdiction over the effort to **add** Port Hamilton to the consent decree as a "merits argument against liability in the guise of a jurisdictional argument against substitution." Doc. No. 81 at 17. As noted, however, there is no ongoing litigation in this case. This case is concluded and reduced to a final judgment. The only effect of "substituting" Port Hamilton as a party defendant is to make it subject to the terms and conditions of the consent decree—a judgment on the merits against Port Hamilton.

Moreover, the Magistrate Judge's analysis as to how the effort to add Port Hamilton falls within the retained jurisdiction clause of the consent decree is flawed:

- "PHRT and WIPL both consented, as Purchasers, to become subject to the consent decree, as modified, as a condition of the sale of LBR's assets to them."
- "the district court has retained jurisdiction to enforce the terms of the consent decree and adjudicate disputes arising under the consent decree."
- "nothing in the Sale Order divested this Court 'of any jurisdiction it may have under police or regulatory law to interpret this [Sale] Order or to adjudicate any defense asserted under this Order.'" (quoting the Sale Order)

Q.E.D.:  "this Court has jurisdiction to interpret the consent decree."

Doc. No. 81 at 17.

The fact that the bankruptcy court order did not divest this Court of "any jurisdiction it may have" does not **confer** jurisdiction upon this Court. And, as the

10

second point the Magistrate Judge made clearly states, this Court's jurisdiction is limited (by the specific language in the consent decree) to enforcing the consent decree and adjudicating disputes under it. As for the Magistrate Judge's conclusion, he did not interpret the consent decree—he interpreted (and actually modified) the bankruptcy court's order.

"Federal courts are courts of limited jurisdiction." ***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." ***Id.*** (internal citations omitted). The limited nature of this jurisdiction extends to issues that arise after a case is final. For example, enforcement of a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." ***Kokkonen***, 511 U.S. at 378. However, under the doctrine of ancillary jurisdiction, a federal court may elect to retain jurisdiction to enforce a settlement agreement "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." ***Id.*** at 381. The logic of ***Kokkonen*** extends to retained jurisdiction in consent decrees. ***See, e.g.***, ***Riley v. BMO Harris Bank, N.A.***, 115 F. Supp. 3d 87, 92 (D.D.C. 2015). "[D]istrict courts enjoy no free-ranging 'ancillary' jurisdiction to enforce consent decrees, but are instead constrained by the terms of the decree and related order." ***Pigford v. Veneman***, 292 F.3d 918, 924 (D.C.Cir. 2002).

Retained (sometimes referred to as "ancillary") jurisdiction "is not limitless and does not require or invite the Court to decide all the issues presented." ***Triple S Properties Inc. v. St. Paul Surplus Lines Ins. Co.***, No. 3:08-CV-796-O, 2010 WL 3911422, at *3 (N.D. Tex. Oct. 5, 2010). Such jurisdiction allows a Court to decide "'whether and under what terms' to enforce the settlement, but it may go no further without an independent basis for jurisdiction. ***Wise v. Wilkie***, 955 F.3d 430, 436 (5th Cir. 2020) (cleaned up)." V***ikas WSP, Ltd. v. Econ. Mud Prod. Co***., 23 F.4th 442, 452 (5th Cir. 2022).

The requirement that Port Hamilton join the consent decree as a party is not found within the consent decree and is not a dispute arising under the consent decree. To the contrary, it is a requirement imposed by the bankruptcy court and is a dispute arising under the Sale Order. Adding new parties to the consent decree without their consent (or with their consent but in a status as a "party defendant" that is contrary to the consent given) is beyond the scope of the retained jurisdiction clause. Because the United States' motion does not fall within the narrow limits of the jurisdiction retained by this Court, the Magistrate Judge's order was contrary to law and should be vacated.

### B. THE MAGISTRATE JUDGE ERRED IN RULING THAT PORT HAMILTON WAS A "SUCCESSOR" TO LIMETREE BAY REFINING WHEN THE UNITED STATES ONLY RAISED THAT ISSUE IN ITS REPLY BRIEF.

In seeking to join Port Hamilton to the consent decree as a party defendant, the United States argued in its memorandum in support of the motion that the "transfer of interest" requirement of Fed. R. Civ. P. 25 was met because the acquisition occurred (1) after "the bankruptcy auction was reopened to allow consideration of the West

12

Indies bid"; "after West Indies and Port Hamilton were designated the 'Winning Bidder' who would 'acquire substantially all assets of Debtors estate"; and "became effective upon the closing of the sale." Doc. No. 68 at 13. It further argued

> West Indies' and Port Hamilton's acquisition of defendant LBR's assets and the Sale Order's requirement that West Indies and Port Hamilton become parties to the Consent Decree satisfy the ***transfer of interest*** requirement of Rule 25(c).

*Id.* at 12 (emphasis added).

The United States did ***not*** argue that Port Hamilton was a "successor" to LBR until it filed its reply memorandum, at which point it falsely stated, "There is no dispute that Port Hamilton is a successor in interest within the meaning of Rule 25©."

New arguments may not be raised for the first time in a reply brief. ***United States v. King***, No. 3:13-CR-0010, 2023 WL 5135301, at *6 (D.V.I. Aug. 10, 2023). The Magistrate Judge's order makes it clear that he nevertheless accepted this argument *See* Doc. No. 81 at 15 (stating "Based on this evidence, PHRT certainly qualified ***as a successor to*** Hovensa/LBR and satisfied the Rule 25(c) requirement that it be substituted in place of LBR as a Defendant in this action") (emphasis added).[11]

---

[11] In yet another procedural anomaly, at least a portion of "this evidence" the Magistrate Judge relied upon was submitted by WIPL in its opposition filed two weeks after Port Hamilton filed its opposition. Port Hamilton obviously had no opportunity to respond to "this evidence" in the context of an argument about its status as a successor when neither the argument nor some of the evidence relied upon by the Magistrate Judge were a part of the record at the time Port Hamilton filed its response.

13

Notwithstanding the United States' assertion, there was (and is) a dispute as to Port Hamilton's status as a "successor." Had the United States made such an argument in its initial motion, Port Hamilton would have responded to it, because the Sale Order (which the United States admits it helped negotiate) specifically provides:

> Y. <u>No Successorship</u>. Neither the Purchaser nor any of its affiliates are successors to the Debtors or their estates by reason of any theory of law or equity, and neither the Purchaser nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates, except as otherwise expressly provided in the APA.

Sale Order at 14 (Doc. No. 977 in ***In re: Limetree Bay Services, LLC, et al.***, Case No. 21-32351 (Bankr. S.D. Tex. Dec. 21, 2021)).

It was the United States' burden to show that Port Hamilton was a successor "and that burden cannot be met by an improper attempt to correct the initial failure to support the motion in [a] reply." ***Hoffman as Trustees of Harvey M. Hoffman & Janice E. Hoffman Revocable Tr. U/A/D Nov. 15, 2019,*** 2023 WL 6121972, at *2 (dealing with a party's burden under a Fed. R. Civ. P. 16 motion and holding that it must meet that burden in the motion and not the reply). The Magistrate Judge erred when it accepted the new argument made by the United States in its reply. Regardless, by virtue of the bankruptcy court's order, Port Hamilton is ***not*** a successor as a matter of law.

### C. THE MAGISTRATE JUDGE ERRED WHEN HE CONCLUDED THAT A PARTY CAN HAVE NO STATUS IN A CASE OTHER THAN AS A PLAINTIFF OR DEFENDANT.

Port Hamilton argued in response to the United States' motion that it had only agreed to become a "party"; that the United States had negotiated the terms of the Sale

14

Order requirement that Port Hamilton become a party; and that when the issue of TRE came before the bankruptcy court, that court specified that TRE must become a "named defendant." The Magistrate Judge did not believe there could be a "freestanding" party "subject to the consent decree but unattached to either side of the 'v.' in this litigation." Doc. No. 81 at 15. But there are other types of parties in federal litigation that don't necessarily "attach" to either side of the "v." For example, this Court's ECF system allows a party to be designated as an "interested party" and "claimants" appear in Limitation of Liability actions under 46 U.S.C. §§30501-30512 without being on "either side of the 'v.'" Respectfully, the issue is not how a party might appear in a caption; the issue is whether the Court has jurisdiction over the party. Port Hamilton agreed to be subject to this Court's jurisdiction (*i.e.*, a party)—it never agreed to become a "party defendant" or "named defendant" and the bankruptcy court never required otherwise.

Further, contrary to the pejorative description in the Magistrate Judge's order, there is nothing "incomprehensible"[12] (at least not when quoted in context) about Port Hamilton's explanation that if the Court had jurisdiction over Port Hamilton as a party, it had the ability to enforce the implementation of the consent decree. Port Hamilton controls equipment at the refinery and the party defendants to the consent decree require access to that equipment in order to comply with the consent decree. By having jurisdiction over Port Hamilton as a party, the Court is in a position to "ensure"

---

[12] Doc. No. 81 at 16.

[*e.g.* order or compel] that Port Hamilton facilitates any party defendant that requires Port Hamilton's cooperation to comply with the consent decree." Doc. No. 71 at 3.

### D. THE MAGISTRATE JUDGE HAD NO AUTHORITY TO *INCREASE* THE BURDEN UPON PORT HAMILTON BY MAKING IT A "PARTY DEFENDANT" WHEN THAT WAS NOT WHAT THE BANKRUPTCY COURT ORDERED OR WHAT PORT HAMILTON HAD CONSENTED TO.

Even if the Magistrate Judge was correct that the only possible parties to a lawsuit are "plaintiff" and "defendant," he still lacked the authority to change the terms of the bankruptcy court's order and increase the burden upon Port Hamilton beyond what it had agreed to. "[A] court's authority to enter a consent decree derives from the parties' consent." ***Bainbridge v. Governor of Fla.***, No. 22-10525, 2023 WL 4986412, at *6 (11th Cir. Aug. 4, 2023). Because consent decrees are contractual in nature, ***Fox v. United States Dep't of Housing***, 680 F.2d 315, 319 (3d Cir.1982), they are construed "as contracts." ***United States v. ITT Cont'l Baking Co.***, 420 U.S. 223, 236–37 (1975). "The agreement memorializes the bargained for positions of the parties and should be strictly construed to preserve those bargained for positions." ***Halderman by Halderman v. Pennhurst State Sch. & Hosp.***, 901 F.2d 311, 319 (3d Cir. 1990). In negotiating the Sale Order terms, Port Hamilton agreed to a modification whereby it would become a "party"; it did not agree to become a named defendant.[13] To the extent that the

---

[13] Port Hamilton stands ready, willing, and able to do exactly what the bankruptcy court required—join the consent decree as a party. Port Hamilton is willing to *negotiate* acceptable terms under which it would consent to be joined as a named defendant. But, in the absence of Port Hamilton's additional consent to such changed terms, the only thing Port Hamilton will agree to do is what the bankruptcy court ordered: Join the consent decree as a party.

Magistrate Judge believed that the bankruptcy court used imprecise language, the correct course of action was to deny the motion and allow the United States to return to the bankruptcy court and seek a modification of the Sale Order. But the Magistrate Judge had no authority to modify the requirement imposed by the bankruptcy court.

## CONCLUSION

The Magistrate Judge lacked the power to modify the consent decree and add Port Hamilton as a party defendant. The decision was contrary to law. This Court should vacate the Magistrate Judge's order and enter an order denying the United States' motion to substitute.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: October 5, 2023

/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com