IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE UNITED STATES VIRGIN ISLANDS, <br><br> Plaintiffs, <br><br> v. <br><br> HOVENSA, LLC; WEST INDIES PETROLEUM LIMITED; PORT HAMILTON REFINING AND TRANSPORTATION, LLLP; TRANSITION REFINERY ENTITY LLC; and LIMETREE BAY TERMINALS, LLC, <br><br> Defendants. | CASE NO. 1:11-cv-00006 (RAM/EAH) |

## DEFENDANT WEST INDIES PETROLEUM LIMITED'S OBJECTIONS TO THE MAGISTRATE'S SEPTEMBER 21, 2023 ORDER

**NOW COMES,** Defendant West Indies Petroleum Limited ("WIPL"), and pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A), respectfully submits these objections to Judge Henderson's Order dated September 21, 2023 (ECF No. 81) (the "Order"). The Order is contrary to law and clearly erroneous, and should be vacated as to WIPL. In the alternative, an evidentiary hearing should be held to determine whether there was a transfer of interest sufficient to support an order granting the United States' motion for substitution of WIPL under Federal Rule of Civil Procedure 25. *Luxliner P.L. Export. Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3rd Cir. 1993).

### BACKGROUND

This case concerns the United States' attempt to bind purported transferees of the St. Croix oil refinery property and operation to certain environmental

obligations, originally established against former owner/operator HOVENSA. Following HOVENSA successor Limetree Bay Refining's ("LBR's") Chapter 11 bankruptcy filing in 2021, Port Hamilton Refining and Transportation, LLLP ("PHRT") took title to the refinery property and related assets, and is the sole entity in possession and control of that property and related assets.  PHRT has admitted to this and other courts that it alone has possession and control of the property and that it alone is responsible for obligations concerning its operation.

WIPL has told the United States repeatedly and has proven by furnishing the property deed (ECF No. 77-9), the authenticity and effect of which is not in dispute, that WIPL did not take possession or control of the refinery property.  PHRT's exclusive right to take title to the refinery property, and to operate it, was expressly recognized in the Bankruptcy Court's order approving the sale ("Sale Order," ECF No. 68-1).  As a practical matter, and as a legal matter, WIPL -- a nonowner -- is not in possession or control of the refinery and thus is incapable of carrying out any provision of the Consent Decree (including its modifications).  Neither possession nor control of the refinery were ever transferred to WIPL.  Notwithstanding these circumstances, the Magistrate ordered substitution of PHRT *and* WIPL into the case.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a party may serve and file objections to an order issued by a magistrate judge on a non-dispositive motion.  A party must "specifically designate the order or part thereof objected to and the basis

for the objections." LRCi 72.2(a). A District Court may then modify or set aside any part of the magistrate judge's order if clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §636(b)(1). "[A] decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *McAlarney v. Roy's Constr., Inc.,* 2018 WL 849487 at *3 (D.V.I. Feb. 12, 2018)(quoting *Ellis v. Benedetti,* No. 3:08-cv-00657-MMD, 2014 U.S. Dist, LEXIS 45430 at *10 (D. Nev. Mar. 28, 2014), *aff'd*, 645 F. App's 602 (9th Cir. 2016)). The District Court's review of the magistrate judge's legal conclusions "is plenary." *Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London,* 2012 WL 1067918 at *3 (D.V.I. Mar. 26, 2012).

## DISCUSSION

WIPL objects to its substitution in this matter and all of the Magistrate's underlying legal conclusions, including the conclusions that there was a legally significant transfer of interest allowing substitution under Rule 25(c), and that service of process was proper. See Order pp. 17-27. Additionally, the Magistrate's conclusions were based upon clearly erroneous fact determinations. Among other things, the Magistrate <u>gave no effect to the *unrebutted* affidavit</u> submitted by WIPL Senior Vice President Danville Walker. See Order, Doc. 81, p. 26 and Walker Aff., ECF No. 77-11.

WIPL incorporates its Response to Plaintiff's Motion to Substitute (ECF No. 77) by reference, including all exhibits cited therein. WIPL will not repeat the entirety

of the substantive arguments here. The following is submitted as a summary of WIPL's objections.

1. <u>The Magistrate's Order is contrary to Rule 25(c) because there was no transfer of any interest to WIPL</u>.

For Rule 25 to apply, there must be a "transfer of interest." Fed. R. Civ. P. 25(c). A "transfer of interest" in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit. *Luxliner*, 13 F.3d at 71-72. Yet, the United States has not identified an actual "transfer of interest" of the refinery property or any other refinery asset to WIPL.

The Sale Order did not effectuate, or even contemplate, a merger, and it expressly states that WIPL is not a successor to LBR. Sale Order, Article Y. Accordingly, the question is whether WIPL acquired any interest that is legally significant in the context of the case.

"Members of WIPL were early investors in efforts to acquire assets of Limetree Bay Refining, LLC in bankruptcy. Notwithstanding, WIPL never acquired any refinery assets and has never owned, operated, or otherwise controlled the refinery." Walker Aff., ECF No. 77-11 ¶ 14.

There is no dispute that the deed to the refinery property was conveyed to PHRT. ECF No. 77-9. There also is no dispute that PHRT's exclusive right to take title to the refinery property, and to operate it, was expressly recognized in the Sale Order and related documents. See, e.g., Sale Order ¶ 12; Case 21-32351 ECF No.

977-1 (p. 59 of 103)(Assignment and Assumption Agreement incorporated in the APA transferring refinery service contracts to PHRT).  Finally, there is no dispute as to WIPL's and PHRT's "corporate separateness," ECF No. 77 p. 11, or that the Sale Order states that a purchaser "shall not become liable for any obligations ... that do not relate to property or units purchased or to be operated by" that purchaser. Sale Order ¶ 11.

Despite all these moving parts, the Magistrate erroneously found there is "absolutely no ambiguity to the term 'Purchaser'" in the Sale Order, and adopted the United States' formalistic (and futile) view of the Sale Order as it relates to WIPL. Order, pp. 20-23.  In so doing, the Magistrate also erroneously disregarded the fact that WIPL -- as a non-owner and non-operator -- has no power to do anything that the Consent Decree purportedly requires, including reduce nitrogen oxide emissions, reduce sulfur dioxide emissions, comply with regulations with respect to the Catalyst Regenerator, reduce the sulfur content of combusted fuel oil, monitor the air, and improve flaring devices.

For these reasons and those stated in WIPL's principal brief, the Court should vacate the Order granting substitution as to WIPL.

The Court also should vacate that part of the Magistrate's Order that finds joinder is appropriate as to WIPL as an alternative to substitution.  The Magistrate erroneously states, "WIPL implies, but does not explicitly argue, that a transfer of interests has not been established," and concludes that WIPL did not "squarely

argue" against joinder under Rule 25(c). WIPL respectfully submits that the Magistrate is clearly wrong on both counts. A transfer of interest is required for either joinder or substitution by the plain language of Rule 25(c). WIPL's main argument, delivered in the lion's share of its Opposition Brief, is that a transfer of interests has not been established. See ECF No. 77 pp. 1-13. Further, WIPL cited the case that the United States originally cited in support of joinder, because that case confirms that a transfer of interests must be established for joinder (as an alternative to substitution). The fact that the case was in a footnote does not mean that the issue was not "squarely argued." *See* Order, n. 7, pp. 23-24; *Eastman Chemical Company v. Alphabet, Inc.*, 2011 WL 13054223 (D. Del. Dec. 9, 2011); Doc. 77 n. 5 (WIPL Opposition Brief).

2. The Magistrate's application of *Luxliner* concerning review of the evidence was contrary to law, and the conclusion was clearly erroneous on the facts.

"When competing sworn affidavits may result in one or more genuine issues of material fact, due process requires that a district court judge hear the evidence to assess for him or herself the credibility, or lack thereof, of one side as opposed to the other. Accordingly, we hold that where competing affidavits focus on a material issue, a district court may not decide factual issues arising in the context of Rule 25(c) motions simply by weighing the sworn affidavits against one another." *Luxliner*, 13 F.3d at 72. The Magistrate observed, "[h]ere, however, there are no competing sworn affidavits." Order p. 26. That observation is correct, but incomplete and misapplied.

WIPL filed the *unrebutted* affidavit of Mr. Walker. ECF No. 77-11. That unrebutted affidavit affirms, among other things, that WIPL never acquired ownership or control of the refinery property and does not control the refinery's owner/operator, PHRT. *Id*. The notion that an unrebutted affidavit would preclude an evidentiary hearing, because there is no "competing affidavit," is not in harmony with *Luxliner*. If anything, the lack of a "competing affidavit" is cause to deny the motion for substitution for lack of rebuttal proof that an interest was transferred. Fed. R. Civ. P. 25(c).

The Magistrate engaged instead in speculation about what WIPL's role is in the refinery. Order pp. 18-19, 22. Speculation does not create a fact issue. See *Woodrup v. Gov't*, 75 V.I. 495, 500-503 (V.I. 2022)(concerning habeas corpus petition).

The Magistrate also erred by distinguishing *Luxliner*. The Magistrate noted that in *Luxliner*, a judgment had already been entered. Order p. 26. This is a distinction without a meaningful difference, because the United States seeks to bind WIPL to a consent judgment.

On this record, substitution should have been denied, and the Order should be vacated. At the very least, however, WIPL should be permitted to present evidence and witnesses in an evidentiary hearing under *Luxliner* to further prove that there was no transfer of interests.

3. <u>The Magistrate's Order regarding service of process is contrary to law</u>.

Rule 25 requires that the motion to substitute be served in the manner provided by Rule 4. Fed. R. Civ. P. 25(c) & (a)(3). In turn, Rule 4 requires the service of a summons and complaint. Fed. R. Civ. P. 4(c)(1). A summons must be properly served to obtain personal jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The Magistrate relied on a case from the Eighth Circuit Court of Appeals, which holds that service of a summons and complaint is not required by Rule 25. See Order, p. 25. But, that is inconsistent with the plain language of the rules.

The Magistrate did not discuss WIPL's other service of process argument, which is that the "ritual" and "mechanism" of Rule 4 (that is, to give notice of a matter that is before the Court) was turned upside down by purported service of the motion to substitute more than two weeks before that motion was filed with the Court. See WIPL's argument, ECF No. 77, pp. 13-14, and 4 Fed. Prac. & Proc. Civ. § 1063 (Wright & Miller).

The Order should be vacated for improper service.

4. <u>WIPL adopts PHRT's arguments and objects to the Order requiring WIPL to be a party defendant</u>.

WIPL adopted and incorporated the arguments of PHRT (See ECF No. 71 and ECF No. 77 n. 5) that neither PHRT nor WIPL should be a party defendant (by substitution, joinder, or otherwise), because the Sale Order does not so require. The Magistrate granted substitution despite PHRT's arguments on this issue. Order pp.

14-17. WIPL objects to this component of the Magistrate's Order as well, based upon the arguments presented in PHRT's Opposition Brief, and PHRT's anticipated objections.

Respectfully Submitted,

Dated: October 5, 2023     By:     */s/ Ryan C. Stutzman*
Ryan C. Stutzman, Esq. (VI Bar No. R2053)
**CSA ASSOCIATES, P.C.**
1138 King Street, Suite 100
Christiansted, VI  00820
Tel: 773-3681
Attorney for West Indies Petroleum Limited