**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE UNITED STATES VIRGIN ISLANDS,<br><br>         Plaintiffs,<br><br>    v.<br><br>HOVENSA LLC, LIMETREE BAY REFINING, LLC AND LIMETREE BAY TERMINALS, LLC,<br><br>         Defendants. | CIVIL NO. 1:11-CV-00006 |

**LIMETREE BAY TERMINALS, LLC'S COMBINED MEMORANDUM IN RESPONSE AND OPPOSITION TO PORT HAMILTON REFINING AND TRANSPORTATION LLLP AND WEST INDIES PETROLEUM LIMITED'S OBJECTIONS (ECF NOS. 86 & 88) TO THE MAGISTRATE JUDGE'S ORDER ON THE UNITED STATES' MOTION TO SUBSTITUTE**

Magistrate Judge Henderson correctly substituted West Indies Petroleum Limited ("WIPL"), Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"), and the Transition Refinery Entity LLC, (collectively, "Refinery Owners") as Defendants in the place of Defendant Limetree Bay Refining, LLC in this case. ECF No. 81. The Court should therefore accept Magistrate Judge Henderson's proposed disposition. Fed. R. Civ. P. 72.

As noted in the United States' Reply to Port Hamilton's Opposition to Motion to Substitute, ECF No. 76 at 3, Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals ("OPT") is unable to comply with the terms of the Consent Decree as they relate to equipment now owned by the Refinery Owners. This issue cannot be resolved, as Port

Case: 1:11-cv-00006-RAM-EAH Document #: 90 Filed: 10/18/23 Page 2 of 6

United States of America & The United States Virgin Islands vs.
Hovensa LLC, Limetree Bay Refining, LLC. & Limetree Bay Terminals, LLC
Page 2

Hamilton claims, by the Court simply ensuring "that Port Hamilton facilitates any party defendant that requires Port Hamilton's cooperation to comply with the consent decree." ECF No. 86 at 16. This is because the Consent Decree requirements go well beyond OPT needing "access to that equipment in order to comply" with the Consent Decree, as Port Hamilton suggests. *Id.* at 15. As detailed in OPT's Notice of Force Majeure Event, ECF No. 76-1, Ex. B, and laid out in the Consent Decree as modified, the Consent Decree includes extensive substantive and reporting obligations relating to equipment now owned and operated by the Refinery Owners. *See* ECF No. 3.

Simply providing OPT with access to such equipment does not allow OPT to "certify under penalty of law" that the information is, to the best of OPT's knowledge "true, accurate and complete." *See* ECF No. 3 at ¶ 144; ECF No. 19-1 at 22; ECF 76-1 at 12. And even if the Court could somehow ensure that the Refinery Owners were providing OPT with timely and accurate information necessary to make this certification, Port Hamilton's argument ignores the fact that the Consent Decree also contains a host of substantive obligations that can only be fulfilled by a party with control over the equipment. OPT has laid out a summary of these obligations in a chart included in its Notice of Force Majeure Event, ECF No. 76-1 at 15, which references the particular Consent Decree provisions and the entity owning and operating the relevant equipment.[1] As both this chart and the Consent Decree (as modified) make clear, the vast majority of applicable requirements fall to the Refinery Owners and cannot be fulfilled by OPT.

---

[1] The chart refers only to "PHRT" but applies to all Refinery Owners.

Case: 1:11-cv-00006-RAM-EAH   Document #: 90   Filed: 10/18/23   Page 3 of 6

United States of America & The United States Virgin Islands vs.
Hovensa LLC, Limetree Bay Refining, LLC. & Limetree Bay Terminals, LLC
Page 3

At its core, the Consent Decree is directed at *assets*: it places limitations on the way certain equipment can be operated, and places obligations on the parties that own or operate those assets. These obligations are intended to run with those assets, which is why all of the subsequent owners of those assets (save the current Refinery Owners) have assumed those obligations when they assumed ownership and operation of the assets. This is why OPT and Limetree Bay Refining, LLC became parties to the Consent Decree—not to "facilitate" HOVENSA LLC's compliance with the Consent Decree, but to take on those obligations as they related to the assets OPT and Limetree Bay Refining LLC owned and/or operated. Indeed, OPT—like the Refinery Owners—purchased the Refinery out of a bankruptcy sale. *See* ECF No. 19-1 at 4. The uncompleted or ongoing Consent Decree obligations were then transferred from HOVENSA, LLC to OPT and Limetree Bay Refining, LLC such that they "effectively step into the shoes of HOVENSA . . . and HOVENSA is released from its Decree obligations and liabilities." *Id.* at 4-5. At that time, this case had already "concluded and [been] reduced to a final judgement," ECF No. 86 at 10, just as Port Hamilton notes it is now. Indeed, that is almost always true in *any* case where a consent decree has been entered. The ability to transfer consent decree obligations, particularly environmental obligations which can span many years, plays an important role in allowing for the transfer of assets and therefore facilitates both private enterprise and environmental protection: Without the ability of courts to oversee and transfer such obligations, such sales might not be possible at all under the terms of a

Case: 1:11-cv-00006-RAM-EAH Document #: 90 Filed: 10/18/23 Page 4 of 6

United States of America & The United States Virgin Islands vs.
Hovensa LLC, Limetree Bay Refining, LLC. & Limetree Bay Terminals, LLC
Page 4

decree, or alternatively, the public might lose the benefit of those environmental protections in the event of a sale, and in particular a bankruptcy sale, of the assets.

Just like OPT, Refinery Owners consented to undertake the applicable Consent Decree requirements (i.e., those applying to the "property or units purchased or to be operated by Purchaser") when they purchased the Refinery, as the Bankruptcy Court's Sale Order makes clear. *See* ECF No. 68-1 at 6, ¶ 11. Put simply, the Refinery Owners purchased the Refinery knowing full well that it—and therefore the Refinery Owners—would be subject to the Consent Decree, and most specifically to the terms of the Consent Decree (i.e. most of them) that directly apply to the Refinery assets. *See* ECF No. 81 at 3-5; ECF No. 77-1 at 7 ¶ 1.1; ECF No. 68-1 at 6.

WIPL has, in the alternative, requested an evidentiary hearing as to its transfer of interest. ECF No. 85 at 1. OPT does not believe that such a hearing is necessary and that the Court should instead accept the Magistrate Judge's Order based on the clear language in the Bankruptcy Sale Order. If, however, the Court does decide to hold a hearing, OPT respectfully requests to participate in order to explain and clarify any misstatements about the Consent Decree obligations or the nature of the operations at OPT's Terminal or the Refinery that may arise. As the prior owner of the Refinery and an experienced party to the Consent Decree, OPT is well positioned to help the Court understand the nature of these requirements and why it is necessary for the Refinery Owners to be substituted into this case in order to effectuate those requirements.

United States of America & The United States Virgin Islands vs.
Hovensa LLC, Limetree Bay Refining, LLC. & Limetree Bay Terminals, LLC
Page 5

                                                    Respectfully submitted,

**DATED:** October 18, 2023        /s/Douglas L. Capdeville
                                                  **Douglas L Capdeville**
                                                  Law Offices of Douglas L. Capdeville
                                                  2107 Company Street, #4
                                                  P.O. Box 22491
                                                  Christiansted, VI 00822
                                                  340-773-7275
                                                  Fax: 340-773-7996
                                                  Email: videfense@capdevillelaw.com
                                                  videfense@capdevillelaw.com

                                                  **Corinne Snow**
                                                  Vinson & Elkins LLP
                                                  The Grace Building
                                                  1114 Avenue of the Americas
                                                  32nd Floor
                                                  New York, NY 10036
                                                  212-237-0157
                                                  Fax: 212-237-0100
                                                  Email: csnow@velaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 18th of October 2023, the foregoing COMBINED MEMORANDUM IN RESPONSE AND OPPOSITION TO PORT HAMILTON REFINING AND TRANSPORTATION LLLP AND WEST INDIES PETROLEUM LIMITED'S OBJECTIONS (ECF NOS. 86 & 88) TO THE MAGISTRATE JUDGE'S ORDER ON THE UNITED STATES' MOTION TO SUBSTITUTE was filed with the Clerk of the Court via the Court's ECF/CMF system that will send electronic notice to:

| | |
|---|---|
| Myles E. Flint, Esq. | John Fehrenbach, Esq. |
| U.S. Department of Justice | Federal Representations PLLC |
| Environmental Enforcement Section | 2809 Valley Drive |
| 601 D Street, NW | Alexandria, VA 22302 |
| Washington, DC 20044 | jfehrenbach@winston.com |
| myles.flint@usdoj.gov | |

United States of America & The United States Virgin Islands vs.
Hovensa LLC, Limetree Bay Refining, LLC. & Limetree Bay Terminals, LLC
Page 6

Pamela R. Tepper, Esq.
Solicitor General
Virgin Islands Department of Justice
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 08002
pamela.tepper@doj.vi.gov

Jonathan D. Brightbill
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
202-282-5100
JBrightbill@winston.com

Ryan C. Stutzman
CSA Associates, PC
1138 King Street
Suite 100
Christiansted, VI 00820
340-474-5544
Email: rstutzman@saastx.vi

Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340-719-3900
asimpson@coralbrief.com


/s/Douglas L. Capdeville