IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>THE UNITED STATES VIRGIN )<br>ISLANDS, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>HOVENSA L.L.C., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1-11-cv-06 (RAM/GWC) |

**UNITES STATES' OPPOSITION TO PORT HAMILTON REFINING
AND TRANSPORTATION LLLP'S OBJECTION TO THE
MAGISTRATE JUDGE'S ORDER**

Plaintiff the United States, by and through its undersigned attorney, respectfully files this reply and opposition to the objections filed by Port Hamilton Refining and Transportation, LLLP (Port Hamilton) (Port Hamilton Objection) (ECF 86) relating to Magistrate Judge Henderson's 27-page Order (Magistrate Order) (ECF 81) granting the United States Motion (ECF 67), pursuant to Fed. R. Civ. P. 25(c), for an order substituting West Indies, Port Hamilton, and the Transition Refinery Entity LLC for Defendant Limetree Bay Refining, LLC (LBR).

The Magistrate Order was within the Magistrate Judge's authority and within the Court's discretion. For the clear and cogent reasons contained in the 27-page Magistrate Order, the Court should affirm the Magistrate Order.

**I. BACKGROUND**

The Magistrate Order sets forth the procedural history of this case and the Limetree Bay Refining, LLC bankruptcy proceeding (ECF 81, pp. 2 – 6) and a detailed summary of the arguments

1

raised by the parties (ECF 81, p. 6 – 13), with citations to the Court docket. Port Hamilton's Objection does not raise any issues with the procedural history or summary of the arguments.

## II. A FED. R. CIV. P. 25(c) MOTION TO SUBSTITUTE IS A NON-DISPOSITIVE MOTION

The United States' motion to substitute under Fed. R. Civ. P. 25(c) is a non-dispositive motion because it does not seek to determine a claim or defense of any party. Citing to *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) and *Texas v. Am. Tobacco Co.*, No. 5:96-CV-00091-JRG, 2019 WL 13219407, at *2 (E.D. Tex. May 22, 2019), the Magistrate Order held that "[s]ubstitution and joinder after judgment is proper when necessary for the enforcement of the judgment." (ECF 81, p. 14). Port Hamilton's Objection alleges that the "Magistrate Judge did not explain how adding Port Hamilton as a party defendant to a case where judgment has been entered against the party defendants did not affect Port Hamilton's legal relationship to the Plaintiffs." (ECF 86, p. 1). As explained in *Texas*, at *2:

> A party who receives any interest in assets that are subject to a settlement agreement may be joined in settlement enforcement proceedings pursuant to Fed. R. Civ. P. 25. See Fed. R. Civ. P. 25(c) (omitting limitations on the type of interest or the procedural posture of the action); *Negron-Almeda v. Santiago*, 579 F.3d 45, 53 (1st Cir. 2009) ("Rule 25(c) has been 'invoked to substitute a successor in interest who ... obtained the assets of the corporation against whom judgment had been rendered.'") (citing *Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 906 (1st Cir. 1987); *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir. 1977)). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981); see also *in re Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981) ("The Rule, however, is procedural only and does not affect the substantive rights of the parties...."). Accordingly, a preliminary determination that "an interest [has been] transferred" for Rule 25 purposes does not constitute a decision on the merits or otherwise affect the legal relationship between the parties. See Fed. R. Civ. P. 25(c). Instead, the Court's decision should be guided by a determination that "the transferee's presence would facilitate the conduct of the litigation." 7C Charles

>Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (3d ed. 2019).

Consistent with this concept of allowing "the action to continue unabated when an interest in the lawsuit changes hands," the Magistrate Order recognized that as this case moves forward, the "litigation is focused on determining what rights and obligations WIPL and PHRT both have with regard to the enforcement of that consent decree." (ECF 81, p. 25).

Port Hamilton failed to cite to a single case holding that a motion to substitute under Fed. R. Civ. P. 25(c) is a dispositive motion. This is because courts have repeatedly held that a Fed. R. Civ. P. 25(c) motion to substitute "is a non-dispositive motion, which a magistrate judge may 'hear and determine.'" See, *Boldrini v. Federal National Mortgage Association*, 2019 WL 5449740 footnote 1 (M.D. Pa. Oct. 24, 2019); *Eastman Chemical Company v. Alphapet Inc.*, 2011 WL 13054223 footnote 1 (D. DE Dec. 9, 2011), *Finova Capital Corp. v. Lawrence*, 2000 WL 1808276 footnote 1 (N.D. Tex. Dec. 8, 2000).

The United States' Motion to Substitute Port Hamilton under Fed. R. Civ. P. 25(c) was a non-dispositive motion that the Magistrate Judge had authority to hear and determine.

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's non-dispositive order, "a district court shall 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law'." *Gillette v. Herbert*, 2020 WL 5579824 *2 (D.V.I. Sept. 16, 2020) (citing Fed. R. Civ. P. 72(a); and *Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) ("A magistrate judge's decision in a non-dispositive discovery dispute will be set aside only if it is clearly erroneous or contrary to law.")).

In order to be "clearly erroneous," the reviewing court must have "the definite and firm conviction that a mistake has been committed." *Gillette*, at *3 (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), as amended (Sept. 17, 1992) (quoting *United States v. U.S. Gypsum Co.*, 333

3

U.S. 364, 395 (1948)); and *Beccerril v. Spartan Concrete Products, LLC*, 798 F, App'x 719, 721 n.4 (3d Cir. 2020)). Clear error has occurred when a factual finding "is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Gillette*, at *3 (citing *Ramsay v. Nat'l Board of Medical Examiners*, 968 F.3d 251, 261 (3d Cir. 2020)). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must … strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Prosser*, 2014 WL585346 *5 (D. V.I., Feb. 14, 2014) (citing *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

A non-dispositive ruling is "contrary to law" if "the Magistrate Judge misinterpreted or misapplied the applicable law." *Gillette*, at *3 (citing *Sunshine Shopping Center, Inc. v. LG Electronics Panama, S.A.*, 2018 WL 4558982, at *3 (D.V.I. Sept. 21, 2018) and *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). When reviewing a magistrate judge's non-dispositive conclusions of law, "the district court conducts a 'plenary review." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir. 1992).

Port Hamilton "bears the burden of establishing that" the Magistrate Order is "clearly erroneous or contrary to law." *Gillette*, at *3 (citing *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011)). As a non-dispositive matter, the Magistrate Order is "accorded wide discretion." *Gillette*, *3 (citing *National Labor Relations Board v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)). When appealing a magistrate judge's non-dispositive order, "a party is generally prohibited from raising new arguments before the district judge." *United States v. Payne*, 2023 WL 4421154, at *4 and footnote 3 (D.V.I. July 10, 2023) (citing *Bowen v. Parking Auth.*, No. 00-CV-05765, 2002 WL 1754493, at *6 (D.N.J. July 30, 2002)).

## IV.  ARGUMENT

A.  **Port Hamilton's Specific Objections**

1.  <u>Court-Retained Jurisdiction to Rule on the Fed. R. Civ. P 25(c) Motion to Substitute</u>

  a.  <u>Substitution under Fed. R. Civ. P. 25(c) is procedural</u>

As addressed in Section II above, a Rule 25(c) motion to substitute is a procedural motion. The Magistrate Order's finding that substitution under Rule 25(c) "is merely a *procedural* device designed to facilitate the conduct of a case" is consistent with applicable law. (emphasis in Magistrate Order) (ECF 81, p. 13). Port Hamilton's Objection fails to demonstrate that in making this finding the Magistrate Order misinterpreted or misapplied the applicable law. *Gillete*, at \*3.

  b.  <u>Substitution after Judgment is Proper</u>

As addressed in Section II above, substitution after a judgment has been entered is proper when it is necessary for the enforcement of the judgment. The Magistrate Order finding that "[s]ubstitution and joinder after judgment is proper when necessary for the enforcement of the judgment" is consistent with applicable law. (ECF 81, p. 14). Port Hamilton's Objection fails to demonstrate that in making this finding the Magistrate Order misinterpreted or misapplied the applicable law. *Gillette*, \*3. As explained below, in this case there is no question that Port Hamilton received an interest in the refinery or that the refinery is the "subject of the settlement agreement." As a result, Port Hamilton "may be joined in settlement enforcement proceedings pursuant to Fed. R. Civ. P. 25." *Texas*, at \*2.

  c.  <u>Consent Decree Requirement</u>

The assertion in Port Hamilton's Objection that "[t]he requirement that Port Hamilton join the consent decree as a party is not found within the consent decree" is wrong. (ECF 86, p. 12). As noted in the Magistrate Order, "[t]he Consent Decree also required HOVENSA to condition any transfer of ownership or operation of or other interest in the refinery on making the terms of the

5

Consent Decree applicable to the transferee. Dkt. No. 5-1 (Consent Decree) at 13, ¶ 7." (ECF 81, p. 3). This obligation was passed onto Limetree Bay Refining, LLC as a result of the First Modification of the Consent Decree. (ECF 42). Paragraphs 1 and 5.a of the First Modification (ECF 42) state as follows:

> 1. The terms and conditions of the Consent Decree are applicable to Limetree Bay Terminals, LLC, Limetree Bay Refining, LLC, and their respective successors or assigns, except as otherwise specifically set forth herein.
>
> ….
>
> 5. In accordance with Paragraphs 1-4 of the First Modification, effective upon the Date of Entry of the First Modification:
>
> a. Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC shall be substituted for HOVENSA as the Defendant for all provisions of the Consent Decree, including all rights, liabilities and obligations of HOVENSA, except as set forth in this First Modification.

Paragraph 7 of the Consent Decree was not addressed otherwise in the First Modification. As a result, the Consent Decree, as modified, required Limetree Bay Refining, LLC to condition any transfer on the execution by the transferee of a modification of the Consent Decree, "which makes the terms and conditions of this Consent Decree applicable to the transferee." (ECF 6, § 7). This requirement was one of the reasons why paragraph 11 of the Sale Order requires Port Hamilton to become a party to the Consent Decree.

    d. <u>Court-Retained Jurisdiction</u>

Port Hamilton's argument that the effort to substitute Port Hamilton under Rule 25(c) does not fall within this Court's retained jurisdiction falls flat. (ECF 86, p. 10). As discussed above in Section A.1.c, paragraph 7 of the Consent Decree conditions transfers on making the terms of the Consent Decree applicable to the transferee. Consistent with that requirement the Magistrate Order found that "PHRT and WIPL both consented, as Purchasers, to become subject to the consent

decree as modified, as a condition of the sale of LBR's assets to them." (ECF 81, p. 17). As a result, the Magistrate Order found that:

> Given that the district court has retained jurisdiction to enforce the terms of the consent decree and adjudicate disputes arising under the consent decree, and that nothing in the Sale Order divested this Court "of any jurisdiction it may have under police or regulatory law to interpret this [Sale] Order or to adjudicate any defense asserted under this Order," Dkt. No. 68-1 at 44, this Court has jurisdiction to interpret the consent decree.

(ECF 81, p. 17). This finding is supported by the language in paragraph 190 of the Consent Decree (ECF 6, ¶ 190), the language in paragraph 10 of the Sale Order (ECF 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]), and the cases cited in the United States' Reply to Port Hamilton finding that "state courts enjoy concurrent jurisdiction to interpret and implement a Bankruptcy Court's Sale Orders." (ECF 76, p. 4). As noted in Section II above, the Magistrate Order recognized that as this case moves forward, the "litigation is focused on determining what rights and obligations WIPL and PHRT both have with regard to the enforcement of that consent decree." (ECF 81, p. 25).

Port Hamilton's argument that there "is not a dispute arising under the consent decree" (ECF 86, p. 12) is simply not true. As previously noted, the Magistrate Order found that as this case proceeds, the "litigation is focused on determining what rights and obligations WIPL and PHRT both have with regard to the enforcement of [the] consent decree." (ECF 81, p. 25). Port Hamilton has failed to meet its burden of showing that its substitution does not fall within the Court's retained jurisdiction.

    2.    <u>Port Hamilton is a successor in interest within the meaning of Rule 25(c)</u>

Port Hamilton misstates the United States' arguments and the Magistrate Order in an attempt to conflate the "successor" issue. The United States' Memorandum In Support argued:

> When dealing with corporate parties, many circuit courts, including the Third Circuit, have explained that a "transfer of interest" occurs when "one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in

7

> the lawsuit." Luxliner, 13 F.3d at 71…. West Indies' and Port Hamilton's acquisition of defendant LBR's assets and the Sale Order's requirement that West Indies and Port Hamilton become parties to the Consent Decree satisfy the transfer of interest requirement of Rule 25(c).

(ECF 68, p. 12). The United States' Reply to Port Hamilton contained the following passage:

> The substantive scope of Port Hamilton's obligations under the Consent Decree is <u>not</u> the subject of the pending motion. The pending motion is the United States' Rule 25(c) Motion to Substitute. It is a procedural motion. It does not seek to affect the substantive rights of the parties. (Doc. 68, p. 12). Rule 25(c) "serves as a procedural mechanism to bring a successor in interest into court when 'it has come to own the property in issue.'" *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 40 (1st Cir. 2016); *Limetreee Bay Terminals, Inc.*, 2023 WL 172757 *4 (D.V.I. 2023). [emphasis in original]
>
> There is a no dispute that Port Hamilton is a successor in interest <u>within the meaning of Rule 25(c)</u>. [emphasis added]

(ECF 76, p. 2). First, the argument that Port Hamilton is a successor in interest <u>within the meaning of Rule 25(c)</u> was consistent throughout the United States' Memorandum in Support (ECF 68) and Reply to Port Hamilton (ECF 76). Second, the United States' briefing was also consistent in arguing that the Rule 25(c) motion is "a procedural motion" and "does not effect the substantive rights of the parties." (ECF 68, p. 12, ECF 76, pp. 1 and 2, and ECF 78, p. 2). As the Magistrate Order noted, arguments over liability are premature "and can be thrashed out once PHRT becomes a party to this case." (ECF 81, p. 16).

Contrary to Port Hamilton's Objection, the Magistrate Order states the following regarding whether Port Hamilton is a successor to LBR:

> "[n]owhere in its brief does PHRT discuss Rule 25(c)'s substitution requirement – i.e., whether it is a successor to LBR – and how that requirement would not apply here. That may well be because WIPL argued extensively that PHRT was the successor to HOVENSA/LBR in that the deed to the refinery property and the assets were transferred to PHRT (as opposed to WIPL) following the sale."

8

(ECF 81, p. 15). This finding in the Magistrate Order was based on the arguments made by West Indies (ECF 81, p. 15), the entity that the Asset Purchase Agreement (APA) indicates "formed PHRT." (ECF 81, p. 19). Despite the fact that Port Hamilton's Response to the United States (ECF 71) failed to discuss Rule 25(c)'s substitution requirement, Port Hamilton's Objection now argues that it is not a successor. In support of that argument Port Hamilton selectively refers to Paragraph Y of the Sale Order but fails to reference Paragraph 10. Paragraph 10[1] of the Sale Order states:

> 10. Nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

(ECF 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]). As discussed in the United States' Reply to Port Hamilton, the language in paragraph 10 of the Sale Order reflects the well-established case law finding that anyone who owns or operates property acquired from a debtor must comply with environmental law. (ECF 76, p. 5).

The Magistrate Order correctly found that there was a transfer of interest to Port Hamilton (ECF 81, pp. 14-15). As a result of the transfer of interest, the Magistrate Order correctly granted the Fed. R. Civ. P. 25(c) motion to substitute. Port Hamilton has failed to meet its burden of showing that the Magistrate Order finding a transfer of interest within the meaning of Rule 25(c) is clearly erroneous or is contrary to law.

---

[1] See discussion in Sections II.C and D of the United States' Memorandum in Support about the United States' limited objection to the Sale Order and how Paragraphs 10 and 11 were inserted in the Sale Order to resolve the limited objection. ECF 68, pp. 4-7.

3. <u>The Magistrate Order Correctly Rejected Port Hamilton's "party defendant" Argument</u>

The Magistrate Order rejected Port Hamilton's argument that "being a party is not equivalent to being a party defendant" for two reasons. First, because Port Hamilton failed to "explain a critical point: how it could become some sort of freestanding 'party' subject to the consent decree but unattached to either side of the 'v.'" (ECF 81, p. 15). Finding Port Hamilton's "statement that it would 'facilitate[] any party defendant that requires Port Hamilton's cooperation to comply with the consent decree'" to be "inapposite as well as incomprehensible." (*Id.* at 16). Second, because Port Hamilton's concerns about liability are premature because a Rule 25(c) motion is "merely a procedural device." (*Id.*, citing *Luxliner*, 13 F.3d at 71-72).

Port Hamilton's Objection presents new arguments in an attempt to respond to the Magistrate Order's first reason for rejecting the "third party" argument. Because these arguments were not presented to the Magistrate Judge, they should be rejected.

Substantively, Port Hamilton's new arguments highlight Port Hamilton's goal of avoiding the Court's jurisdiction. As explained above Section IV.A.1.c., paragraph 7 of the Consent Decree requires transferees to become subject to the obligations of the Consent Decree. The requirement in paragraph 11 of the Sale Order was based, in part, on that obligation. Port Hamilton's attempts to avoid the Court's jurisdiction are inconsistent with paragraph 7 of the consent decree (transferee to become subject to the Consent Decree) and paragraph 11 of the Sale Order (Port Hamilton must become party to the Consent Decree).

Port Hamilton's Objection attempts to respond to the Magistrate Order's finding that Port Hamilton's "statement that it would 'facilitate[] any party defendant that requires Port Hamilton's cooperation to comply with the consent decree,'" to be "inapposite as well as incomprehensible." (ECF 81, p. 16) (ECF 86, p. 15). Port Hamilton's attempt to re-explain its argument in the Objection again falls flat. As noted in the United States' Reply to Port Hamilton, "Port Hamilton, an admitted

10

owner of the Refinery, does not want to be bound by the requirements of the Consent Decree and wants to avoid this Court's ability to implement and enforce the terms and conditions of the Consent Decree so that public health and safety are protected in connection with Port Hamilton's ownership and operation of the Refinery." (ECF 76, p. 1).

Port Hamilton has failed to demonstrate that the Magistrate Order's rejection of the "party defendant" argument was clearly erroneous or contrary to law.

4. The Magistrate Order Correctly Substitutes Port Hamilton in the Place of Defendant Limetree Bay Refining, LLC

As noted above in Section IV.A.1.c., paragraph 7 of the consent decree requires transferees to become subject to the obligations of the Consent Decree, and is one of the reasons why paragraph 11 of the Sale Order states in part:

> Furthermore, notwithstanding anything in this Order or in the APA to the contrary, the *Purchaser must become a party to (i) the Consent Decree as modified by the First Modification and Second Modification in United States and the United States Virgin Islands v. HOVENSA, L.L.C., Civ. No. 1:21-cv-00264, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"),* and (b) the Joint Stipulation in United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC, Civ. No. 1:21-cv-002641 *(as each may be amended with the mutual consent of the parties)*; ….

(emphasis added) (ECF 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]).

Footnote 13 of Port Hamilton's Objection belies its argument. (ECF 86, p. 16). It states in part "Port Hamilton is willing to ***negotiate*** acceptable terms under which it would consent to be joined as a named defendant." (emphasis in original) (*Id.*). Worded another way, Port Hamilton is saying the United States must negotiate before Port Hamilton will comply with the Sale Order. Notably, paragraph 11 of the Sale Order contains no such requirement. However, that paragraph does include a provision noting that the Consent Decree "may be amended with the mutual consent of the parties." (ECF 68-1, Flint Dec. Ex. 1 [Bankr. Doc. 977]). Port Hamilton is the party that is advocating a change to the Sale Order.

11

Port Hamilton purchased the refinery with full knowledge of the existence of the Consent Decree. Port Hamilton agreed, and the Sale Order requires, that Port Hamilton must become a party to the Consent Decree. The sale closed 21 months ago on January 21, 2022. (ECF 68, p. 7). The Magistrate Order substituting Port Hamilton as a party defendant for defendant LBR, is the next step in ensuring Port Hamilton complies with the Sale Order as it relates to the Consent Decree.

## V. CONCLUSION

For the foregoing reasons, the Court should overrule Port Hamilton's Objection and affirm the Magistrate Order so that public health and safety is protected.

Respectfully submitted,
FOR THE UNITED STATES OF AMERICA
TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*s/ Myles E. Flint, II*
Myles E. Flint, II
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice - P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-307-1859
myles.flint@usdoj.gov

OF COUNSEL:
Teresa Dykes
Senior Attorney
U.S. Environmental Protection
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave. NW (2242A)
Washington, DC 20460

Sara Froikin
Sara Amri
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 16th Floor
New York, NY 10007

CERTIFICATE OF SERVICE

The undersigned certifies that on October 19, 2023, he filed the *UNITED STATES' OPPOSITION TO PORT HAMILTON REFINING AND TRANSPORTATION LLLP'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances.

*/s/ Myles E. Flint, II*