IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>THE UNITED STATES VIRGIN )<br>ISLANDS, )<br>)<br>         Plaintiffs, )<br>      v. )<br>)<br>HOVENSA L.L.C., WEST INDIES )<br>PETROLEUM LIMITED, PORT )<br>HAMILTON REFINING AND )<br>TRANSPORTATION, LLLP, )<br>TRANSITION REFINERY ENTITY LLC )<br>and LIMETREE BAY TERMINALS, LLC )<br>)<br>         Defendants. )<br>) | Civil Action No. 1-11-cv-06 (RAM/EAH) |

**DECLARATION OF PATRICK FOLEY IN SUPPORT
OF THE UNITES STATES' OPPOSITION TO PORT HAMILTON'S
MOTION TO CLARIFY THE CONSENT DECREE**

I, Patrick Foley, declare and affirm as follows based on my personal knowledge:

1.      I am currently employed as an Environmental Engineer for the United States Environmental Protection Agency's ("EPA's") Office of Civil Enforcement in Washington, D.C. I have held this position since 1990.  I received a Bachelor of Science Degree from the Rutgers University College of Engineering in Chemical Engineering in 1987.

2.      I am the United States' lead technical advisor in the above captioned Clean Air Act enforcement action. In that capacity, I am familiar with the petroleum refinery (Refinery) that is the subject of the Consent Decree and the First Modification of the Consent Decree.

3.      I was actively involved in negotiating the Consent Decree entered by the Court on June 7, 2011, the First Modification of the Consent Decree entered by the Court on December 30,

2021, and I am familiar with their terms.

4. The Consent Decree required the Refinery located in St. Croix, U.S.V.I. install a flare gas recovery system (FGRS) on the FCCU Low Pressure Flare seven years after the Date of Entry of the Consent Decree, or June 7, 2018. See Consent Decree ¶¶ 49, 50, and Appendix D.

5. The First Modification of the Consent Decree provided Limetree Bay Refining, LLC (LBR) the opportunity to try to operate the Refinery without the need to install the FGRS on the FCCU Low Pressure Flare. See First Modification ¶ 50B.a. LBR redesignated the FCCU Low Pressure Flare as Flare # 8.

6. To demonstrate that it could operate the Refinery without installing FGRS on Flare # 8, LBR needed to operate the Refinery below the gas flow rate threshold, as specified in Paragraph 50B.a.i. See First Modification ¶ 50B.a.i. If during the first year of operation, the Refinery exceeded the gas flow rate threshold, then the First Modification provides two years for the installation and operation of the FGRS. See First Modification ¶ 50B.a.i.

7. Flare 8 is a safety device used to burn off excess gasses to prevent the dangerous buildup of pressure in Refinery equipment. Flare 8 is also an air pollution control device that destroys volatile hazardous air pollutants, volatile organic compounds, methane, and hydrogen sulfide ($H_2S$). The burning of excess gases in Flare 8 results in the emissions of air pollutants, including carbon dioxide ($CO_2$), sulfur dioxide ($SO_2$), and $H_2S$ into the environment.

8. Flare gas recovery is an air pollution control technology. Flare gas recovery relies upon the installation and operation of a FGRS. The purpose of the FGRS required under the Consent Decree is to recapture and repurpose the excess gasses as a fuel to produce usable energy, and thus reducing emissions from the flare and ensuring compliance with emission limits that apply at the flare. This also enables the Refinery to use less of other fuels at the Refinery, resulting in the reduction in the amount of $CO_2$, $SO_2$, and $H_2S$, and other air pollutants being emitted into the

environment from the Refinery.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that these statements are true and correct to the best of my knowledge and belief.

_____
Patrick Foley

_____
4/10/2024
Date