IN DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.<br><br>PLAINTIFFS,<br><br>v.<br><br>HOVENSA L.L.C.<br><br>DEFENDANT. | CASE NO. 1:11-CV-00006 |

# STATUS REPORT

Pursuant to this Court's April 22, 20224 Order (Doc. No. 100), Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") submits this Status Report regarding the status of proceedings in this action.

As a threshold matter, Port Hamilton notes that this case is closed. Accordingly, the Court's jurisdiction is limited. It retains jurisdiction, however, "for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating all disputes between the United States, the Virgin Islands and HOVENSA[1] that may arise under the provisions of this Consent Decree until the

---

[1] HOVENSA's responsibilities under the original Consent Decree were transferred to Limetree Bay Terminals, LLC ("Limetree Bay Terminals") and Limetree Bay Refining, LLC ("Limetree Bay Refining") (together, "Limetree Bay") by virtue of the First Modification to the Consent Decree following the sale of the refinery. *See* Doc. No. 42 at 7 (¶5.a.) (the "First Modification").

Decree terminates in accordance with Part XIX (Termination)." Doc. No. 6, at ¶190 ("Consent Decree").

Two basic issues remain pending before this Court:

1. Whether and how Port Hamilton and West Indies Petroleum Limited ("West Indies") should be added as parties to the Consent Decree in this action; and

2. Whether Port Hamilton and West Indies must install an expensive emission control technology known as a flare gas recovery system, or "FGRS." The Consent Decree, as modified and entered as of December 30, 2021, provides that if emissions exceed certain levels for a specified period of time, the party defendant(s) must install an FGRS within two years. The United States Environmental Protection Agency ("EPA") argues that emissions exceeded the specified levels *before* the First Modification was entered and that this triggered the obligation to install an FGRS. Port Hamilton asserts that only emissions exceedance events that occur after the entry of the First Modification can trigger a requirement that was created by the First Modification.

**PORT HAMILTON AND WEST INDIES AS PARTIES TO THE CONSENT DECREE**

On September 21, 2023, Magistrate Judge Emile A. Henderson III issued an Order modifying the Consent Decree to substitute West Indies, Port Hamilton, and

the Transition Refinery Entity LLC for Defendant Limetree Bay Refining. Doc. No. 81.

On October 5, 2023, Port Hamilton filed a timely objection to the Magistrate Judge's Order. Doc. No. 86. Port Hamilton filed an objection to this Order based on the assertion that the Magistrate Judge lacked authority to enter an order substituting the parties where such substitution had a dispositive effect. Additionally, Port Hamilton objected to the Order on the grounds that the Magistrate Judge erred (1) in concluding that the Court had jurisdiction beyond the scope of the jurisdiction it specifically retained when the original Consent Decree and the First Modification to the Consent Decree were entered; (2) in ruling that Port Hamilton was a "successor" to Limetree Bay Refining when the United States only raised that issue in its reply brief; (3) in determining that a party can have no status in a case other than as a plaintiff or a defendant; and (4) in ignoring the fact that, when it acquired the facility, Port Hamilton had not agreed to join the Consent Decree as a "party defendant." These objections remain pending before this Court.

On October 10, 2023, West Indies filed a timely objection to the Magistrate Judge's Order. Doc. No. 88. West Indies objects to the Order on the grounds that, *inter alia,* that it did not take possession or control of the refinery property and therefore is incapable of carrying out any provision of the Consent Decree. These objections are pending before this Court as well.

On October 18, 2023, Limetree Bay Terminals filed a brief in opposition to the set of objections filed by both Port Hamilton and West Indies. Doc. No. 90. On October

3

19, 2023, the United States filed two briefs in opposition, one to each set of objections filed by Port Hamilton and West Indies. Docs. Nos. 91, 92. On October 25, 2023, West Indies filed its reply to Limetree Bay Terminals' opposition. Doc. No. 93. On October 26, 2023, West Indies filed its reply to the United States' opposition. Doc. No. 94. On November 2, 2023, Port Hamilton filed its reply to the United States' opposition. Doc. No. 95.

**NO OBLIGATION TO INSTALL A FLARE GAS RECOVERY SYSTEM**

EPA recently has taken the position that Port Hamilton and West Indies not only have to be added to the Consent Decree as party defendants, but also must install a complex and expensive emission control technology, FGRS, based on a period of emissions from the refinery during Limetree Bay's tenure as owner and operator of the facility. *See* Doc. No. 42, at ¶50B. Because the First Modification was not yet in effect when this period of emissions took place, Port Hamilton, on March 29, 2024, filed a motion with this Court to clarify that, even if it were added to the modified Consent Decree as a party defendant, it had no obligation to install control systems based on provisions that were not yet in effect when the period of emissions occurred. Docs. Nos. 96, 97. The Motion requests that the Court clarify the terms of the Consent Decree governing Port Hamilton's obligation to install an FGRS prior to restarting the refinery. The Motion is pending before the Court.

Although Port Hamilton has made a concerted effort over the past two years to work with the United States to resolve all outstanding issues regarding the resumption of operations at the refinery, it has been unable to reach an agreement

4

on these issues. Consequently, Port Hamilton respectfully requests that the Court rule on its outstanding objections to the Magistrate's Order and its Motion to Clarify the Consent Decree.

          Respectfully submitted,

          **ANDREW C. SIMPSON, P.C.,**
          Counsel for Port Hamilton
          Refining and Transportation, LLLP

Dated: May 2, 2024

          /s/ Andrew C. Simpson
          Andrew C. Simpson
          VI Bar No. 451
          2191 Church Street, Suite 5
          Christiansted, VI 00820
          Tel: 340.719.3900
          asimpson@coralbrief.com