IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>THE UNITED STATES VIRGIN ISLANDS,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>HOVENSA, LLC; WEST INDIES PETROLEUM<br>LIMITED; PORT HAMILTON REFINING AND<br>TRANSPORTATION, LLLP; TRANSITION<br>REFINERY ENTITY LLC; and LIMETREE BAY<br>TERMINALS, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:11-cv-00006 (EAH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**WEST INDIES PETROLEUM LIMITED'S STATUS REPORT**

**NOW COMES,** Defendant West Indies Petroleum Limited ("WIPL"), and files this status report pursuant to the Court's order of April 22, 2024 (ECF Doc. 100).

**STATUS BRIEFLY STATED**

By order dated September 21, 2023 (ECF Doc. 81), Magistrate Judge Henderson granted the United States' motion to substitute West Indies Petroleum Limited (Jamaica) ("WIPL") and Port Hamilton Refining & Transportation ("PHRT") (United States' motion and memorandum in support are ECF Docs 67, 68). WIPL objected to the Magistrate's substitution order because WIPL neither owns nor operates the oil refinery in St. Croix.[1] WIPL also does not have any interest in PHRT. The objections to the Magistrate's order are pending. WIPL's opposition to substitution (ECF Doc. 77) and briefing on the objections to the

---

[1] WIPL also asserts service defenses.

Magistrate order (ECF Docs. 88, 93, 94) supply a more thorough analysis of the status as it relates to WIPL, with citations to the record. What follows is a summary.

## SUMMARY OF STATUS

The United States seeks to hold WIPL, a non-owner and non-operator of the former Limetree Bay Refining, LLC oil refinery property (the "Refinery" and "LBR" unless otherwise specified), accountable to the provisions of a Consent Decree (as modified, referred to generally as "Consent Decree"). The Consent Decree bound past owner/operators of the Refinery, including HOVENSA, to certain obligations under the Clean Air Act.

After a series of refinery-startup issues, LBR filed for bankruptcy protection in 2021 (21-32354, Bankruptcy Division, Southern District of Texas). The United States appeared in the bankruptcy matter to assert its view of how the Consent Decree should be applied to any subsequent owners. WIPL was noted together with Port Hamilton Refining & Transportation LLLP ("PHRT") as the winning bidder, but the sale documents that the Bankruptcy Court approved are clear that PHRT took title as the refinery owner and operator. PHRT did so upon closing in or around January 2022 (see, e.g., deed, ECF Doc. 77-9, Ex. A-2), and has acknowledged that it, if any entity, is responsible for refinery obligations.

The Bankruptcy Court judge and the debtor knew that the specific identity of the "purchaser" of LBR's assets was not set in stone, and that individuals, some of whom happen to be WIPL shareholders, would be working to finance the deal and structure the transition entity or entities right up to closing. The hearing transcript

excerpt filed by the United States supports this. See ECF Doc. 68-5, p. 36 (testimony that three *individuals* were providing a portion of the purchase price).[2]

Ultimately, WIPL never took title to any refinery assets, and has never owned or operated the refinery or PHRT. See, e.g., Danville Walker Affidavit, ECF Doc.77-11.

The United States takes a myopic and impractical view in the instant case, seeking to involve WIPL as a party to a consent decree that WIPL has absolutely no ability to comply with. WIPL has no such ability because, notwithstanding its pre-closing designation as a purchaser, it neither owns nor controls the Refinery. Nor does it have ownership of or control over the Refinery's sole owner/operator, PHRT. For these reasons, the Magistrate's order substituting WIPL should be vacated.

If the order substituting WIPL is affirmed (or there is no ruling on WIPL's objections and the case is not stayed), the Court should consider a briefing schedule for motions to dismiss and/or motions for summary judgment, as WIPL would file a dispositive motion without delay.

Respectfully Submitted,

Dated: May 2, 2024    By:   */s/ Ryan C. Stutzman*
Ryan C. Stutzman, Esq. (VI Bar No. R2053)
**CSA ASSOCIATES, P.C.**
1138 King Street, Suite 100
Christiansted, VI  00820
Tel: 773-3681
Attorney for West Indies Petroleum Limited

---

[2] If the substitution order is affirmed or the Court otherwise grants leave, WIPL will submit additional evidence including a full copy of the hearing transcript, which appears at Case File No. 21-32351, ECF Doc. 1050-12, and in which the Bankruptcy Judge acknowledges the normalcy of shifting entity and investor structures – even after entry of a Sale Order.