IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE UNITED STATES VIRGIN ISLANDS,<br><br>Plaintiffs,<br><br>v.<br><br>HOVENSA LLC, LIMETREE BAY REFINING, LLC AND LIMETREE BAY TERMINALS, LLC,<br><br>Defendants. | CIVIL NO. 1:11-CV-00006 |

## LIMETREE BAY TERMINALS, LLC'S NOTICE INFORMING THE COURT ABOUT THE STATUS OF THE CASE

Defendant, Limetree Bay Terminals, LLC, by and through undersigned counsel, hereby submits this Status Report pursuant to this Court's April 22, 2024, Order (Doc No. 100).

### Introduction

This case involves the Consent Decree governing the operation of assets at a once-unified facility previously under common ownership and control. West Indies Petroleum Limited ("WIPL") and Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") (collectively, with the Transition Refinery Entity LLC ("TRE"), the "Refinery Owners") purchased assets subject to the Consent Decree from a bankruptcy sale in 2022, necessitating further changes to the Consent Decree.

Parties are currently awaiting the Court's final resolution of several pending motions. As detailed in Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals ("OPT")'s previous filings, Refinery Owners have a court-ordered obligation to join the Consent Decree and fulfill the Consent Decree obligations that relate to the Refinery Owners' assets, pursuant to the Sale Order[1] entered

---

[1] *See* Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV)

*Page 2*

by the United States Bankruptcy Court for the Southern District of Texas (the "Texas Bankruptcy Court"), which cannot be fulfilled by OPT. Likewise, the parties cannot move forward with steps needed to further modify the Consent Decree in recognition of the new ownership and control of many of the assets subject to the requirements without the Refinery Owners' recognition of their responsibilities.

Among the obligations in the Consent Decree, as modified, is the requirement to install a Flare Gas Recovery System ("FGRS") on the FCCU Low Pressure Flare ("FCCU Flare") in specific circumstances discussed below.[2] OPT believes that the language of the Consent Decree and First Modification does not require clarification from the Court as to the Refinery Owners' responsibility to install and operate a FGRS. This obligation cannot be undertaken by OPT as it does not own or operate the FCCU Flare, and presents one of many examples of how changes in ownership, operation, and circumstances at the Refinery make it necessary for the United States, OPT, and the Refinery Owners to further modify the terms of the Consent Decree to reflect the current ownership and operations of the assets subject to the Consent Decree. OPT welcomes the opportunity to work with these parties on such appropriate modifications.

## History of the Consent Decree

In 2011 HOVENSA L.L.C. ("HOVENSA"), the previous owner of the refinery and terminal, entered into the Consent Decree at issue here. HOVENSA filed for bankruptcy in 2015, and the bankruptcy court approved the sale of certain refining and terminal assets to OPT. In connection with the sale, OPT agreed to assume HOVENSA's liabilities under the Consent Decree and become a party to the Consent Decree, subject to some limited exceptions. On November 30,

---

Granting Related Relief, *In re Limetree Bay Servs.*, No. 21-32351(Bankr. S.D. Tex. Dec. 21, 2021), ECF No. 977 at ¶ 11.
[2] For ease of reading, OPT simply refers to the Consent Decree in this motion when discussing the current obligations for the Defendants. In doing so, it is referring to the Consent Decree as currently modified by the First and Second Modifications.

2018, OPT, at the direction of its corporate parent, transferred some of the HOVENSA petroleum refining assets subject to the Consent Decree to a separate sister entity, Limetree Bay Refining, LLC ("LBR"), which was a subsidiary of OPT's corporate parent, Limetree Bay Energy, LLC. On December 30, 2021, this Court entered the First Modification of the Consent Decree ("First Modification"). Among other things, the First Modification made *both* LBR and OPT parties to the Consent Decree. *See* ECF No. 42.[3] The First Modification also altered the provisions related to installing the FGRS on the FCCU Flare. Under the Original Consent Decree, the FGRS was required to be installed by June 7, 2018. ECF No. 6, ¶¶ 49, 50, and Appendix D. However, under the First Modification, LBR could demonstrate that it could operate the Refinery without the need to install FGRS so long as LBR did not exceed the gas flow rate threshold specified in Paragraph 50B.a.i during the first year of operation. ECF No. 42, p. 16; ECF No. 42 ¶ 50B.a.i. While the Court did not immediately enter the First Modification, OPT understood its terms to be in effect from the date of lodging. As a result, the FGRS was not installed on the FCCU Flare by June 7, 2018, and OPT and LBR jointly filed a letter in accordance with 50.C.b.iv of the Consent Decree, as modified, on April 13, 2021 to inform the United States that the total gas quantities specified in 50B.a.i or a.ii had been exceeded by LBR and that the parties were evaluating whether it would be possible to design, install, and begin operating the FGRS within two years. ECF No. 98-2, at 46 (Ex. 5).

On July 12, 2021, LBR and its debtor affiliates—but *not* OPT—filed for bankruptcy in the Texas Bankruptcy Court. *In re Limetree Bay Servs.*, No. 21-32351 (Bankr. S.D. Tex.). On January 21, 2022 substantially all of LBR's assets, including certain HOVENSA assets subject to the Consent Decree, were sold in a bankruptcy auction with approval from the Bankruptcy Court to Port Hamilton and WIPL, while OPT's various assets and interests were specifically excluded

---

[3] Once LBR and OPT became parties to the Consent Decree through the entry of the First Modification, that triggered the automatic entry of a non-material, Second Modification of the Consent Decree ("Second Modification").

from the sale. Sale Order ¶¶ 1, 31, *In re Limetree Bay Servs.,* No. 21-32351(Bankr. S.D. Tex. Dec. 21, 2021), ECF No. 977. The Sale Order included language specifically negotiated among the Port Hamilton, WIPL, OPT, and the United States requiring the Refinery Owners to become parties to the Consent Decree to resolve objections to the sale that otherwise would have been raised by the EPA and OPT. *Id.* ¶ 11. Subsequent to the closing of the sale transaction, a liquidating chapter 11 plan (the "Chapter 11 Plan") was confirmed by the Texas Bankruptcy Court which reorganized LBR as the Transition Refinery Entity ("TRE") and transferred 100% of the equity ownership in TRE to Port Hamilton. *In re Limetree Bay Servs.*, No. 21-32351 (Bankr. S.D. Tex. May 20, 2022), ECF No. 1454 at pp 9-10. The Texas Bankruptcy Court order confirming the Chapter 11 Plan (the "Confirmation Order") specifically provided that "nothing in this Order or the Plan shall modify [] the Consent Decree as modified by the First Modification and Second Modification…." and (2) "nothing in this Order or the Plan, including without limitation the Purchaser's receipt and ownership of the New Interests [in TRE], shall modify the Sale Order …." Confirmation Order ¶ 31.

The Sale Order explicitly stated that Port Hamilton and WILP "must become a party to" the Consent Decree. *See* Sale Order ¶ 11, *In re Limetree Bay Servs.*, No. 21-32351. The Chapter 11 Plan also provides that the TRE "shall be fully bound by all provisions of the Consent Decree" and "shall cooperate in the substitution of the [TRE] as a named defendant." Confirmation Order ¶ 31, *In re Limetree Bay Servs.*, No. 21-32351. In other words, the Sale Order and the Confirmation Order were premised on the Refinery Owners all being parties to the Consent Decree.

Following the sale, Refinery Owners did not seek to join the Consent Decree as required. OPT therefore submitted a Notice of Force Majeure Event, pursuant to paragraphs 181 and 182 of the Consent Decree. ECF No. 76-1, Ex. B. The Notice detailed why the sale has resulted in circumstances where OPT is unable to fulfill the Consent Decree obligations, as modified, as they

relate to equipment now owned by the Refinery Owners. This included the FGRS installation requirements. ECF No. 42 at 15. Since the sale, OPT has continued to comply with the Consent Decree requirements to the extent it is able, which largely consist of reporting requirements related to assets still owned and controlled by OPT. OPT has also had repeated discussions with the United States about OPT's inability to comply with certain terms in the Consent Decree and its desire to seek further consensual modifications of the Consent Decree to reflect the ownership reality on the ground.

### Substitution of the Refinery Owners as Defendants

On September 21, 2023 Magistrate Judge Henderson correctly substituted Refinery Owners as Defendants in the place of LBR in this case. ECF No. 81. Refinery Owners objected, and both the United States and OPT responded to those objections, urging the Court to adopt Magistrate Judge Henderson's recommendation. *See* Fed. R. Civ. P. 72; ECF Nos. 76, 91, 92; ECF No. 90. Refinery Owners' objections remain pending before the Court.

As noted in the United States' Reply to Port Hamilton's Opposition to Motion to Substitute, ECF No. 76 at 3, and OPT's Response, ECF No. 90, OPT is unable to comply with the terms of the Consent Decree as they relate to equipment now owned by the Refinery Owners and which OPT does not have necessary approvals to operate. This issue cannot be resolved, as Port Hamilton claims, by the Court simply ensuring "that Port Hamilton facilitates any party defendant that requires Port Hamilton's cooperation to comply with the consent decree." ECF No. 86 at 16. This is because the Consent Decree requirements go well beyond OPT needing "access to that equipment in order to comply" with the Consent Decree, as Port Hamilton suggests. *Id.* at 15. As detailed in OPT's Notice of Force Majeure Event, ECF No. 76-1, Ex. B, and laid out in the Consent Decree as modified, the Consent Decree includes extensive substantive and reporting obligations the vast majority of which relate to equipment owned and operated by the Refinery Owners. *See*

*Page 6*

ECF No. 3. These substantive requirements include the requirement to install a FGRS on the FCCU Flare and many other requirements that apply solely to assets owned by Refinery Owners, such as sulfur reductions in fuel gas, FCCU emissions controls and sulfur recovery plants, and which are of no relevance to OPT's terminal business and assets. *See* ECF No. 6, ¶¶ 49, 50, and Appendix D (Consent Decree); ECF No. 42, ¶ 50B.a.i. (First Modification). Indeed the vast majority of applicable requirements relate to assets now owned and controlled by the Refinery Owners.

These obligations in the Consent Decree are intended to run with those assets, which is why all of the subsequent owners of those assets have undertaken those obligations when they assumed ownership and operation of the assets. Just like the owners before them, the Refinery Owners consented (and were ordered by the Texas Bankruptcy Court) to undertake the applicable Consent Decree requirements (*i.e.*, those applying to the "property or units purchased or to be operated by Purchaser") when they purchased the Refinery, as the Sale Order and the Confirmation Order make clear. *See* ECF No. 68-1 at 22 ¶ 11; Confirmation Order, *In re Limetree Bay Servs.*, No. 21-32351 ¶ 31. Put simply, the Refinery Owners purchased the Refinery knowing full well that they would be subject to the Consent Decree, as modified, and most specifically to the terms of the Consent Decree (*i.e.*, most of them) that directly apply to the Refinery assets. *See* ECF No. 81 at 3-5; ECF No. 77-1 at 7 ¶ 1.1; ECF No. 68-1 at 6.

### Responsibility for Installation of the FGRS

On March 29, 2024, Defendant Port Hamilton filed a Motion to Clarify the Consent Decree, arguing that it is under no obligation to install the FGRS. ECF No. 96, ECF No. 97. This motion is now fully briefed and has not yet been resolved by the Court. OPT does not believe that the Court needs to clarify the terms of the Consent Decree and instead the parties should work together on further mutually agreed modifications to the Consent Decree that reflect the current ownership,

control, and operation of the assets subject to the Consent Decree. To the extent the Court does issue an order clarifying the Consent Decree, OPT respectfully requests that any such ruling reflect the fact that the FGRS obligation belongs to the Refinery Owners, and the Refinery Owners alone. Although OPT owns an undivided interest in certain shared services systems not at issue here, it does not own or operate the FCCU Flare and has no interest or ability to operate the Refinery or the FCCU Flare.

Respectfully submitted,

**DATED:** May 2, 2024

/s/ Douglas L. Capdeville
**Douglas L. Capdeville**
Law Offices of Douglas L. Capdeville
2107 Company Street, #4
P.O. Box 22491
Christiansted, VI 00822
340-773-7275
Fax: 340-773-7996
Email: videfense@capdevillelaw.com
videfense@capdevillelaw.com

**Corinne Snow**
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
202-639-6622
Fax: 212-237-0100
Email: csnow@velaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd of May 2024, the foregoing Notice to Inform the Court About the Status of the Case was filed with the Clerk of the Court via the Court's ECF/CMF system that will send electronic notice to:

Myles E. Flint, Esq.
U.S. Department of Justice
Environmental Enforcement Section
601 D Street, NW
Washington, DC 20044
myles.flint@usdoj.gov

John Fehrenbach, Esq.
Federal Representations PLLC
2809 Valley Drive
Alexandria, VA 22302
jfehrenbach@winston.com

Pamela R. Tepper, Esq.
Solicitor General
Ian S.A. Clement, Esq.
Assistant Attorney General
Virgin Islands Department of Justice
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 08002
pamela.tepper@doj.vi.gov

Ryan C. Stuzman
CSA Associates, PC
1138 King Street
Suite 100
Christiansted, VI 00820
340-474-5544
Email: rstutzman@saastx.vi

Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340-719-3900
asimpson@coralbrief.com

Jonathan D. Brightbill
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
202-282-5100
JBrightbill@winston.com

David A. Bornn
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
Dbornn@Winston.com

Lorenzo Marinuzzi
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
212-468-8000
LMarinussi@mofo.com

Richard H. Dollison
Law Offices of Richard H. Dollison, P.C.
5143 Palm Passage, Ste B28, 29
St. Thomas, VI 00804-6135
340-774-7044
rhd@rdollisonlaw.com

/s/ Douglas L. Capdeville