IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                              )<br>        and                                               )<br>                                                              )<br>THE UNITED STATES VIRGIN      )<br>ISLANDS,                                            )<br>                                                              )<br>                Plaintiffs,                           )<br>        v.                                                  )<br>                                                              )<br>HOVENSA L.L.C., WEST INDIES    )<br>PETROLEUM LIMITED, PORT        )<br>HAMILTON REFINING AND          )<br>TRANSPORTATION, LLLP,           )<br>TRANSITION REFINERY ENTITY LLC )<br>and LIMETREE BAY TERMINALS, LLC )<br>                                                              )<br>                Defendants.                       )<br>                                                              ) | Civil Action No. 1-11-cv-00006 (RAM/EAH) |

## UNITED STATES' NOTICE INFORMING THE COURT ABOUT THE STATUS OF THE CASE

### I.    SUMMARY

This case involves a Consent Decree resolving pre-2011 violations of the Clean Air Act (CAA) at a petroleum refinery located in St. Croix, U.S.V.I. (Refinery). *ECF 6*. The Consent Decree was modified by the First Modification of the Consent Decree and the Second Modification[1] of the Consent Decree. *ECF 42*.

West Indies Petroleum Limited (WIPL) and Port Hamilton Refining and Transportation (PHRT) purchased the Refinery as part of the Limetree Bay Refining, LLC (LBR) bankruptcy proceeding.[2] *In re Limetree Bay Services, Bankruptcy Court for the Southern District of Texas, Cas No. 21-32351*. The bankruptcy court Order approving the sale (Sale Order) to WIPL and PHRT states that WIPL and PHRT "must become a party" to the Consent Decree as modified by the First

---

[1] The Second Modification was a non-material modification to Paragraph 79.a. *ECF 22, p. 26*.
[2] As discussed below in § II.E, the Transition Refinery Entity (TRE) was required to be fully bound by all provisions of the Consent Decree and cooperate in the substitution of the TRE as a named defendant. The TRE has acquiesced in this requirement. *ECF 72*. For this reason, this Notice focuses on WIPL and PHRT.

1

Modification and the Second Modification. *Case No. 21-32351, ECF Doc. 977, pp. 21 – 22*.

The injunctive relief obligations in the Consent Decree included requiring the FCCU Low Pressure Flare (FCCU Flare) to be subject to the requirements of NSPS Subparts J and Ja, and comply with NSPS Subpart Ja by installing and operating a flare gas recovery system (FGRS) by June 7, 2018. *ECF 6, ¶¶ 49 and 50, and Appendix D*. This obligation was modified by the First Modification. *ECF Doc. 42, ¶ 50B*. LBR's operation of the Refinery between September 2020 and March 2021 triggered the requirement to install the FGRS. As a result, the deadline for installing and operating the FGRS was March 14, 2023. *Id.*

There are a number of pending filings before the Court. The first grouping of filings relate to the *United States' Motion, Pursuant to Fed. R. Civ. P. 25(c), for an Order Substituting West Indies Petroleum Limited, Port Hamilton Refining and Transportation, LLLP, and the Transition Refinery Entity, LLC for Defendant Limetree Bay Refining* (Motion to Substitute). *ECF 67*. On September 21, 2023, Magistrate Judge Henderson issued a 27-page Order granting the United States' motion to substitute. *ECF 81*. WIPL and PHRT each filed objections to the Magistrate Judge's Order on substitution. *ECF 86 and 88*. The United States' responses to WIPL's and PHRT's Objections are found at ECF 91 and 92. The Court should affirm the Magistrate Judge's ruling.

The second pending motion relates to PHRT's *Motion to Clarify the Consent Decree* (Motion to Clarify) in which PHRT seeks relief from the FGRS obligation. *ECF 96*. The Motion to Clarify is really a motion under Fed. R. Civ. P. 60(b). The United States' response is found at ECF 98. As explained in the United States' response, PHRT failed to demonstrate the extraordinary circumstances necessary for such relief. PHRT's motion should be denied.

## II.    BACKGROUND

The factual and procedural history behind the Consent Decree and WIPL's and PHRT's obligations under the Consent Decree, as Modified by the First Modification and Second Modification, is complex. The United States provides a brief summary below with citations to more detailed discussions contained in prior filings. Additionally, the United States will be prepared to respond to questions the Court may have during the May 9th conference.

A.   2011 Consent Decree

On June 7, 2011, the Court entered a Consent Decree resolving claims by the United States and the Virgin Islands against HOVENSA for alleged violations of Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and territorial law at the HOVENSA refinery located in St. Croix, United States Virgin Islands. *ECF Doc. 6*. Paragraph 7 of the Consent Decree requires HOVENSA to condition any transfer of ownership or operation of the refinery "upon the execution by the transferee of a modification to this Consent Decree, which makes the terms and conditions of this Consent Decree applicable to the transferee." *Id.* The Consent Decree requires HOVENSA to install FGRS on the FCCU Flare by June 7, 2018. *ECF 6, ¶¶ 49, 50 and Appendix D*. The Consent Decree provided that obligations occurring after the Date of Lodging but prior to the Date of Entry "shall be legally enforceable only on or after the Date of Entry." *ECF 6, ¶ 221*.

B.   HOVENSA Bankruptcy

On September 15, 2015, HOVENSA filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the District Court of the Virgin Islands Bankruptcy Division St. Croix, Virgin Islands. <u>In re HOVENSA L.L.C.</u> *Case No. 1:15-bk-10003-MFW*. At the time of the filing, HOVENSA had not completed the injunctive relief required by the Consent Decree, including the requirement to install FGRS on the FCCU Flare.

On December 1, 2015, the Bankruptcy Court entered an order approving the sale of certain refining and terminal assets to Limetree Bay Terminals, LLC ("Limetree Bay Terminals"). The sale of the refinery and terminal assets to Limetree Bay Terminals closed on January 4, 2016. Under the terms of the bankruptcy, Limetree Bay Terminals was required, *inter alia*, to execute a modification of the Consent Decree and assume the terms, conditions, obligations, and liabilities of HOVENSA. *Case No. 15-bk10003-MFW, ECF 528-1, p. 59*. In 2018, two years after the sale to closed, Limetree Bay Terminals transferred certain refinery assets to LBR.

C.   First Modification of Consent Decree

The First Modification was lodged with the Court on August 25, 2020. *ECF 12*. On December 30, 2021, the Court entered the First Modification. *ECF 42*. The First Modification, *inter*

3

*alia*, adds Limetree Bay Terminals and LBR as parties to the Consent Decree, and made changes to some of the injunctive relief obligations required by the Consent Decree. Paragraphs 1 and 5.a of the First Modification, combined with Paragraph 7 of the Consent Decree, required Limetree Bay Terminals and LBR to condition any transfer of the Refinery on the execution by the transferee of a modification of the Consent Decree, "which makes the terms and conditions of this Consent Decree applicable to the transferee." *ECF Doc. 42, ¶¶ 1 and 5.a, ECF Doc. 6, ¶ 7*.

Paragraph 50B of the First Modification gave LBR the opportunity to demonstrate that it could operate the Refinery without the need to install the FGRS so long as it did not exceed the gas flow rate threshold specified in Paragraph 50B.a.i during the first year of operation following restart. *ECF 42, ¶ 50B.*[3] However, if the demonstration failed, then LBR had two years to install and operate the FGRS. *ECF 42, ¶ 50B.a.i.*

As with the 2011 Consent Decree, Paragraph 221 of the First Modification made clear that obligations occurring after the Date of Lodging but prior to the Date of Entry "shall be legally enforceable only on or after the Date of Entry of the First Modification." *ECF 42, ¶ 221*.

D.    LBR's Failed Demonstration

On September 15, 2020, approximately two weeks after the First Modification was lodged with the Court, LBR restarted the FCCU Low Pressure Flare. Between September 15, 2020 and March 14, 2021, LBR exceeded the gas flow rate threshold at the FCCU Low Pressure Flare. Therefore, pursuant to Paragraph 50B.a.i of the First Modification, LBR had until March 14, 2023 to install the FGRS. LBR submitted a letter on April 13, 2021 notifying EPA that it had triggered the requirement to install the FGRS.[4]

BR started Flare 8 and triggered the FGRS requirement after the First Modification was lodged with the Court, and pursuant to Paragraph 221 of the First Modification, the obligation to install the FGRS became enforceable upon entry of the First Modification on December 30, 2021.[5]

---

[3] For a more detailed discussion of Paragraph 50B of the First Modification, see ECF 98 at pp. 6 – 7.
[4] For a more detailed discussion of LBR's operations which triggered the obligation to install the FGRS on the FCCU Flare, see ECF 98 at pp. 9 – 10.
[5] For a more detailed discussion of Post-Lodging, Pre-Entry Obligations under the Consent Decree and the First Modification, see ECF 98 at pp. 3, and 7 – 8.

4

  E.  LBR Bankruptcy and Sale

LBR's operations between December 2020 and May 2021 resulted in at least six significant air emissions events, which resulted in EPA issuing an administrative order under Section 303 of the CAA, 42 U.S.C. § 7603, (303 Order) requiring the Refinery to, *inter alia*, temporarily cease operations.[6] On July 12, 2021, LBR filed for bankruptcy under chapter 11 of title 11 of the United States Code.

As part of the LBR bankruptcy proceeding, an auction was held for the sale of the LBR's assets. After granting an emergency motion to reopen the auction specifically to allow WIPL to bid, WIPL and PHRT were declared the winning bidders. *Case No. 21-32351, ECF 948*. Pursuant to the Sale Order issued by the bankruptcy court, WIPL and PHRT are required to become party to the Consent Decree as modified by the First Modification. *Case No. 21-32351, ECF 977, ¶ 11*.[7] The sale of LBR's assets closed on January 21, 2022. *Case No. 21-32351, ECF 1112*. The sale closed three weeks after the Court entered the First Modification. *ECF 42*.

As part of the confirmation plan approved by the bankruptcy court (Plan Order), the Purchase (defined as WIPL and PHRT) had the option of reorganizing LBR as the Transition Refinery Entity. *Case No. 21-32351, ECF 1454, p. 46*. The Purchaser elected to exercise this option. Paragraph 31 of the Plan Order required that the TRE be fully bound by all provisions of the Consent Decree and cooperate in the substitution of the TRE as a named defendant. *Id*.

  F.  Proposed Stipulation and Third Modification

In May 2023, the United States and the U.S. Virgin Islands sent a proposed Stipulation and a proposed Third Modification to the Consent Decree to WIPL, PHRT, and the TRE. The intent of the Stipulation was to have WIPL, PHRT, and the TRE become parties to the case. The intent of the Third Modification was to have WIPL, PHRT, and the TRE become parties to the Consent

---

[6] On July 12, 2021, the United States filed a complaint against Limetree Bay Terminals and LBR seeking injunctive relief that includes, *inter alia*, requiring the defendants to comply with the 303 Order and take any steps necessary to cease the imminent and substantial endangerment to the public health or welfare or the environment presented by the Refinery. (303 Matter) (United States District Court of the Virgin Islands – Division of St. Croix, Case No. 1:21-cv-00264 (WAL/EAH)).

[7] For a more detailed discussion about WIPL's and PHRT's obligation to become a party to the Consent Decree as modified by the First and Second Modification see ECF 68 at pp. 3 – 7 and ECF 98 at pp. 10 – 13.

Decree, as required by the Sale Order and the Confirmation Order. PHRT's response was to file a motion for an informal status conference. *ECF 54*. In responding to that motion, the United States explained that due to the lack of engagement by WIPL and the TRE, it intended to file the Motion to Substitute. *ECF 59*.

### III. MOTION PRACTICE

A. Motion to Substitute

On July 28, 2023, the United States filed the Motion to Substitute. *ECF 67*. After the motion was fully briefed (for United States' filings see ECF 67, 68, 76, and 78), Magistrate Judge Henderson issued an Order on September 21, 2023 granting the motion to substitute. *ECF 81*. WIPL and PHRT filed objections to the Magistrate Judge's Order. *ECF 86 and 88*. The objections have been fully briefed and remain pending before the Court. *ECF 76*. The United States' responses to the objections are found at ECF 91 and 92.

G. Motion to Clarify

On March 9, 2024, Port Hamilton filed the Motion to Clarify. *ECF 96*. The motion has been fully briefed and remains pending before the Court. The United States' response to the motion is found at ECF 98.

### IV. CONCLUSION

For the reasons set forth in the Magistrate Judge's 27-page ruling, and the United States' Responses to WIPL's and PHRT's Objections (ECF 91 and 92) the Court should affirm the Magistrate Judge's ruling substituting WIPL, PHRT, and the TRE for defendant LBR. Additionally, as explained in the United States' Response to PHRT's Motion to Clarify (ECF 98), PHRT has failed to demonstrate the existence of extraordinary circumstances necessary for relief under Fed. R. Civ. P. 60(b)(6). For that reason, the Court should deny PHRT's Motion to Clarify and issue an order directing PHRT to comply with the First Modification by installing the FGRS prior to restart of the Refinery.

                                      Respectfully Submitted,

                                      *ON BEHALF OF THE UNITED STATES:*

Dated: May 26, 2020                /s/ Myles E. Flint, II
                                      MYLES E. FLINT, II
                                      Senior Counsel
                                      Environmental Enforcement Section
                                      Environment and Natural Resources Division
                                      United States Department of Justice
                                      P.O. Box 7611
                                      Ben Franklin Station
                                      Washington, DC 20044-7611

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on May 2, 2024, he filed the *UNITED STATES' NOTICE OF CASE STATUS* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances.

                                                    /s/ Myles E. Flint, II
                                                    SIGNATURE